Margolin & Lawrence, Attorneys at Law
Allison Margolin (SBN 222370)
Raza Lawrence (SBN 233771)
8484 Wilshire Blvd., Suite 440
Beverly Hills, CA 90211
Telephone: (323) 653-9700
Facsimile: (310) 919-0448

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, and Antonio Lee,<br><br>    Plaintiffs,<br>v.<br><br>County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100,<br><br>    Defendants. | Case No.: 2:21-cv-00999-KJM-DMC<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION** |

i

SUPP. MEMO ISO PLAINTIFFS' EX PARTE APP. FOR TRO AND PRELIM. INJUNCTION
DILEVON LO *et al.* v. COUNTY OF SISKIYOU *et al.*

**A.    Introduction**

Plaintiffs Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, and Antonio Lee hereby submit this supplemental brief in support of their previously-filed application for a temporary restraining order and motion for a preliminary injunction.  On June 15, 2021, the Court issued an order denying the previous application for a temporary restraining order, for reasons set forth in the order, and setting a further briefing schedule and hearing on Plaintiffs' motion for a preliminary injunction.  Nine days after the Court's June 15 order, on June 24, 2021, the Lava Fire was ignited by lightning, and began spreading.  As of June 29, 2021, the fire had reached a size of 13,300 acres, and had prompted the mandatory evacuation of many communities, including the Shasta Vista Hmong community at the center of this case.

In its June 15 order, the Court provided guidance on where the Plaintiffs' evidence fell short of meeting the legal standard for a temporary restraining order and preliminary injunction.  Specifically, the Court found that the Plaintiffs had not adequately shown that "they themselves are likely to suffer irreparable harm absent an injunction," although the Plaintiffs had shown through declarations "that the County's ordinances and resolution will deprive people in the Hmong community of the water they need for many basic needs."  Order at 9:22-26.  The court explained that because these "declarants are not parties … this court cannot grant injunctive relief to prevent irreparable harm to third parties."  Order at 9:26-28.  The Court also found that the Plaintiffs have not carried their burden to show that a temporary restraining order would be in the public interest.  Order at 10:18-11:10).

Plaintiffs are submitting additional declarations with this brief or as soon as reasonably possible, given the current emergency and mandatory evacuation orders, following submission of this brief, providing additional details about the irreparable harm that they, and proposed new plaintiffs, will face if injunctive relief is not granted, and why injunctive relief is in the public interest.  Plaintiffs respectfully submit that, via the additional declarations to be filed, and the amended complaint Plaintiffs intend to file, Plaintiffs will have corrected the defects raised by the Court in its June 15, 2021 order, and that the Court should thus grant this renewed

1

SUPP. MEMO ISO PLAINTIFFS' EX PARTE APP. FOR TRO AND PRELIM. INJUNCTION
DILEVON LO *et al.* v. COUNTY OF SISKIYOU *et al.*

application for a temporary restraining order and/or the pending motion for a preliminary injunction.

Plaintiffs' counsel submits that a temporary restraining order would be appropriate here, even if it would not have been appropriate as of June 15, 2021, due to the emergency fire situation that has developed, and the Hmong community's urgent needs to help fight fires in their community and access water for their basic needs during an emergency.

Given the severe impact of the recent fire, and the mandatory evacuation of the Plaintiffs and witnesses, many of whom are currently seeking to find shelter, food, and water, Plaintiffs' counsel have been impeded in their efforts to collect additional information relevant to this motion. Due to the ongoing evacuations, fires, and road closures, and the general confusion surrounding them, the Plaintiffs have been hampered in their investigation, including locating and interviewing people with personal knowledge of the relevant matters, and obtaining their signatures. Plaintiffs' counsel may submit additional information relevant to this motion as they continue to gather the facts and the ongoing emergency continues to develop.

