**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI (SBN: 131192)
J. SCOTT DONALD (SBN: 158338)
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants County of
Siskiyou; Jeremiah LaRue and Jesus
Fernandez, in their official capacities
as members of the Siskiyou County
Sheriff's Department and in their individual
capacities; Brandon Criss, Ed Valenzuela,
Michael N. Kobseff, Nancy Ogren, and
Ray A. Haupt, in their official capacities
as members of the Siskiyou County Board
of Supervisors and in their individual
capacities; Edward Kiernan, in his official
capacity as County Counsel for Siskiyou
County and in his individual capacity;
and DOES 1-100

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha,<br><br><br>Plaintiffs,<br><br>vs.<br><br>County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100,<br><br>Defendants. | Case No. 2:21-cv-00999-KJM-DMC<br><br>**DECLARATION OF J. SCOTT DONALD IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint Filed:  June 4, 2021<br>First Amended Complaint Filed: July 15, 2021 |

1   I, J. Scott Donald, declare that I am an attorney at law licensed to practice in the State of

2   California, a partner with the law firm of Spinelli, Donald & Nott, and the attorney of record for

3   Defendants of the County of Siskiyou herein.  I have personal knowledge of the matters contained

4   herein and if called as a witness in this matter, I could competently testify to the truth of the

5   following matters:

6        1.     Attached to this declaration as Exhibit A is a true and correct copy of Siskiyou

7   County Ordinance No. 20-13.

8        2.     Attached to this declaration as Exhibit B is a true and correct copy of Siskiyou

9   County Ordinance No. 21-07.

10       3.     Attached to this declaration as Exhibit C is a true and correct copy of Siskiyou

11  County Ordinance No. 21-08.

12       I declare under penalty of perjury of the laws of the State of California that the foregoing is

13  true and correct. Executed this 13th day of August, 2021 at Sacramento, California.

14

15                            /s/  *J. Scott Donald*

16                            J. Scott Donald

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

<u>ORDINANCE NO.   20-13 _____</u>

**AN URGENCY ORDINANCE OF THE COUNTY OF SISKIYOU
FINDING THE EXTRACTION AND DISCHARGE OF GROUNDWATER
WITHIN THE COUNTY FOR USE IN CULTIVATING CANNABIS
IN VIOLATION OF THE COUNTY CODE
IS AN UNREASONABLE USE OF, AND WASTE OF,
THE COUNTY'S GROUNDWATER RESOURCES
AND PROHIBITING SAME.**

The Board of Supervisors of the County of Siskiyou does ordain as follows:

**SECTION 1.** <u>Findings and Declarations.</u>

The Board of Supervisors makes the following findings in support of the enactment of this urgency ordinance:

A.  Pursuant to Article XI, section 7, of the California Constitution, the County of Siskiyou ("County") may adopt and enforce ordinances and regulations not in conflict with general laws to protect and promote the public health, safety, and welfare of its citizens.

B.  Pursuant to Government Code section 25123, the County may enact an ordinance for the immediate preservation of the public peace, health, or safety, which contains a declaration setting forth the facts constituting the urgency and which shall be effective immediately.

C.  Pursuant to Government Code section 25131, an urgency ordinance may be passed immediately upon introduction.

D.  Under *Baldwin v County of Tehama*, (1994) 31 CalApp4th 166, state law does not prevent counties from adopting ordinances to manage groundwater under their police powers; thus counties, have authority over the regulation of the groundwater within their jurisdiction.

E.  In Siskiyou County, groundwater is an essential resource for domestic, municipal, agricultural, and industrial uses, and it is also a resource essential to the continued agricultural production and economic viability of the County.

F.  Groundwater is an essential resource for the environment, and for the plant and animal species that inhabit Siskiyou County and make it a desirable outdoor tourist destination.

G.  The protection of the public health, welfare, and safety of the residents of the County require that the County's groundwater resources be protected from extraction or "pumping" and discharge activities that constitute waste and unreasonable use of groundwater, and which could lead to adverse environmental and economic impacts on the County and its residents.

H.  California Constitution, Article X, section 2, as well as Water Code Section 100, requires that the water resources of the State of California be put to the greatest beneficial use of which they are capable and also prohibits the waste, unreasonable use, unreasonable method of

1

use, or unreasonable method of diversion of the water.

