**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI, SBN: 131192
J. SCOTT DONALD, SBN: 158338
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone:  (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha<br><br>Plaintiffs,<br><br>vs.<br><br>County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100,<br><br>Defendants. | Case No.:  2:21-cv-00999-KJM-DMC<br><br>**DECLARATION OF EDWARD KIERNAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint Filed: June 4, 2021<br>First Amended Complaint Filed: July 15, 2021 |

I, Edward Kiernan, do declare as follows:

1. I am currently Siskiyou County Counsel, a position to which I was appointed March 12, 2018.

2. Prior to working for Siskiyou County, I was a Deputy County Counsel for over twelve years in Marin County and six years in Nevada County.

3. I am thoroughly familiar with the process of Board adoption of ordinances and urgency ordinances.

4. All three ordinances in question were adopted by the Board using the usual process for adopting urgency ordinances, which includes findings of fact pertaining to why there is an urgency.

5. All three ordinances were subsequently adopted as regular ordinances to take the place of the urgency ordinances even though the urgency ordinances are by their nature permanent, unless repealed.

6. Ordinance No. 20-13 was enacted on August 4, 2020 at a regular meeting at the Board of Supervisors in public hearing pursuant to the Brown Act.

7. Ordinances 21-07 and 21-08 were both enacted on May 4, 2021 at a regular meeting of the Board of Supervisors in public and following an opportunity for public comment pursuant to the Brown Act.

8. An urgency ordinance goes into effect after one hearing and immediately, whereas a regular ordinance goes into effect after two hearings and a thirty-day delay. Both types of ordinances are posted online a minimum of 72 hours before the Board meetings at which they will be heard and the public is able to comment upon them prior to any Board action.

9. By first adopting these ordinances as urgency ordinances and then regular ordinances, a minimum of three public meetings at which public comment was taken was afforded to those who wished to express their views on each of them. Had the County wished to minimize public comment, as insinuated by Plaintiffs' counsel, it could have simply passed them with one hearing as urgency ordinances and taken no further action.

10. The Water Truck Ordinance, no. 21-08, regarding which Plaintiffs' counsel falsely

and repeatedly states that the County's "purported justification of the challenged laws keeps changing" *Plaintiffs' Reply, ECF No. 33, p.1*, had findings of fact made in connection with it referencing both the drought and the explosion in illegal cannabis cultivation and its attendant deleterious effects upon the land and quality of life. The drought was emphasized more than other reasons in these findings of fact, set forth as the reason for the urgency not the reason for the ordinance itself. The devasting drought we are experiencing with area wells going dry in the vicinity of those selling water to illegal cannabis growers added to the urgency.

11. The "decision making body" (*Plaintiffs' Reply, ECF No. 33, p.1*) for adopting ordinances is the Board of Supervisors, not the Sheriff, not the District Attorney, and not some anonymous racist posting online, for which the County is no more responsible than are Plaintiffs for the numerous social media postings I have seen from purported growers threatening to riot and burn down the City of Yreka.

12. With regard to the decision-making body, the Board of Supervisors, it found an urgent situation existed as a consequence of the severe drought as well as the devasting effects of large scale, illegal cannabis cultivation, requiring the passage of the Water Truck Ordinance, and if, as Plaintiffs' counsel asserts in hearsay it has submitted to the Court, the District Attorney opined to a newspaper after its passage that he only cared about its ability to fight the illegal cannabis trade, that has zero bearing on the Board's decision to adopt the ordinance for multiple reasons.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this was executed on this 12th day of August, 2021 in Siskiyou County, California.

                                               */s/ Edward Kiernan*
                                               Edward Kiernan