UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dilevon Lo, et al., | No. Case 2:21-cv-00999-KJM-DMC |
| Plaintiffs, | ORDER |
| v. | |
| County of Siskiyou, et al., | |
| Defendants. | |

Siskiyou County has restricted the transportation of water to an area where many Hmong immigrants live.  The plaintiffs in this action, some of the people who live there, claim this restriction violates their constitutional rights to equal protection and due process.  Their motion for preliminary injunctive relief is pending, *see* Order (June 15, 2021), ECF No. 11, and the court recently referred the parties to mandatory mediation, *see* Min. Order (Aug. 8, 2021), ECF No. 38. The American Civil Liberties Union of Northern California and the Asian Law Caucus move for leave to file an amicus curiae brief to participate in the upcoming mediation.  The parties have briefed that motion on a shortened timeline at the request of the proposed amici.  *See* Order (Aug. 16, 2021), ECF No. 44; Opp'n, ECF No. 45.  **The motion is granted**, as explained below.

District courts have "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472, (1995). "An amicus brief should normally be allowed" when "the amicus has unique information

or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't* (*CARE*) *v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (citing *N. Sec. Co. v. United States*, 191 U.S. 555, 556 (1903)). An amicus need not be "totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citation omitted). This court and others have in fact often permitted amici to participate, even those who advocate for one party's position, if doing so would assist the court in making a well-informed decision. *See, e.g.*, *Hoptowit*, 682 F.2d at 1260 (upholding district court's appointment of amicus curiae even though amicus entirely supported only one party's arguments); *Fed. Energy Regul. Comm'n v. Vitol, Inc.*, No. 20-00040, 2020 WL 4586363, at *2 (E.D. Cal. Aug. 10, 2020) (permitting industry participants to submit an amicus brief in favor of dismissal).

Some aspects of the plaintiffs' and defendants' representation have led this court to express concern that it lacks information it needs to fully and fairly answer the constitutional questions raised in the plaintiffs' pleadings and motions. *See* Hr'g Tr. at 6 (Aug. 13, 2021), ECF No. 40. At a recent hearing, the court expressed concern with counsel's potential unfamiliarity with federal preliminary injunction practice, for example. *See id.* The ACLU of Northern California and Asian Law Caucus have often represented people and organizations who assert constitutional claims like those the plaintiffs assert here. They also claim to have "received concerning intakes and reports from Hmong residents regarding disparate treatment from Siskiyou County officials." Mot. at 2. They have investigated these reports and have written to the Siskiyou County Board of Supervisors, and they are part of a "coordinated investigation." *Id.* at 2–3. The attorneys who signed their proposed amicus brief are also experienced in litigating in federal courts, including in this District and in the United States Court of Appeals for the Ninth Circuit. The court therefore concludes that the proposed amici have unique information and perspectives and are likely to offer assistance beyond that the parties and their counsel can provide.

This conclusion extends both to the proposed amici's request to file an amicus curiae brief and to participate in the upcoming mediation. That second request is unusual, but federal district

1   courts have occasionally permitted amici to take on a greater role than briefing, including
2   participation in mediation.  *See, e.g.*, *United States v. City of Portland*, 12-02265, 2013 WL
3   12309780, at *8 (D. Or. Feb. 19, 2013) (granting an amicus permission to participate in
4   mediation, among other things, because it had "dedicated significant time and resources,"
5   "extensive community outreach," and "a deep understanding of the issues," and offered "an
6   important perspective").  In the unusual circumstances of this case, the proposed amici may
7   participate in the upcoming court-ordered mediation.
8       The ACLU of Northern California and the Asian Law Caucus are **granted leave to file**
9   **their proposed amicus curiae brief**, and that proposed brief is **deemed filed**.  The motion to
10  participate in the upcoming court-ordered mediation is also **granted**.  The mediator has full
11  authority to guide the amicis' participation.  This order does not permit further participation by
12  the ACLU of Northern California and Asian Law Caucus as amici without prior leave of court.
13      IT IS SO ORDERED.
14  DATED:  August 20, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE