**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI (SBN: 131192)
J. SCOTT DONALD (SBN: 158338)
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha, <br><br> Plaintiffs, <br><br> vs. <br><br> County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100, <br><br> Defendants. | Case No. 2:21-cv-00999-KJM-DMC <br><br> **DEFENDANT COUNTY OF SISKIYOU'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Complaint Filed:  June 4, 2021 <br> First Amended Complaint Filed: July 15, 2021 |

Defendants County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity, hereby submit this Answer to the First Amended Complaint filed by Plaintiffs Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Nhia Thai Vang, Zeng Lee Der Lee and Khue Cha as follows:

**PRELIMINARY STATEMENT**

1. Answering paragraph 1, Defendants admit that Plaintiffs have brought an action alleging causes of action for declaratory relief and injunctive relief and seek damages against these Defendants. Defendants deny the remaining allegations in this paragraph.

2. Answering paragraph 2, defendants deny the legal conclusion set forth in the paragraph.

3. Answering paragraph 3, Defendants deny the legal conclusion set forth in the paragraph.

4. Answering paragraph 4, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations. Defendants deny the legal conclusion set forth in the paragraph.

**PARTIES**

5. Answering paragraph 5, Defendants deny the allegations in this paragraph.

6. Answering paragraph 6, Defendants admit that County of Siskiyou is a government entity in the State of California, organized and existing under the Constitution under the State of California. Defendants admit that the County of Siskiyou engages in legislative acts in the form of ordinances through its Board of Supervisors. Defendants deny the remaining legal conclusions and allegations in this paragraph.

7. Answering paragraph 7, Defendants admit that as an elected board member for District One, Brandon Criss was involved in the legislative process that led to the enactment of

Ordinances 21-07, 21-08 and 20-13.

8. Answering paragraph 8, Defendants admit that as an elected board member for District One, Ed Valenzuela was involved in the legislative process that led to the enactment of Ordinances 21-07, 21-08 and 20-13.

9. Answering paragraph 9, Defendants admit that as an elected board member for District One, Michael N. Kobseff was involved in the legislative process that led to the enactment of Ordinances 21-07, 21-08 and 20-13.

10. Answering paragraph 9, Defendants admit that as an elected board member for District One, Nancy Ogren was involved in the legislative process that led to the enactment of Ordinances 21-07, 21-08 and 20-13.

11. Answering paragraph 9, Defendants admit that as an elected board member for District One, Ray A. Haupt was involved in the legislative process that led to the enactment of Ordinances 21-07, 21-08 and 20-13.

12. Defendants admit that Edward Kiernan is the County Counsel for Defendant County of Siskiyou and among his responsibilities is to provide legal assistance to the Board of Supervisors. At times this includes litigation support and assistance with drafting legal documents which might include contracts. With respect to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

13. Answering paragraph 13, Defendants admit that Jeremiah LaRue is the head Sheriff of the Siskiyou County Sheriff's Department. Defendants deny the legal conclusions set forth in the rest of this paragraph.

14. Answering paragraph 14, Defendants admit that Jesus Fernandez is a member of the Siskiyou County Sheriff's Department. With respect to the remaining allegations in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

15. Answering paragraph 15, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

16. Answering paragraph 16, Defendants deny the legal conclusions contained in this paragraph.

**JURISDICTION**

17. Answering paragraph 17, Defendants deny the allegation that the Defendants' actions under color of state law were in violation of the Fourteenth and Fourth Amendments to the United States Constitution. Defendants admit the remaining allegations.

18. Answering paragraph 18, Defendants deny the alleged omissions referred to in this paragraph but admit the venue is proper.

19. Answering paragraph 19, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

20. Answering paragraph 20, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

21. Answering paragraph 21, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, deny such allegations.

22. Answering paragraph 22, Defendants admit the Mount Shasta Vista subdivision of Siskiyou County consists of 1,600 lots and the majority are occupied by Hmong families. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny such allegations.