**B.  Recent events confirm that Siskiyou County's challenged water laws are causing irreparable harm and that injunctive relief would be in the public interest.**

Recently, a large fire known as the Lava Fire enveloped the Mount Shasta Vista Hmong community at the center of this case, and surrounding areas, prompting a wide-scale evacuation and blockages of roads going into the community. See, e.g., What we know Tuesday about the Lava Fire, Beswick Fire burning in Siskiyou County, Redding Record Searchlight, June 29, 2021, attached to 6/29/21 Lawrence Declaration as Exhibit A and available at https://www.redding.com/story/news/local/2021/06/29/lava-fire-updates-fire-grows-more-than-13-000-acres/7795394002/. The Lava Fire was ignited by lightning during mountain thunderstorms on June 24, and as of 10:00 a.m. on June 29, 2021, the fire was burning 13,300 acres between the town of Weed and Mt. Shasta, and had prompted mandatory evacuations of numerous communities, including the Mount Shasta Vista Subdivision, and the closures of roads. *See id.* Reports on June 30, 2021, indicated that the Lava Fire has grown to more than 17,000 acres, forcing thousands from their homes, and is only 19% contained.

2

SUPP. MEMO ISO PLAINTIFFS' EX PARTE APP. FOR TRO AND PRELIM. INJUNCTION
DILEVON LO *et al.* v. COUNTY OF SISKIYOU *et al.*

Plaintiffs' inability to transport water via trucks into the Shasta Vista community has caused substantial, and unnecessary, property damage. As set forth in the supplemental declaration and photographs of investigator Edward Szendrey, filed with this brief, Hmong residents in the Shasta Vista community have been trying to coordinate their firefighting, putting out small fires with buckets of water, and throwing dirt on burning trees, but have been hampered in their efforts by their inability to transport water into the community via trucks. The fires are ongoing, and Plaintiffs and other members of their community are in desperate need of access to water in order to prevent additional, unnecessary, property damage. Law enforcement officers have blocked water truck drivers from entering the Shasta Vista Subdivision who were attempting to help eradicate the fire and prevent property damage in the subdivision. This is consistent with Plaintiffs' earlier declarations indicating that the Hmong people are being denied access to water for firefighting purposes. Plaintiffs' counsel are seeking to gather additional evidence regarding whether and to what extent the water restrictions at issue here affected the response to the Lava Fire, and access to water needed for emergency firefighting purposes. These recent events are likely to be relevant to the pending motion for a preliminary injunction.

Amidst the chaos of the Lava Fire, Plaintiffs' counsel learned on the evening of June 28, 2021, that a member of the Hmong community was shot and killed by Deputies with the Siskiyou County Sheriff's Office outside of the Shasta Vista Subdivision. *See, e.g.,* "Deputies shoot and kill man as Lava fire encroaches on cannabis country in Siskiyou County," Los Angeles Times, June 29, 2021, attached to 6/29/21 Lawrence Decl. as Exhibit B and available at https://www.latimes.com/california/story/2021-06-29/police-shoot-kill-man-lava-fire-hits-cannabis-country. As noted in the LA Times article, the "shooting occurred against a backdrop of tension between the Sheriff's Office and the [Hmong] growers, including claims of racial persecution and corruption that have been linked to the sheriff's enforcement efforts." *Id.* Plaintiffs' counsel are currently investigating the circumstances of the shooting and whether the shooting had any relation to attempts to bring water into the Hmong community, or attempts by Sheriff Deputies to block access to water. As set forth in Plaintiffs' previous

3

SUPP. MEMO ISO PLAINTIFFS' EX PARTE APP. FOR TRO AND PRELIM. INJUNCTION
DILEVON LO *et al.* v. COUNTY OF SISKIYOU *et al.*

declarations, relations between the Hmong community and Siskiyou Sheriffs have become very tense due to enforcement of the ordinances and resolution at issue here. Those tensions appear to have dramatically escalated, possibly resulting in an unnecessary death.

A temporary restraining order or preliminary injunction would be highly likely to ease these tensions between community members and Sheriffs, which would be in the public interest. A temporary restraining order would also be in the public interest due to the current inability of Hmong community members to acquire the water necessary for daily living, and for fighting ongoing fires, through other means.