I.    The Board of Supervisors finds that the extraction and discharge of groundwater underlying Siskiyou County for use in cultivating cannabis in violation of the Siskiyou County Code and state law ("Illegal Cannabis Cultivation") is inconsistent with Article X, section 2, of the California Constitution and the California Water Code.

J.    Siskiyou County is currently classified as being in a state of drought, with some areas of the County being classified as being in "extreme drought".

K.    Siskiyou County contains four medium-priority groundwater basins (Tule Lake, Shasta, Scott and Butte Valley) that require the development and adoption of groundwater sustainability plans pursuant to California's Sustainable Groundwater Management Act. Groundwater sustainability agencies for these basins have been developing hydrogeologic and pumping evaluations to aid in meeting SGMA's goals. The Board of Supervisors desires to ensure that the County's laws and policies also aid in meeting SGMA's goals, including curbing the pumping and discharge activities within those basins that constitute a waste and unreasonable use of groundwater.

L.    Cannabis is a water-intensive crop, the cultivation of which has the potential to consume vast amounts of water from local sources.

M.    Despite the County Code prohibiting commercial cannabis activities (Siskiyou County Code, Title 10, Chapter 15), and despite the County Code limiting the personal cultivation of cannabis to the indoor cultivation of a maximum of 12 plants (Title 10, Chapter 14), thousands of Illegal Cannabis Cultivation sites have been established in Siskiyou County, with the growth of thousands of illicit cannabis plants. Per the Siskiyou County Sheriff's Office, the Sheriff's Department has already seized 41,855 illicit cannabis plants and 1,755 pounds of processed cannabis this year.

N.    Local law enforcement officers and code enforcement officers have observed large quantities of groundwater being extracted from local wells and then delivered in water trucks to Illegal Cannabis Cultivation sites, most of which are without legally established residences and used exclusively for Illegal Cannabis Cultivation.

O.    A Local State of Emergency declaration was passed by the Board of Supervisors on January 21, 2020, (Resolution No. 20-18) and is currently in effect, reciting that "an estimated 3,000,000 gallons of water is being expended daily by illicit cannabis producers, depleting precious groundwater and surface water resources and these losses jeopardize the lawful agricultural, recreational, private and environmental use of water for thousands of residents".

P.    Resolution 20-18 describes environmental impacts at these Illegal Cannabis Cultivation sites where encampments housing hundreds of people in unpermitted and illegally constructed dwellings without permitted sewage disposal systems or potable water results in solid waste being buried on-site or solid waste accumulating unmitigated and then being transported by the elements to neighboring properties. The pumping and discharge of groundwater for the use of Illegal Cannabis Cultivation, is not only an unreasonable and

2

wasteful use of groundwater, but this use has the compounded negative effect of resulting in the potential contamination of other waters within the County.

Q. The present summer months are a time of maximum groundwater pumping in Siskiyou County and the pumping and discharge of groundwater that results in the waste and unreasonable use of groundwater on Illegal Cannabis Cultivation is a threat to the public health, safety and welfare, and requires immediate action to curb such activity.

**SECTION 2.** Declaration of Urgency.

A. Based on the findings set forth above, the Board finds and declares that there is a current and immediate threat to the public health, safety and welfare arising from the absence of a prohibition on the extraction and discharge of groundwater underlying Siskiyou County for use in cultivating cannabis in violation of the Siskiyou County Code.

B. Based on the findings above, the Board of Supervisors determines that this ordinance is urgently needed for the immediate preservation of the public peace, health, safety, and welfare pursuant to the Government Code section 25121 and 25131.

**SECTION 3.**   Chapter 13 of Title 3 is hereby amended to add Article 7, which Article shall read as follows:

Article 7. – Waste and Unreasonable Use.

Sec. 3-13.701. – Wasting Groundwater.

The Board of Supervisors finds that the extraction and discharge of groundwater underlying Siskiyou County for use in the cultivation of cannabis in violation of Chapter 14 or Chapter 15 of Title 10 of the Siskiyou County Code is (1) inconsistent with Article X, section 2, of the California Constitution and Section 100 of the California Water Code, (2) constitutes the waste and/or unreasonable use of groundwater, and (3) is a public nuisance and a threat to the public health, safety and welfare.

Sec. 3-13-702 – Wasting Groundwater Prohibited.

(a) No person or entity shall engage in the act of wasting or unreasonably using groundwater by extracting and discharging groundwater underlying Siskiyou County for use in cultivating cannabis in violation of Chapter 14 or Chapter 15 of Title 10 of the Siskiyou County Code.