23. Answering paragraph 23, Defendants admit the allegations in this paragraph.

24. Answering paragraph 24, Defendants deny the allegations in this paragraph.

25. Answering paragraph 25, Defendants admit that the Siskiyou County Sheriff's Department engaged in efforts to enforce county law including seizures, arrests and eradication efforts of marijuana cultivation. Defendants admit that Hmong people were among those violators of county laws that were arrested. Defendants deny the inference that Hmong people were targeted on the basis of their race.

26. Answering paragraph 26, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

27. Answering paragraph 27, Defendants admit that there is a well located on a property

along Highway A-12 owned by Stephen Griset and that Griset has sold water to residents of Mount Shasta Vista. Defendants deny the remaining allegations in this paragraph.

28. Answering paragraph 28, Defendants admit that trucks were utilized to bring water into the Mount Shasta subdivision and that some of the water was provided by Stephen Griset. Further, Defendants admit that Ordinance 20-13 makes it illegal to "engage in the act of wasting or unreasonably using groundwater by extracting and discharging groundwater underlying Siskiyou County for use in cultivating cannabis in violation of Chapter 14 or Chapter 15 of Title 10 of the Siskiyou County Code." Defendants admit that on August 4, 2020 the Siskiyou County Board of Supervisors passed Ordinance 20-13. Defendants deny the remaining allegations in this paragraph.

29. Answering paragraph 29, Defendants admit that Karl G. Houtman was an Undersheriff of the Siskiyou County Sheriff's Department and that a Fiscal Year 2021 Annual Strategic Plan was drafted which included a quote "We are dealing with all different ethnic groups, (Hmong, Hispanic, Bulgarian, Caucasian and Chinese) on private land but have seen the largest increase in Chinese working at many private land sites." Defendants deny the remaining allegations in this paragraph.

30. Answering paragraph 30, Defendants admit that the document entitled "Fiscal Year 2021 Annual Strategic Plan" was provided to the County of Siskiyou for the Board of Supervisors. As to the remaining allegations contained in this paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

31. Answering paragraph 31, Defendants admit that on May 4, 2021, the Board of Supervisors promulgated Ordinance No. 21-07 and 21-08. The purpose of the ordinance was to prevent the extraction of large volumes of groundwater from local wells from being used for illegal cannabis cultivation during a time of extreme drought. With respect to the remaining allegation that the stated purposes were ostensible, that allegation is denied.

32. Answering paragraph 32, Defendants admit that a purpose of Ordinance No. 21-08 was to prohibit "water trucks" in certain areas of Siskiyou County because said "water trucks" had "created dangerous driving conditions, health hazards from dust and diesel exhaust, noise pollution,

traffic congestion, and generally conditions that detract from the quality of life and welfare of those who reside alongside and near these highways." Further, Defendants admit that water trucks are defined in Ordinance 21-08 as a "vehicle designed or being used to carry water of not less than 100 gallons or any vehicle designed or carrying or towing tanks or bladders of 100 gallons of water or more or a "Water Tender Vehicle," as defined in California Vehicle Code section 676.5 (3-4.1501, subd. (a), of Ordinance No. 21-08." Defendants deny the remaining allegations in this paragraph.

33. Answering paragraph 33, Defendants admit the allegations in this paragraph.

34. Answering paragraph 34, Defendants admit that at Defendant County of Siskiyou's Board of Supervisor's meeting of May 4, 2021, discussion, direction and action took place regarding the resolution setting forth roads included within Section 3-4.1501 of Ordinance No. 21-08 and the Board of Supervisors passed the resolution identifying the roads on which the travel of the water trucks would be prohibited. This was a legislative function. The Board members had been dealing with the facts, circumstances and particularly the concentration of illegal cannabis cultivation occurring in areas accessed by the particular roads identified.

35. Answering paragraph 35, Defendants admit that the roads designated under Section 3-4.1501 of Ordinance No. 21-08 that were identified for enforcement are Butte Valley and Big Springs Rd.

36. Answering paragraph 36, Defendants admit that the roads identified access among other areas, Mount Shasta Vista, which may be used for ingress and egress parcels owned by individuals located in those areas. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis deny such allegations.

37. Answering paragraph 37, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations, and on that basis deny such allegations.