**C.     Plaintiffs' additional declarations to be submitted as soon as possible demonstrate that they, and proposed additional new plaintiffs, will suffer irreparable harm absent injunctive relief, and that an injunction is in the public interest.**

In its June 15, 2021 order, the Court concluded that the six original plaintiffs had not carried their burden of showing that "they themselves are likely to suffer irreparable harm absent an injunction" -- which is the second of four factors the Court is supposed to consider when deciding whether to issue a preliminary injunction under the case of *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court noted that the Plaintiffs failed to demonstrate that they "own livestock or grow crops," that they had "concerns about difficulties finding water to meet [their] basic needs over the next few weeks," that they were "deprived of water or has a pressing need to transport more water than 100 gallons in a single trip," and that they "could not temporarily satisfy [their] needs while complying with the County's 100-gallon limit." Order at 9:5-18. The Court further observed that the Plaintiffs have not "explained more broadly why they and their community cannot satisfy their water needs in the short term by transporting 100 gallons or less." Order at 9:19-20.

In its June 15, 2021 order, citing the declarations of Koua Lee, Khue Cha, Nhia Thai Vang, and May Yang Lee submitted by Plaintiffs' counsel, the Court acknowledged that "these declarations do support the plaintiff's Argument that the County's ordinances and resolution will deprive people in the Hmong community of the water they need for many basic needs." Order at

4

9:22-26. The court noted, however, that because these "declarants are not parties … this court cannot grant injunctive relief to prevent irreparable harm to third parties." Order at 9:26-28.

Plaintiffs intend to file an amended complaint that adds additional plaintiffs, and declarations from those new plaintiffs (and potentially supplemental declarations from existing plaintiffs), explaining how they, themselves, have been deprived of the water they need for many basic needs, due to the enforcement of Siskiyou County's water laws. Declarations from existing and proposed new Plaintiffs are being filed as soon as reasonably possible after filing this brief, given the mandatory evacuation and difficulty in locating and communicating with people during the course of the fire emergency.

If feasible in light of the mandatory evacuation and ongoing emergency, Plaintiffs will file any amended complaint by July 2, 2021, *i.e.,* within 21 days after service of the original complaint. Pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, plaintiffs are allowed to amend their complaint "once as a matter of course within … 21 days after serving it." If Plaintiffs file their amended complaint after July 2, 2021, they will seek the Defendants' written consent or the Court's leave in order to file the amended complaint. *See* FRCP 15(a)(2).

With this amendment, Plaintiffs expect to have resolved the issue, raised by the Court in its June 15 order, that the people who demonstrated that the County's water laws deprived them of the water they need for many basic needs were not parties in the case.

**D.      Obtaining permits for every water delivery would be impractical.**

Mr. Szendrey's supplemental declaration filed with this brief also provides additional information about the impracticality of obtaining the water necessary for fighting fires -- and for day-to-day living -- by following Siskiyou County's permitting process. As Mr. Szendrey explains, each water truck permit, issued by the Department of Public Works, is limited to providing water to one specific destination, for a stated purpose, on the restricted roads. In addition, the people providing water to the water truck owner/operators are required to have a separate permit for groundwater extraction for use off-site from another county department -- the Community Development Department. That application requires a property owner to designate

5

SUPP. MEMO ISO PLAINTIFFS' EX PARTE APP. FOR TRO AND PRELIM. INJUNCTION
DILEVON LO *et al.* v. COUNTY OF SISKIYOU *et al.*

the parcel from which water is extracted and the parcel to which water is to be delivered and the owner of that parcel, and the person receiving the water must be a property owner. The vehicle delivering the water must also be identified in the application, and the application does not provide for water to be delivered by any other vehicle. The purpose of the use of the groundwater is required to be specified. Thus, each water truck owner/operator is required to have a separate agreement with a permitted property owner specifying which parcel and parcel owner the water is to be distributed to, and each permitted property owner is also required to have a separate permit for each water truck owner/operator he or she provides groundwater.