(b) No person or entity shall permit the existence of any public nuisances, as defined in this Article, to exist on property in his or her ownership or possession and control.

(c) No person shall knowingly use water extracted in violation of this section.

3

Sec. 3-13-703 – Enforceability.

    (a) Violations of this Article are unlawful and shall constitute a public nuisance and may be enforced and abated through any available remedy provided by the Siskiyou County Code, including Article 6 above, or any other law.

**SECTION 5**. Authority/Effective Date:

This is an urgency ordinance within the meaning of Section 25131 of the Government Code and an ordinance for the immediate preservation of the public peace, health and safety within the meaning of Section 25123(d) of the Government Code, which shall be passed immediately upon introduction, and shall take effect immediately upon a four-fifths vote.

**SECTION 6**. Publication.

This ordinance, within 15 days of adoption, shall be published once in a newspaper of general circulation, printed and published in the County of Siskiyou as required by law.

**SECTION 7**. Severability.

If any section, subsection, sentence, clause, phrase, or portion of this ordinance or the application thereof to any person or circumstance is held to be invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the remaining portions or other applications of the ordinance, and the provisions of this ordinance are declared to be severable.

**SECTION 8**. CEQA.

The Board of Supervisors hereby finds that this ordinance to prohibit the waste and unreasonable use of groundwater is not subject to review under the California Environmental Quality Act (CEQA) pursuant to CEQA Guidelines section 15061, subdivision (b)(3) (there is no possibility the activity in question may have a significant effect on the environment). In addition, the Board of Supervisors further finds that the ordinance is categorically exempt from review under CEQA under the Class 8 Categorical Exemption, 14 CCR § 15308, (regulatory activity to assure protection of the environment) and Class 7 Categorical Exemption, 14 CCR § 15307, (regulations and restrictions on activities to assure the maintenance, restoration, or enhancement of a natural resources).

    PASSED AND ADOPTED this 4th day of August, 2020, at a regular meeting of the Board of Supervisors by the following vote:

AYES:       Supervisors Criss, Haupt, Valenzuela, Nixon and Kobseff
NOES:      None
ABSENT:   None
ABSTAIN:  None

                                 _____Signature on file_____
                                 Michael N. Kobseff, Chairman,
                                 Board of Supervisors

ATTEST:
LAURA BYNUM, CLERK,
Board of Supervisors

By _____ Signature on File _____
              Deputy

5

EXHIBIT B

ORDINANCE NO. 21-07

**AN URGENCY ORDINANCE OF THE COUNTY OF SISKIYOU
ADDING ARTICLE 3.5 TO CHAPTER 13 OF TITLE 3 OF THE SISKIYOU
COUNTY CODE REGARDING THE ADMINISTRATIVE PERMIT
REQUIRED FOR USE OF GROUNDWATER OFF THE PARCEL FROM
WHICH IT WAS EXTRACTED AND CLARIFYING AND AMENDING
SECTION 3-13.601 OF SAID CHAPTER AND TITLE RELATED TO
FINES.**

The Board of Supervisors of the County of Siskiyou does ordain as follows:

**SECTION 1.** <u>Findings and Declarations.</u>

The Board of Supervisors makes the following findings in support of the enactment of this urgency ordinance:

A. In 2020, Siskiyou County (the "County") was classified as being in a state of drought, with some areas of the County being classified as being in "extreme drought".

B. On March 5, 2021, the United States Department of Agriculture notified Governor Newsom that it had designated Siskiyou County, among other California counties, as a primary natural disaster area due to the 2020 drought.

C. On March 22, 2021, the California Water Resources Control Board ("SWRCB") issued a warning letter to prepare for statewide impacts of drought, explaining that "[a]fter two years of low precipitation, the U.S. Drought Monitor now reports that 95 percent of California is experiencing Moderate to Exceptional Drought" and that "[r]eservoir and groundwater levels are significantly below average".  The SWRCB letter advised that "[c]ontinued dry conditions can threaten water supplies, impair critical habitat, reduce recreational opportunities, and create uncertainty for all water users."

D. As of April 21, 2021, the U.S. Drought Monitor published by the National Integrated Drought Information System classified 98.43 percent of Siskiyou County as experiencing moderate drought, 82.44 percent of Siskiyou County as experiencing severe drought, and 62.65% of Siskiyou County as experiencing extreme drought.