38. Answering paragraph 38, Defendants admit that the 2021 Strategic Plan referenced in this paragraph identifies six areas in Siskiyou County associated with marijuana cultivation and three areas which are affected by the water ordinance. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny such

allegations.

39. Answering paragraph 39, Defendants deny the allegations in this paragraph.

40. Answering paragraph 40, Defendants deny the allegations in this paragraph.

41. Answering paragraph 41, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

42. Answering paragraph 42, Defendants admit that an article dated May 26, 2021 entitled, "Asian pot growers face sheriff raids, bulldozers in Northern California. They blame racism", that Siskiyou County District Attorney Kirk Andrus was quoted as saying, "We're not pretending that this is something that's trying to regulate anything except for water being used for cannabis. It's a way to enforce California's and Siskiyou's cannabis laws. That's what it's for. It is not designed to protect the aquifer, or the groundwater." Defendants deny the remaining allegations in this paragraph.

43. Answering paragraph 43, Defendants admit the allegations in this paragraph.

44. Answering paragraph 44, Defendants deny the allegations in this paragraph.

45. Answering paragraph 45, Defendants admit that on June 24, 2021, the Lava Fire was ignited by lightening near Weed, California, and began spreading. And as of June 29, 2021, the fire had reached a size of 13,300 acres and had prompted the evacuation of many communities, including the Shasta Vista subdivision in Siskiyou County. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis deny such allegations.

46. Answering paragraph 46, Defendants admit the allegations in this paragraph.

47. Answering paragraph 47, Defendants admit the allegations in this paragraph.

48. Answering paragraph 48, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny such allegations.

49. Answering paragraph 49, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis deny such allegations

50. Answering paragraph 50, Defendants admit the allegations in this paragraph.

51. Answering paragraph 51, Defendants admit that Antonio Lee was in a truck that was pulled over on May 14, 2021 as a passenger. Defendants further admit that the truck was seized and impounded.

52. Answering paragraph 52, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

53. Answering paragraph 53, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

54. Answering paragraph 54, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

55. Answering paragraph 55, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

56. Answering paragraph 56, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Declaratory and Injunctive Relief for Unconstitutional Ordinances Pursuant to 42 U.S.C. § 1983 – Fourteenth Amendment – Against Defendant COUNTY OF SISKIYOU**

57. Answering paragraph 57, which incorporates by reference and realleges the prior paragraphs in the First Amended Complaint, Defendants incorporate by reference its responses to the prior paragraphs.

58. Answering paragraph 58, Defendants admit the legal proposition in this paragraph.

59. Answering paragraph 59, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

60. Answering paragraph 60, Defendants admit that Ordinance 21-08 prohibits any vehicle designed or carrying or towing tanks or bladders of 100 gallons of water or more traveling on roads identified in the resolution located in the Butte Valley and Big Springs areas of Siskiyou County. Defendants further admit that Ordinance No. 21-07 prohibits water extraction for use off parcel without a permit and Ordinance 20-13 prohibits extraction or discharge of water for use in

cultivating cannabis in violation of the Siskiyou County Code. Defendants deny the remaining allegations in this paragraph.

**Plaintiffs Have a Property Right to Access to Water**
(Disputed)

61. Answering paragraph 61, Defendants deny the conclusion of law in this paragraph.

62. Answering paragraph 62, Defendants admit the legal proposition in this paragraph.

63. Answering paragraph 63, Defendants admit the legal proposition in this paragraph.

64. Answering paragraph 64, Defendants admit the legal proposition in this paragraph.

65. Answering paragraph 65, Defendants admit the legal proposition in this paragraph.

66. Answering paragraph 66, Defendants deny the legal conclusion in this paragraph. Defendants deny the allegations in this paragraph.