In light of all these requirements, it would not be practical for several thousand people within the Mount Shasta subdivision and the property owners supplying them water to obtain all the permits required to provide water sufficient to meet the daily needs of the residents and their animals and vegetable crops.

Transporting the water in loads of under 100 gallons each would also be highly impractical. It is impossible for Sheriffs making traffic stops to determine before the detention whether or not any given vehicle is carrying more than or less than 100 gallons. Thus, people driving water trucks carrying under 100 gallons each are highly likely to be continuously detained and inspected by the Siskiyou Sheriffs. In addition, transporting water in such small quantities would require thousands of trips per day into the subdivision (using the water usage estimates from the studies cited in Plaintiffs' initial filing in this case), on narrow dirt roads, which is simply not feasible. As discussed in the declarations filed concurrently with or shortly following this brief, many Hmong residents rely upon the water trucks to deliver their water. Many people do not have their own portable water tanks and vehicles to transport those tanks. And, as Mr. Szendrey explains in his supplemental affidavit filed with this brief, he has spoken with residents of the Mount Shasta Vista subdivision who fear that providing owner and parcel information would open them up to warrantless inspections by the County. This would cause them to give up their Constitutional right to privacy in their homes just to have access to water for their daily living needs, essentially forcing them into waiving their Fourth Amendment rights.

6

SUPP. MEMO ISO PLAINTIFFS' EX PARTE APP. FOR TRO AND PRELIM. INJUNCTION
DILEVON LO *et al.* v. COUNTY OF SISKIYOU *et al.*

The impracticality of following the permit process, or transporting only fewer than 100 gallons of water at a time, are exacerbated by the current fire emergency, and the likely additional future fires that will occur as California enters into its fire season. As set forth in Plaintiffs' declarations, following passage of the water truck laws, the Hmong people of Siskiyou County have had great difficulty transporting water into their communities even for emergency purposes.

**E.     Conclusion**

For the foregoing reasons, Plaintiffs' counsel respectfully request that the Court re-consider granting a temporary restraining order, and grant Plaintiffs' request for a preliminary injunction.  As noted, Plaintiffs' attempts to gather the evidence identified as lacking in the Court's recent order were unexpectedly interrupted due to Lava Fire that was sparked on June 24, resulting in mandatory evacuations of the community at the center of this case.  Plaintiffs intend to file an amended complaint and additional declarations responsive to the Court's June 15 order as soon as possible within the next week.

Plaintiffs will also submit any additional relevant information if it becomes available regarding the recent shooting and killing of a member of the Hmong community by Siskiyou Sheriff Deputies outside the Shasta Vista subdivision, and attempts by Siskiyou Sheriffs to block emergency firefighting efforts by the Hmong community.

Plaintiffs also reserve the right to present additional information, after the current fire emergency and mandatory evacuation have concluded, demonstrating the impracticality of accessing necessary water via the permit system or alternative means, that Hmong community members are facing a water shortage during fire season and the hottest months of the year due to laws that target them and are motivated by racial discrimination, that the water laws being challenged are not motivated by or targeted toward concerns about the drought, and that the water laws do not target all the areas of the County with large concentrations of unlawful cannabis cultivation.

/ / /

7

SUPP. MEMO ISO PLAINTIFFS' EX PARTE APP. FOR TRO AND PRELIM. INJUNCTION
DILEVON LO *et al.* v. COUNTY OF SISKIYOU *et al.*

| | |
|---|---|
| DATED: June 30, 2021 | /s/Allison B. Margolin |
| | Allison B. Margolin (SBN 222370) |
| | J. Raza Lawrence (SBN 233771) |
| | Margolin & Lawrence, Attorneys at Law |
| | 8484 Wilshire Blvd., Ste. 440 |
| | Beverly Hills, CA 90211 |
| | Telephone: (323) 653-9700 |
| | Facsimile: (310) 919-0448 |
| | Attorneys for Plaintiff |

SUPP. MEMO ISO PLAINTIFFS' EX PARTE APP. FOR TRO AND PRELIM. INJUNCTION
DILEVON LO *et al.* v. COUNTY OF SISKIYOU *et al.*