E. Pursuant to Article XI, section 7, of the California Constitution, the County may adopt and enforce ordinances and regulations not in conflict with general laws to protect and promote the public health, safety, and welfare of its citizens.

F. Pursuant to Government Code section 25123, the County may enact an ordinance for the immediate preservation of the public peace, health, or safety, which contains a declaration setting forth the facts constituting the urgency and which shall be effective

1



SISKIYOU COUNTY
ORDINANCE
No. 21-07

immediately.

G. Pursuant to Government Code section 25131, an urgency ordinance may be passed immediately upon introduction.

H. Siskiyou County has broad authority to regulate groundwater pursuant to its police powers. *See Baldwin v County of Tehama*, (1994) 31 Cal App 4th 166; *see In re Maas* (1933) 219 Cal. 422, 425.

I. In Siskiyou County, groundwater is an essential resource for domestic, municipal, agricultural, and industrial uses, and it is also a resource essential to the continued agricultural production and economic viability of the County.

J. Groundwater is an essential resource for the environment, and for the plant and animal species that inhabit Siskiyou County and make it a desirable outdoor tourist destination.

K. Siskiyou County contains four medium-priority groundwater basins (Tule Lake, Shasta, Scott and Butte Valley) that require the development and adoption of groundwater sustainability plans pursuant to California's Sustainable Groundwater Management Act ("SGMA"). Groundwater sustainability agencies for these basins have not yet developed approved groundwater sustainability plans under SGMA.

L. Rather than disturb local regulation of groundwater, the Legislature in enacting SGMA expressly "recognize[d] and preserve[d] the authority of cities and counties to manage groundwater pursuant to their police powers." Stats 2014, ch.346 Uncodified Findings §1(b)(5); *see also* Water Code section 10726.8(f) ("[n]othing in a groundwater sustainability plan shall be interpreted as superseding the land use authority of cities and counties."); *Environmental Law Foundation v. State Water Resources Control Board*, et. al (2018) 26 Cal.App.5th 844, 863.

M. The Board of Supervisors desires to ensure land uses in the unincorporated area of the County are in compliance with Siskiyou County's zoning code, that conditions of public nuisance are abated, and that the County's laws and policies aid in meeting SGMA's goals.

N. The County continues to receive complaints from constituents of land use violations and undesirable effects on groundwater resources and local wells associated with neighboring and adjacent landowners pumping large volumes of groundwater into water trucks for off-parcel use.

O. Local law enforcement officers and code enforcement officers have observed large quantities of groundwater being extracted from local wells and then delivered in water trucks off the parcel from which extraction occurred to illegal cannabis

2

cultivation sites, most of which are without legally established residences and used exclusively for illegal cannabis cultivation.

P.  A Local State of Emergency declaration was passed by the Board of Supervisors on January 21, 2020, (Resolution No. 20-18) and is currently in effect, reciting that "1,500 to 2,000+ illicit cannabis cultivation sites in private property areas have established encampments where hundreds of people are living in unpermitted and illegally constructed dwellings without permitted sewage disposal systems or potable water supplies" and that "an estimated 3,000,000 gallons of water is being expended daily by illicit cannabis producers, depleting precious groundwater and surface water resources and these losses jeopardize the lawful agricultural, recreational, private and environmental use of water for thousands of residents".

Q.  On August 11, 2020, the Sheriff clarified to the Board that more recent estimates of the water being expended daily on illicit cannabis production in Siskiyou County is much higher and is around 9.6 million gallons.

R.  The use of groundwater to supply activities and land uses off-parcel that are conducted in violation of County land use ordinances is wasteful and unreasonable, aids in creating property conditions declared by the County to constitute a public nuisance, and reduces the resources available to the reasonable, beneficial, and lawful uses of groundwater from every affected aquifer.

S.  The hot, dry, summer months are expected to be a time of maximum groundwater pumping in the County and the absence of regulations in the County Code that provide for regulation of extraction of groundwater for off-parcel use is a threat to the public health, safety and welfare, and requires immediate action to ensure the purpose and use of groundwater is incidental to a lawful activity and that extracted groundwater is for uses allowed by the underlying zoning designation of the parcel(s) receiving the extracted groundwater; or that have received Conditional Use Permit approval; or otherwise are allowed as legal non-conforming uses.