**Defendant County of Siskiyou Failed to Follow Proper Procedure in Enacting Ordinance No. 21-08**
(Disputed)

67. Answering paragraph 67, Defendants admit the legal proposition in this paragraph.

68. Answering paragraph 68, Defendants admit the allegations in this paragraph.

69. Answering paragraph 69, Defendants admit the legal proposition in this paragraph.

70. Answering paragraph 70, Defendants deny the allegations in this paragraph.

71. Answering paragraph 71, Defendants deny the allegations in this paragraph.

72. Answering paragraph 72, Defendants deny the allegations in this paragraph.

**Defendant COUNTY OF SISKIYOU Provided NO Meaningful Notice and Opportunity to Challenge the Execution of Ordinance Nos. 20-13, 21-07, and 21-08**
(Disputed)

73. Answering paragraph 73, Defendants deny the allegations in this paragraph.

74. Answering paragraph 74, Defendants deny the legal conclusion in this paragraph.

75. Answering paragraph 75, Defendants agree that the due process cause of the Fourteenth Amendment warrants that, "No State shall…deprive any person of life, liberty or property without due process of law." Defendants deny the remaining allegations in this paragraph.

///

///

**Defendant COUNTY OF SISKIYOU's Adoption of the Methods and Means of Execution of Ordinance No. 21-08 Through the Unnumbered Resolution Was Arbitrary and Capricious**
(Disputed)

76. Answering paragraph 76, Defendants deny the allegations in this paragraph.

77. Answering paragraph 77, Defendants admit the allegations in this paragraph.

78. Answering paragraph 78, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny such allegations.

79. Answering paragraph 79, Defendants deny the allegations in this paragraph.

80. Answering paragraph 80, Defendants deny the legal conclusion in this paragraph. Defendants deny the allegations in this paragraph.

81. Answering paragraph 81, Defendants deny the legal conclusion in this paragraph. Defendants deny the allegations in this paragraph.

**Ordinance Nos. 20-13, 21-07 and 21-08 are Overbroad**
(Disputed)

82. Answering paragraph 82, Defendants admit the legal proposition in this paragraph.

83. Answering paragraph 83, Defendants deny the allegations in this paragraph.

**Ordinance No. 21-08 and Unnumbered Resolution Violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as a Result of Intentionally Treating the Hmong People of Siskiyou County as a Suspect Class**
(Disputed)

84. Answering paragraph 84, Defendants admit that one of the elements required to state an equal protection claim is that Plaintiffs must prove that they were intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Defendants deny the remaining legal conclusions in this paragraph.

85. Answering paragraph 85, Defendants deny the allegations in this paragraph.

86. Answering paragraph 86, Defendants deny the allegations in this paragraph.

87. Answering paragraph 87, Defendants deny the allegations in this paragraph.

88. Answering paragraph 88, Defendants admit the legal proposition in this paragraph.

89. Answering paragraph 89, Defendants deny the allegations in this paragraph.

**A Case in Controversy Exists Warranting Declaratory and Injunctive Relief**
(Disputed)

90. Answering paragraph 90, Defendants deny the allegations in this paragraph.

91. Answering paragraph 91, Defendants deny the allegations in this paragraph.

## SECOND CAUSE OF ACTION

**Claims for Monetary Damages for Violations of Due Process and Equal Protection Clauses of the Fourteenth Amendment to United States Constitution Arising Out of an Unconstitutional Policy and Practice Pursuant to 42 U.S.C. § 1983 – Against All Defendants**

92. Answering paragraph 92, which incorporates by reference and realleges the prior paragraphs in the First Amended Complaint, Defendants incorporate by reference its responses to the prior paragraphs.

93. Answering paragraph 93, Defendants deny the allegations in this paragraph.

94. Answering paragraph 94, Defendants deny the allegations in this paragraph.

95. Answering paragraph 95, Defendants deny the allegations in this paragraph.

96. Answering paragraph 96, Defendants deny the allegations in this paragraph.

97. Answering paragraph 97, Defendants deny the allegations in this paragraph.

98. Answering paragraph 98, Defendants deny the allegations in this paragraph.

## THIRD CAUSE OF ACTION

**Claims for Monetary Damages for Violations of Fourth and Fourteenth Amendments to United States Constitution Arising Out of an Unconstitutional Policy and Practice Pursuant to 42 U.S.C. § 1983 – Against All Defendants**

99. Answering paragraph 99, which incorporates by reference and realleges the prior paragraphs in the First Amended Complaint, Defendants incorporate by reference its responses to the prior paragraphs.