**SECTION 2**. Declaration of Urgency.

A.  Based on the findings set forth above, the Board finds and declares that there is a current and immediate threat to the public health, safety and welfare arising from the absence of regulations in the County Code regulating extraction of groundwater for off-parcel use.

B.  Based on the findings above, the Board of Supervisors determines that this ordinance is urgently needed for the immediate preservation of the public peace, health, safety, and welfare pursuant to the Government Code section 25121 and 25131.

3

SECTION 3. Chapter 13 of Title 3 is hereby amended to add Article 3.5 and to read as follows:

**Article 3.5 – Administrative Permit Process for groundwater extraction for use off-parcel from which it was extracted.**

**3.5-13.101. – Limitation on Application of this Article to Groundwater Extractions Subject to Section 3-13-301.**

The provisions of this article shall not apply to groundwater extractions that require a written permit pursuant to Section 3-13.301 of this Chapter.

Commercial groundwater extraction uses, whether subject to Section 3-13.301 or 3.5-13.102, shall also comply with the provisions of Chapter 6 of Title 10 of the Siskiyou County Code, which require commercial groundwater extraction uses be located in the appropriate zoning district and obtain all necessary permit approvals.

**3.5-13.102. – Administrative Permit required for extraction of groundwater for use off-parcel.**

It shall be unlawful to extract groundwater of any nature or description, or for a property owner to allow such extraction on his or her land, or for any person to cause, permit, aid, abet, suffer, or furnish equipment or labor for such extraction, for the purpose of using the water or selling the water for use on other than the parcel of land upon which the extraction occurs, or contiguous parcels of land under the same ownership as the parcel from which the extraction occurs, without first obtaining an administrative permit as provided in this chapter.

It shall be unlawful to use water extracted in violation of this section on other than the parcel of land upon which the extraction occurs, or contiguous parcels of land under the same ownership as the parcel from which the extraction occurs, or for a property owner to allow such use on their land, or for any person to cause, permit, aid, abet, suffer, or furnish equipment or labor for such use, without first obtaining an administrative permit as provided in this Article.

An administrative permit shall be required in all instances in which groundwater is extracted and transported off the parcel from which it was extracted, including occasions in which groundwater is extracted, transported off-parcel, and returns to the parcel from which it was extracted. This provision does not apply to the extraction of water for the purposes of supplying irrigation districts, emergency services, well replenishment for permitted wells, a "public water system," a "community water system," a "noncommunity water system," or "small community water system" as defined by the Health and Safety Code, serving residents of the County of Siskiyou.

4

For purposes of this Article, "parcel" shall mean a legal parcel. Where contiguous legal parcels are under common ownership or control, such contiguous legal parcels shall be counted as a single legal parcel for purposes of this Article.

### 3.5-13.103. – Application for administrative permit.

An application for a permit required by this Article shall be filed with the Siskiyou County Community Development Department, Environmental Health Division, on forms provided by said division and shall contain all information required by such division. Upon receipt of the permit application, the Environmental Health Division, shall review the application with affected county departments including, but not limited to, the Agricultural Commissioner and Planning Director. After obtaining the comments of the affected county departments, the Environmental Health Division, shall cause the application together with all received comments to be reviewed by the Community Development Director, or his or her designee. Upon receipt of an application, the Community Development Director, or his or her designee, may require an inspection of any or all parcels associated with the application prior to the issuance of an administrative permit.

### 3.5-13.104. – Granting of ministerial, administrative permit.

In order to grant the administrative, ministerial permit, the purpose and use of groundwater shall be incidental to a lawful activity. Extracted groundwater shall only be for uses and activities allowed by the underlying zoning designation of the parcel(s) receiving the extracted groundwater or uses that have received Conditional Use Permit approval or are legal non-conforming uses.

The Community Development Director, or his or her designee, may withhold the processing of and/or issuance of an administrative permit, where a Notice to Appear, Civil Action, Notice to Comply, Administrative Citation, and/or a Notice and Order to Abate has been issued and/or is pending administrative or judicial review on any of the associated parcels requesting an administrative permit, until the subject property or properties are found to be in complete compliance with any and all applicable County Code sections.

### 3.5-13.105. – Appeal of Decision

The decision of the Community Development Director, or his or her designee, is appealable to the Board of Supervisors. An appeal must be filed in writing with the Clerk of the Board within 10 days of the action taken by the Community Development Director, or his or her designee, and must set forth the reason(s) for appeal with specificity.