100. Answering paragraph 100, Defendants admit the legal proposition in this paragraph.

101. Answering paragraph 101, Defendants admit the legal proposition in this paragraph.

102. Answering paragraph 102, Defendants deny the allegations in this paragraph.

103. Answering paragraph 103, Defendants deny the allegations in this paragraph.

104. Answering paragraph 104, Defendants deny the allegations in this paragraph.

## ANSWER TO PRAYER FOR RELIEF

Answering the prayer for relief, Defendants deny that Plaintiffs are entitled to damages, interest, attorneys fee, costs, declaratory judgments, injunctive relief, or any other relief in this matter.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Failure to State Claim

As a first, separate and distinct affirmative defense to the First Amended Complaint, these answering Defendants allege that Plaintiffs' First Amended Complaint fails to state a cause of action against the Defendants.

### Second Affirmative Defense

As a second, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the Plaintiffs have failed to exhaust the necessary administrative remedies prior to instituting this lawsuit and as such the Court lacks jurisdiction over those claims.

### Third Affirmative Defense

As a third, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the complaint is barred because at all times relevant Defendants acted reasonably, in good faith, and without malice based on the relevant facts and circumstances known by Defendants at the time they acted.

### Fourth Affirmative Defense – Liability of Other Defendants

As a fourth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that if Plaintiffs suffered any damages, such damages are proximately or legally caused by the misconduct, negligence, or fault of parties other than these answering Defendants.

### Fifth Affirmative Defense

As a fifth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the complaint and each claim set forth herein, is barred, in whole or in part by the applicable statutes of limitations, including but not limited to California

Code of Civil Procedure §335.1.

### Sixth Affirmative Defense

As a sixth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the Defense are immune from the allegations contained within Plaintiffs' complaint and the causes of action therein, based upon the discretionary immunity contained within the California Government Code.

### Seventh Affirmative Defense

As a seventh, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that Plaintiffs' failed to mitigate their alleged damages, if any were sustained, as required by law.

### Eighth Affirmative Defense

As an eighth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that they are immune from the allegations contained within the Plaintiffs' complaint, and the causes of action therein, based upon the qualified good faith immunity available under both federal and state law.

### Ninth Affirmative Defense

As a ninth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that Plaintiffs' claims are barred, in whole or in part, because Defendants did not deprive Plaintiffs of any right or privilege guaranteed by any federal or state constitution or law.

### Tenth Affirmative Defense

As a tenth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these Defendants allege that the Plaintiffs by their acts and/or omissions engaged in willfulness conduct and that willfulness conduct precludes this action and, further, that willfulness conduct was a legal cause of the Plaintiffs' allegations, causes of action and any right to damages, if any, sustained by Plaintiffs.

### Eleventh Affirmative Defense

As an eleventh, separate and distinct affirmative defense to Plaintiffs' First Amended

Complaint, these answering Defendants have insufficient knowledge or information upon which to form a belief as to whether they have additional, yet unstated affirmative defenses available. Defendants herein reserve their right to assert additional affirmative defenses in the event that discovery or other proceedings indicate they would be appropriate.

### Twelfth Affirmative Defense

As a twelfth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the complaint fails to state facts sufficient to constitute a cause of action for attorneys fees.

### Thirteenth Affirmative Defense

As a thirteenth, separate and distinct affirmative defense to Plaintiffs' First Amended Complaint, these answering Defendants allege that the complaint fails to state facts sufficient to constitute a cause of action for punitive damages against these Defendants.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all claims in this case and prayer. Wherefore these answering Defendants pray the Plaintiffs take nothing by their First Amended Complaint and that these answering Defendants be dismissed hence with attorneys fees, with their costs of suit incurred herein and for such other and further relief as the Court deems fit and proper.

Dated:  September 13, 2021        **SPINELLI, DONALD & NOTT**


By     /s/  J. Scott Donald
     J. SCOTT DONALD
     Attorneys for Defendants
     COUNTY OF SISKIYOU