### 3.5-13.107. – Annual review of permit.

The permit granted pursuant to this Article shall be for one year. At the request of the applicant, the administrative permit may be reviewed by the Community Development Department for a renewal term of one-year subject to the same criteria set forth in section 3.5-13.104. Upon receipt of a request for renewal, the Community Development Director, or his or her designee, may require an inspection of any or all parcels associated with the request prior to the issuance of a renewed administrative permit. Said decision by the Environmental Health Division, may be appealed to the Board of Supervisors by the applicant or any other affected person.

### 3.5-13.108. – Enforceability.

Violations of this Article are unlawful and shall constitute a public nuisance and may be enforced and abated through any available remedy provided by the Siskiyou County Code, including Article 6 below, or any other federal, state, or local law.

**SECTION 6.** Section 3-13.601 of Chapter 13 of Title 3 of the Siskiyou County is clarified and amended to read as follows (additions appear in underline):

### Sec. 3-13.601. - Civil penalty.

The County may elect to proceed with a civil action against a violator, including injunctive relief, or through administrative enforcement. Any person or entity who violates this chapter shall be subject to fines of up to Five Thousand ($5,000) Dollars per separate violation. A person shall be deemed to have committed separate violations for each and every day or portion thereof during which any such violation is committed, continued, or permitted as well as for each and every separate groundwater well with which any such violation is committed, continued, or permitted. For purposes of the violation of Section 3.5-13.102, each instance in which groundwater is extracted and transported off the parcel from which it was extracted from without the required administrative permit is a separate violation.

**SECTION 7.** Authority/Effective Date:

This is an urgency ordinance within the meaning of Section 25131 of the Government Code and an ordinance for the immediate preservation of the public peace, health and safety within the meaning of Section 25123(d) of the Government Code, which shall be passed immediately upon introduction, and shall take effect immediately upon a 4/5 vote.

**SECTION 8.** Publication.

This ordinance, within 15 days of adoption, shall be published once in a newspaper of general circulation, printed and published in the County of Siskiyou as required by law.

**SECTION 9**. <u>Severability.</u>

If any section, subsection, sentence, clause, phrase, or portion of this ordinance or the application thereof to any person or circumstance is held to be invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the remaining portions or other applications of the ordinance, and the provisions of this ordinance are declared to be severable.

**SECTION 10**. <u>CEQA</u>.

The Board hereby finds that this Ordinance is exempt from the California Environmental Quality Act ("CEQA") pursuant to Section 15061(b)(3) because it can be seen with certainty that there is no possibility of a significant effect on the environment from the adoption of this Urgency Ordinance establishing an administrative permit process for groundwater extraction for use off-parcel, as the Ordinance does not itself prohibit or authorize groundwater extraction for any particular parcel or project. Where it can be seen with certainty that there is no possibility that the activity in question may have a significant effect on the environment, the activity is not subject to CEQA. In addition, the Board of Supervisors further finds that the ordinance is categorically exempt from review under CEQA under the Class 8 Categorical Exemption, 14 CCR § 15308, (regulatory activity to assure protection of the environment) and Class 7 Categorical Exemption, 14 CCR § 15307, (regulations and restrictions on activities to assure the maintenance, restoration, or enhancement of a natural resources).

    PASSED AND ADOPTED this 4th day of May, 2021, at a regular meeting of the Board of Supervisors by the following vote:

AYES:    Supervisors Criss, Valenzuela, Ogren and Haupt
NOES:    Supervisor Kobseff
ABSENT: None
ABSTAIN: None

_____
Ray A. Haupt Chairman,
Board of Supervisors

ATTEST:
LAURA BYNUM, CLERK,
Board of Supervisors

By _____
        Deputy

7

EXHIBIT C

ORDINANCE NO. 21-08

**AN URGENCY ORDINANCE OF THE COUNTY OF SISKIYOU
ADDING ARTICLE 15 TO CHAPTER 4 OF TITLE 3 OF THE SISKIYOU
COUNTY CODE RELATING TO WATER TRUCKS.**

The Board of Supervisors of the County of Siskiyou does ordain as follows:

**SECTION 1**. Findings and Declarations.

The Board of Supervisors makes the following findings in support of the enactment of this urgency ordinance:

A. In 2020, Siskiyou County was classified as being in a state of drought, with some areas of the County being classified as being in "extreme drought".

B. On March 5, 2021, the United States Department of Agriculture notified Governor Newsom that it had designated Siskiyou County, among other California counties, as a primary natural disaster area due to the 2020 drought.

C. On March 22, 2021, the California Water Resources Control Board ("SWRCB") issued a warning letter to prepare for statewide impacts of drought, explaining that "[a]fter two years of low precipitation, the U.S. Drought Monitor now reports that 95 percent of California is experiencing Moderate to Exceptional Drought" and that "[r]eservoir and groundwater levels are significantly below average".   The SWRCB letter advised that "[c]ontinued dry conditions can threaten water supplies, impair critical habitat, reduce recreational opportunities, and create uncertainty for all water users."

D. As of April 21, 2021, the U.S. Drought Monitor published by the National Integrated Drought Information System classified 98.43 percent of Siskiyou County as experiencing moderate drought, 82.44 percent of Siskiyou County as experiencing severe drought, and 62.65% of Siskiyou County as experiencing extreme drought.

E. The County continues to receive complaints from constituents of undesirable effects on groundwater resources and local wells associated with neighboring and adjacent landowners pumping large volumes of groundwater into water trucks for off-parcel use.

F. Local law enforcement officers and code enforcement officers have observed large quantities of groundwater being extracted from local wells and then delivered in water trucks off the parcel from which extraction occurred to illegal cannabis cultivation sites, most of which are without legally established residences and are used exclusively for illegal cannabis cultivation.

1

SISKIYOU COUNTY
ORDINANCE
No. 21-08

G.  A Local State of Emergency declaration was passed by the Board of Supervisors on January 21, 2020, (Resolution No. 20-18) and is currently in effect, reciting that "an estimated 3,000,000 gallons of water is being expended daily by illicit cannabis producers, depleting precious groundwater and surface water resources and these losses jeopardize the lawful agricultural, recreational, private and environmental use of water for thousands of residents".

H.  On August 11, 2020, the Sheriff clarified to the Board that more recent estimates of the water being expended daily on illicit cannabis production in Siskiyou County is much higher and is somewhere around 9.6 million gallons.

I.  The use of County highways by these large number of Water Trucks, which most often fill up in neighborhoods where such activity is illegal, has created dangerous driving conditions, health hazards from dust and diesel exhaust, noise pollution, traffic congestion, and generally conditions that detract from the quality of life and welfare of those who reside alongside and near these highways.

J.  The illegal cannabis industry that these Water Trucks enable has been devastating to the local community, with the introduction of widespread environmental hazards, the construction of thousands of unpermitted structures within which workers illegally reside, raw human waste being discharged directly onto or into the soil, potentially contaminating ground water, and the widespread escalation of criminal activity.

K.  The use of groundwater to supply activities and land uses off-parcel that are conducted in violation of applicable ordinances is wasteful and unreasonable, and threatens both immediate and permanent harm to the reasonable, beneficial, and lawful uses of groundwater from every affected aquifer.

L.  The dangerous and unhealthy conditions created by the explosive spread of illegal cannabis cultivation creates the risk of additional crime victims, illness, and death each day it is allowed to continue and proliferate, and the ability of the County to fight these forces deteriorates every day they are allowed to expand further, particularly as prime illegal cannabis growing season is upon us.

M.  Pursuant to Article XI, section 7, of the California Constitution, the County of Siskiyou ("County") may adopt and enforce ordinances and regulations not in conflict with general laws to protect and promote the public health, safety, and welfare of its citizens.

N.  Pursuant to Vehicle Code Section 21101(c), a county may regulate the types of vehicles it allows upon highways within its jurisdiction.

O.  Pursuant to Government Code section 25123, the County may enact an ordinance for

2

the immediate preservation of the public peace, health, or safety, which contains a declaration setting forth the facts constituting the urgency and which shall be effective immediately.

P. Pursuant to Government Code section 25131, an urgency ordinance may be passed immediately upon introduction.

**SECTION 2**. <u>Declaration of Urgency</u>.

A. Based on the findings set forth above, the Board finds and declares that there is a current and immediate threat to the public health, safety and welfare arising from the absence of regulations in the County Code regulating the use of County highways by Water Trucks, as defined herein.

B. Based on the findings above, the Board of Supervisors determines that this ordinance is urgently needed for the immediate preservation of the public peace, health, safety, and welfare pursuant to the Government Code section 25121 and 25131.

**SECTION 3**. Chapter 4 of Title 3 is hereby amended to add Article 15 and to read as follows:

**Article 15 – Restrictions on Water Trucks using certain specified County highways.**

**3-4.1501- Water Trucks prohibited on specified county roads.**

(a) As used in this Article, "Water Truck" means a vehicle designed or being used to carry water of not less than 100 gallons or any vehicle designed or carrying or towing tanks or bladders of 100 gallons of water or more or a "Water Tender Vehicle," as defined in California Vehicle Code section 676.5.

(b) Pursuant to the authority provided Siskiyou County under California Vehicle Code Section 21101(c), Water Trucks are prohibited from traveling over such streets (as defined in California Vehicle Code Section 590) and highways (as defined in California Vehicle Code Section 360) that the Board of Supervisors may specify by resolution.

**3-4.1502- Signs.**
The prohibitions set forth in this article shall not be enforceable unless signs have been placed alongside the street or highway so as to warn drivers of the prohibitions.

3

**3-4.1503 Penalties**
In addition to any other available penalty, including Section 1-2.01, any person or company, including a corporation or limited liability company (LLC), violating any section of this article shall be guilty of an infraction or misdemeanor and shall be fined $100 or in an amount that the Board of Supervisors may specify by resolution, subject to the then-existing limitations of Vehicle Code 21104. To the maximum extent allowed under state law, any peace officer (as defined by California Penal Code Section 830 et seq.) in good standing that has completed Police Officer Standards and Training (POST) may enforce this chapter.

**3-4.1504- Special permits.**
The Director of Public Works of the County is hereby authorized, at his or her discretion, upon application in writing, and if good cause exists, to issue a special permit in writing authorizing the applicant to operate a Water Tender Vehicle that would otherwise be in violation Section 3-4.1501. Any permit issued under Siskiyou County Code Article 3.5 of Chapter 13 of Title 3 satisfies this requirement.

**3-4.1505 - Inapplicability.**
The prohibition contained in this chapter do not apply to emergency vehicles. To the extent that any provision of this article conflicts with state or federal law, either on its face or as applied, it shall be inapplicable to the extent of such conflict. The Board hereby affirms that it intends that all remaining provisions not in conflict remain in effect.

**SECTION 4**. Authority/Effective Date:

This is an urgency ordinance within the meaning of Section 25131 of the Government Code and an ordinance for the immediate preservation of the public peace, health and safety within the meaning of Section 25123(d) of the Government Code, which shall be passed immediately upon introduction, and shall take effect immediately upon a four-fifths vote.

**SECTION 5**. Publication.

This ordinance, within 15 days of adoption, shall be published once in a newspaper of general circulation, printed and published in the County of Siskiyou as required by law.

**SECTION 6**. Severability.

If any section, subsection, sentence, clause, phrase, or portion of this ordinance or the application thereof to any person or circumstance is held to be invalid or unenforceable by a court of competent jurisdiction, such invalidity shall not affect the remaining portions or other applications of the ordinance, and the provisions of this ordinance are declared

4

to be severable.

**SECTION 7**. <u>CEQA</u>.

The Board hereby finds that this Ordinance is exempt from the California Environmental Quality Act ("CEQA") pursuant to Section 15061(b)(3) because it can be seen with certainty that there is no possibility of a significant effect on the environment from the adoption of these regulations allowing for the restriction of Water Tender Vehicles. Where it can be seen with certainty that there is no possibility that the activity in question may have a significant effect on the environment, the activity is not subject to CEQA. In addition, the Board of Supervisors further finds that the ordinance is categorically exempt from review under CEQA under the Class 8 Categorical Exemption, 14 CCR § 15308, (regulatory activity to assure protection of the environment) and Class 7 Categorical Exemption, 14 CCR § 15307, (regulations and restrictions on activities to assure the maintenance, restoration, or enhancement of a natural resources).

PASSED AND ADOPTED this 4th day of May, 2021, at a regular meeting of the Board of Supervisors by the following vote:

AYES:     Supervisors Criss, Kobseff, Valenzuela, Ogren and Haupt
NOES:     None
ABSENT:  None
ABSTAIN: None

Ray A. Haupt Chairman,
Board of Supervisors

ATTEST:
LAURA BYNUM, CLERK,
Board of Supervisors

By _____
Deputy

5