**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI (SBN: 131192)
J. SCOTT DONALD (SBN: 158338)
JEFFREY C. CHIAO (SBN: 236781)
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:  (916) 448-6888

Attorneys for Defendants County of
Siskiyou; Jeremiah LaRue and Jesus
Fernandez, in their official capacities
as members of the Siskiyou County
Sheriff's Department and in their individual
capacities; Brandon Criss, Ed Valenzuela,
Michael N. Kobseff, Nancy Ogren, and
Ray A. Haupt, in their official capacities
as members of the Siskiyou County Board
of Supervisors and in their individual
capacities; Edward Kiernan, in his official
capacity as County Counsel for Siskiyou
County and in his individual capacity;
and DOES 1-100

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha,<br><br><br>Plaintiffs,<br><br>vs.<br><br>County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100,<br><br>Defendants. | Case No. 2:21-cv-00999-KJM-DMC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR DISSOLUTION OF THE COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION**<br><br>Complaint Filed: June 4, 2021<br>First Amended Complaint Filed: July 15, 2021<br><br>**Date:   March 25, 2022**<br>**Time:  10:00 AM**<br>**Courtroom:  3, 15th Floor**<br><br>Judge: Hon. Kimberly J. Mueller<br><br>**[FEES EXEMPT PURSUANT TO GOVERNMENT CODE SECTION 6103]** |

SPINELLI, DONALD & NOTT

1

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR DISSOLUTION OF THE COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity ("Defendants") hereby respectfully request, pursuant to Rule 201 of the Federal Rules of Evidence, that the Court take judicial notice of the following items in connection with Defendants' Motion for Dissolution of the Court's Order Granting a Partial Preliminary Injunction.

**Exhibit A**:    Curtailment Order from the State Water Resources Control Board dated September 10, 2021 as to Stephen David Griset;

**Exhibit B**:    Curtailment Order from the State Water Resources Control Board dated September 10, 2021 as to Micke William A. and Lori A. Trust;

**Exhibit C**:    Curtailment Order from the State Water Resources Control Board dated September 10, 2021 as to George Griset;

**Exhibit D**:    Curtailment Order from the State Water Resources Control Board dated September 10, 2021 as to Darrell Sousa;

**Exhibit E**:    Superior Court of California, County of Siskiyou Case. No.: CVCV-20-810, People of the State of California v. Stephen D. Griset, et al., Ruling On Demurrer to First Amended Complaint, dated July 26, 2021.

**Exhibit F**:    Superior Court of California, County of Siskiyou Case. No.: CVCV-20-809, People of the State of California v. Shannon M. Spencer, et al., Ruling On Demurrer and Motion to Strike First Amended Complaint, dated July 26, 2021.

## LEGAL AUTHORITY

The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Facts subject to judicial notice include those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be

SPINELLI, DONALD
& NOTT

1   questioned." Fed. R. Evid. 201(b)(2). The Court may take judicial notice of court filings and other

2   matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir.

3   2006). In addition, The Court may take judicial notice of documents the complaint necessarily relies

4   on. *United States v. Corinthian Colleges,* 655 F.3d 984, 999 (9th Cir. 2011).  A complaint

5   necessarily relies on a document when "(1) the complaint refers to the documents; (2) the document

6   is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.*

7   (citing *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006).

8        Judicial notice may be taken of the official acts of a legislative, executive or judicial

9   department for any state of the United States. The curtailment orders which are **Exhibits A-D** were

10  issued by the State Water Resources Control Board for the State of California. They may therefore

11  be considered an act of a legislative body for the State of California.

12       Judicial notice may also be taken of any records of any court of a state. **Exhibit E** is the

13  ruling on Demurrer for a lawsuit brought by the State of California against Stephen D. Griset. Mr.

14  Griset's declaration was relied upon by this Court and Plaintiffs have frequently referred to Griset

15  and their reliance on groundwater sold by Griset and transported by water trucks. **Exhibit F** is the

16  ruling on Demurrer for a lawsuit brought by the State of California against the Ellison Family Trust,

17  et al.

18       Defendants also request that this Court take Judicial Notice of the related case identified in

19  Exhibit E as *State of California v. Stephen D. Griset*, Case No. CVCV-20-810. This request is made

20  on the basis that the issues being litigated in this related case pertain directly to the Court's Order

21  and the State's interest in preserving the groundwater which Defendants seek to be protected through

22  the ordinances at issue.

23       Defendants also request that this Court take Judicial Notice of the related case identified in

24  Exhibit F as *State of California v. the Ellison Family Trust, et al.*, Case No. CVCV-20-809. This

25  request is made on the basis that the issues being litigated in this related case pertain directly to the

26  Court's Order and the State's interest in preserving the groundwater which Defendants seek to be

27  protected through the ordinances at issue.

28  ///

SPINELLI, DONALD
& NOTT

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

1    Accordingly, Defendants' request for judicial notice of the aforementioned documents

2  should be granted.

3

4  Dated:  February 18, 2022                    **SPINELLI, DONALD & NOTT**

5

6                                             By ____/s/ J. Scott Donald_____

7                                                J. SCOTT DONALD
                                                Attorneys for Defendants

8                                                COUNTY OF SISKIYOU

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPINELLI, DONALD
& NOTT

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

EXHIBIT A



**CALIFORNIA**
## Water Boards



GAVIN NEWSOM
GOVERNOR

JARED BLUMENFELD
SECRETARY FOR
ENVIRONMENTAL PROTECTION

## State Water Resources Control Board

September 10, 2021

STEPHEN DAVID GRISET

11401 County Highway A12
Montague, CA 96064

**ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING
REQUIREMENTS IN THE SHASTA RIVER WATERSHED (ORDER WR 2021-0082-
DWR)**

This letter and the enclosed Order contain important information regarding the
curtailment of the water right(s) listed in Attachment A (at the end of the Order), that are
owned by STEPHEN DAVID GRISET or their successor in interest. Depending on the
water right(s) you hold, Attachment A may include permits and licenses issued after the
date of the Shasta Adjudication,[1] water right(s) specified in the Shasta Adjudication,
and/or groundwater rights associated with a specific groundwater well or assessor's
parcel number (APN).  This letter also describes a certification that is required to be
submitted by **September 20, 2021**.  The Login(s)/Water Right Identification Number(s)
and Password(s)/Reporting Identifier(s) in Attachment A[2] will be needed to complete the
required forms.

Due to the drought and extremely dry conditions, water supply in many parts of
California, including the Shasta River watershed, is insufficient to meet a significant
portion of water demands, and many people throughout the region have taken steps to

---

[1] Judgement and Decree entered on December 29, 1932 in Siskiyou County Superior
Court Case No. 7035, In the Matter of the Determination of the Relative Rights, Based
Upon Prior Appropriation, of the Various Claimants to the Waters of Shasta River and
its Tributaries in Siskiyou County, California.
[2] If you already report to the State Water Board yourself, Attachment A contains the
identification number(s) you normally use to enter information into the State Water
Board's electronic Water Rights Information Management System (eWRIMS).  If the
Scott River and Shasta River Watermaster District normally reports to the State Water
Board on your behalf, or if you are a groundwater diverter, Attachment A has a newly
assigned identification number that starts with the letters "SG."

---

E. JOAQUIN ESQUIVEL, CHAIR | EILEEN SOBECK, EXECUTIVE DIRECTOR

1001 I Street, Sacramento, CA 95814 | Mailing Address: P.O. Box 100, Sacramento, CA 95812-0100 | www.waterboards.ca.gov

reduce water use.  The enclosed Order curtails certain surface water and groundwater diversions, describes exceptions to curtailments (including for firefighting needs), and imposes reporting requirements.  This Order is issued under an emergency regulation adopted by the State Water Resources Control Board (State Water Board or Board) that became effective on August 30, 2021.  The enclosed Order describes the steps that you, or your agent of record, must follow to curtail water diversions and to comply with reporting requirements.  You or your agent of record are responsible for immediately notifying all parties that divert water under the water right(s) identified in Attachment A of the enclosed Order and its requirements.

You may already be curtailing water use and/or be unable to divert water due to dry conditions. **Even if you are currently not diverting water, you must respond to this Order.**

This Order does not address water diversions under adjudicated rights for the Willow, Jullian, and Yreka tributaries to the Shasta River.  Water is likely not currently available for diversion in these tributaries now and diversions are likely not occurring.  These water rights are not under the Scott Valley and Shasta Valley Watermaster District's service and the State Water Board's records for these rights are incomplete. The State Water Board intends to issue a separate information and curtailment order for these tributaries shortly.

In addition to the curtailment orders in the Shasta River watershed, the State Water Board is also issuing orders to surface water rights, adjudicated groundwater diversions, and for unreported water rights in the Scott River watershed.  You may have to report additional information if you have multiple water rights or groundwater wells in the Scott River watershed.

It is highly recommended all water users in the watershed sign up to receive notifications on the State Water Board's "Scott-Shasta Drought" email distribution list.  You may also visit the State Water Board's **Scott River and Shasta River Watersheds Drought Response webpage**[3] frequently for updates. All future updates on curtailments will be provided through electronic communications.

## Emergency Regulation

On August 17, 2021, the State Water Board adopted an emergency regulation establishing drought emergency minimum flows in the Scott River and Shasta River watersheds.  (Cal. Code Regs., tit. 23, §§ 875-875.9.)  The regulation was reviewed and approved by the Office of Administrative Law and went into effect upon filing with the Secretary of State August 30, 2021.  The regulation will remain in effect for one year, but could be repealed earlier if water supply conditions improve.  The State Water

---

[3] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/

Board may readopt the regulation if drought conditions continue into next year.  The regulation is available online.[4]

**Curtailment of Water Rights in Shasta River Watershed**

The State Water Board is requiring certain water right holders in the Shasta River watershed to stop diverting under their water rights until water supply conditions improve in the watershed and there is no longer a risk to minimum flow requirements, to water supplies for minimum human health and safety needs (including firefighting), to minimum livestock needs, or for injury to senior diverters.

The regulation follows the water right priorities in the Shasta River adjudication, and adds in rights that are not addressed under those adjudications (e.g., post-adjudication rights, some groundwater rights).  The regulation does not change the adjudications, or affect the authority of the Scott Valley and Shasta Valley Watermaster District to implement the adjudications, or of the Siskiyou County Superior Court to administer or otherwise retain and exercise jurisdiction over the adjudications. Section 875.5 of the regulation describes the order of priority for curtailments.

Hard copy notices will not be sent out when curtailments are suspended, reinstated, or rescinded.  As flows improve or worsen over the year, changes to curtailment orders will be posted on the State Water Board website (see footnote 3 of this letter) and sent out to individuals that have signed up for the **"Scott-Shasta Drought" Email Subscription List under "Water Rights".**[5]  **Signing up for this email list is the best way to stay informed about implementation of the regulation, including changes to curtailments.**

**Groundwater Wells**

Because the surface water and groundwater are interconnected in the Shasta River watershed, the regulation includes water rights for diversions of surface water as well as appropriative and overlying groundwater diversions, in the order of priority.  Section 875.5 specifies the order in which curtailments shall be issued, taking into account water right priority in groupings from lowest to highest water right priority.

For groundwater diversions, case law recognizes overlying and appropriative rights to groundwater, analogous to riparian and appropriative rights to surface water.  An overlying groundwater right is generally senior and attaches to land overlying a groundwater basin.  An appropriative groundwater right is the type of water right you have if you divert water but:  (1) do not own (or rent or lease) land overlying the basin that you use the water on; (2) own overlying land but use the water on non-overlying

---

[4] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/docs/klamath_reg_searchable.pdf

[5] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

land; or (3) sell or distribute[6] the water to someone else.  Groundwater appropriators have a priority date from when the groundwater well was constructed, and water first used for non-overlying use.

In the Shasta River watershed, appropriative groundwater pumpers are likely more junior to many surface water diversions, including those described in the adjudication. This curtailment order does not extend to overlying groundwater users in the Shasta River watershed.  Groundwater diversion curtailment extends only to appropriative groundwater diversions established after November 1912.[7]  **Selling groundwater to be hauled and used at a different location is an appropriative use and must cease immediately (subject to exceptions described below), if the use started after November 1912.**

### Exceptions to Curtailment *(allowances to continue limited diversions)*
The regulation has exceptions for certain types of diversions that may continue even after you receive a curtailment order, if the appropriate form(s) is submitted to the State Water Board (see more on this below).  These are:

- *Non-consumptive Diversions*.  This exception applies if your diversion is not consumptive, meaning that it does not use up water or change the time the water is available to others (i.e., diversions do not decrease stream flows).
- *Minimum Human Health and Safety Diversions*.  This exception applies if your diversion is your only water source for human health and safety purposes, like drinking, cooking, washing, or meeting the state's critical infrastructure needs. **Please note that diversions for firefighting may continue under this exception.**
- *Minimum Livestock Watering Diversions*.  This exception applies if your diversion is your only source for minimum livestock watering needs.

**If you want to use one of these exceptions to continue diverting, you must submit additional information to the State Water Board using the applicable forms available at:  https://public.waterboards.ca.gov/WRInfo.**

### Required Response – Curtailment Certification Form
Within 10 calendar days of issuance of this Order, all water right holders or their agents receiving this Order are required to submit, under penalty of perjury, a Scott-Shasta Water Right Curtailment Certification Form.  In light of the active fire season, please note that this timeframe is extended until ten (10) days after lifting of any evacuation order affecting the place of use of water for the rights in Attachment A or

---

[6] Sharing a well with your neighbors does not necessarily count as "distributing."  If you have questions about whether your use is "distributing" please call the State Water Board's Scott River and Shasta River Drought phone message line at: (916) 327-3113 or e-mail us at **ScottShastaDrought@waterboards.ca.gov.**
[7] The priority date for groundwater appropriations is the date of well construction and when appropriate use was initiated. Therefore, appropriative groundwater use established prior to November 1912 is not subject to this curtailment.

4

affecting your access to necessary information or the ability to log on for reporting. The Deputy Director may further extend the deadline for good cause, and the State Water Board recognizes that protection of life and property in these active fire areas may prevent a response within the timelines described in the State Water Board's curtailment orders. If you need further extension of the timeframe for curtailment response in light of wildfires, please contact us at the information below once it is safe for you to do so.

The Scott-Shasta Online Curtailment Certification Form confirms cessation of diversion under your water right and whether you are pursuing an exception to continue limited diversions under the curtailment order. Timely and accurate completion of the form can help you avoid unnecessary enforcement proceedings. Your Login(s)/Water Rights ID and Password(s)/Water Right Identifier(s) are provided in Attachment A of the Order. You can access and complete the form at: **https://public.waterboards.ca.gov/WRInfo**.

Staff are available to answer questions or otherwise assist with completing the form by email to: **ScottShastaDrought@waterboards.ca.gov** and via our phone message line at: (916) 327-3113.

## Local Cooperative Solutions

Water users may also petition to implement local cooperative solutions that would achieve the purposes of the curtailment order. Local cooperative solutions are described in section 875, subdivisions (f)(1) through (f)(4) of the emergency regulation. Proposed local cooperative solutions may be submitted to the Deputy Director at any time, but they may not be implemented instead of complying with a curtailment order unless it has been approved by the Deputy Director. Additional information regarding local cooperative solutions will be provided on the State Water Board website (see footnote 3 of this letter).

Local cooperative solutions should be submitted to the Deputy Director by email to: **ScottShastaDrought@waterboards.ca.gov**. The Deputy Director will review timely submitted proposals as soon as practicable and inform the affected water right holder or claimant of the determination or decision.

## Potential Enforcement

The enclosed Order includes enforceable requirements regarding a water right or claim of right that require your immediate attention. Diverting water in violation of the enclosed Order or the regulation risks administrative fines, a cease and desist order, or prosecution in court. The State Water Board has enforcement discretion and decisions related to enforcement and associated penalties are based on the specific circumstances of the violation. Fines may be up to $1,000 per day of violation. (Wat. Code, §§ 1052, 1055, 1846.)

Please note that the State Water Board's Division of Water Rights (Division) evaluates the location of each diverter relative to ongoing fires before proceeding with any enforcement or investigation, and carefully considers what type of follow-up is appropriate. The Division will exercise discretion when considering enforcement, and

generally will not pursue enforcement where violations are the result of emergency circumstances such as evacuation orders and loss of property due to wildfires. If you are severely impacted by wildfire and receive an enforcement-related notice or order, please contact us when conditions are safe and you are able to do so. Please also note that intentional misstatements, or intentionally claiming fire risk or impacts when none are present, is subject to legal actions and fines.

## Request for Reconsideration

You may submit a petition within 30 days to request that the State Water Board reconsider the enclosed Order. The process and grounds for reconsideration are provided by California Code of Regulations, title 23, sections 768 through 771. Any petition requesting reconsideration must be filed with the State Water Board no later than **October 11, 2021**. To ensure timely consideration, any petition for reconsideration should be emailed to: **ScottShastaDrought@waterboards.ca.gov**.

## Questions, Resources, and How to Stay Informed

Please review resources on the **Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/) if you have questions. You may also contact staff by email at: **ScottShastaDrought@waterboards.ca.gov** or leaving a message at our dedicated Scott River and Shasta River Drought phone line at: (916) 327-3113. Please be aware that calls and emails will be responded to as soon as possible in the order received. Staff will try to return calls within 24 hours, but responses may take a longer depending on call volume.

**We highly encourage you to sign up for the "Scott-Shasta Drought" Email Subscription List under "Water Rights".[8] This is the best way to stay informed about changes to the curtailments and other important information related to the regulation.**

Sincerely,

*Erik Ekdahl*

Erik Ekdahl, Deputy Director
State Water Resources Control Board


Enclosure:    Order Imposing Water Right Curtailment and Reporting Requirements in the Shasta River Watershed for Water Right(s) Listed in Attachment A, including Attachment A thereto

_____

[8] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

STATE OF CALIFORNIA
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY
STATE WATER RESOURCES CONTROL BOARD

**DIVISION OF WATER RIGHTS**

**ORDER WR 2021-0082-DWR**

**IN THE MATTER OF WATER RIGHT(S) LISTED IN ATTACHMENT A OF STEPHEN DAVID GRISET**

**ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING REQUIREMENTS IN THE SHASTA RIVER WATERSHED**

**ISSUED SEPTEMBER 10, 2021**

**FINDINGS:**

1. On August 17, 2021, the State Water Resources Control Board (State Water Board or Board) adopted an emergency regulation, titled Establishment of Minimum Instream Flow Requirements, Curtailment Authority, and Information Order Authority in the Klamath River Watershed (hereinafter "Regulation"). The Regulation provides curtailment authority throughout the Klamath River Watershed, and establishes minimum instream flow requirements and information order authority in the Scott River and Shasta River watersheds.  State Water Board **Resolution No. 2021-0029** adopted the Regulation, and describes the need for the Regulation and its intent. State Water Board Resolution No. 2021-0029 is incorporated by reference into this Order.  The Regulation went into effect on August 30, 2021, when it was approved by the Office of Administrative Law and filed with the Secretary of State.  The Regulation establishes minimum instream flows, as measured in cubic feet per second (cfs) at United States Geological Survey gage no. 11517500 located near Yreka, as:

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sept | Oct | Nov | Dec |
|-----|-----|-----|-----|-----|-----|-----|-----|------|-----|-----|-----|
| 135 | 135 | 135 | 70  | 50  | 50  | 50  | 50  | 50   | 125 | 150 | 150 |

2. The Regulation includes California Code of Regulations, title 23,[1] sections 875, 875.1, 875.2, 875.3, 875.5, 875.6, and 875.9, which establish the circumstances under which the State Water Board may issue curtailments in the Shasta River watershed to maintain minimum flows for fish, as well as exceptions to curtailments and curtailment reporting requirements.

---

[1] All subsequent section references in this order are to California Code of Regulations, title 23 unless otherwise noted.

3.  The average flow for five recent days in early September (September 2 through September 6) in the Shasta River at the United States Geological Survey (USGS) gage near Yreka (USGS gage number 11517500), was approximately 20 cubic feet per second (cfs), which is 30 cfs below the 50 cfs drought emergency minimum flow for September, as established under section 875, subdivision (c)(2)(A) of the emergency regulation.  For the last two weeks of August and the first week of September, measured flows have ranged between approximately 13 and 31 cfs, not reaching even half of the 50 cfs level.  As described on pages 27-29 of the **Finding of Emergency and Informative Digest** issued on August 12, 2021, and incorporated by reference into this Order, absent curtailments, flows in the Shasta River are not forecasted to meet and stay above the Regulation's drought emergency minimum fishery flows until mid-December.  Additional information regarding the anticipated effect of curtailment under dry conditions is available in the Memorandum to the Deputy Director for the Division of Water Rights from the Senior Environmental Scientist of the Instream Flow Unit in the Division of Water Rights, dated September 9, 2021, and incorporated by reference.

4.  Based on the current flow conditions, and the information discussed above, the Deputy Director for the Division of Water Rights has determined that without curtailment as described in the Regulation of diversions junior to approximately November 1912, flows are likely to remain reduced below the minimum flows specified in section 875, subdivision(c)(2)(A).  To ensure that the Regulation's drought emergency minimum flows are met, it is necessary to curtail all of the most junior water right holders in the Shasta River, described in Section 875.5, subdivision (b)(1)(A) [appropriative surface and groundwater rights post-Adjudication], as well as a portion of those water right holders in the priority group described in Section 875.5, subdivision (b)(1)(B) [Shasta Adjudication] with priority dates later than November 1912.

5.  Once the base flows are established through precipitation or contributions from the curtailments, ongoing assessment of water supply and demand projections will be more pertinent to the management of curtailments in the order of priority.  If the river responds more quickly to curtailment than anticipated, the Deputy Director will lift curtailments in the order of priority.

6.  The wildfire season in Northern California is highly active, and communities across the state, including Siskiyou County and some reaches of the Scott Valley, have been periodically at risk.  Preparation of homes and properties to best survive imminent wildfire require the upmost attention of residents, and evacuations can present immense logistical challenges.  Protection of life and property in these active fire areas may prevent a response within the timelines required in the State Water Board's curtailment order.  In order not to interfere with critical preparations or burden evacuees, this Order provides an automatic extension of the reporting requirements under the Order where the affected diversions, properties, or reporters are affected by evacuation orders.

STEPHEN DAVID GRISET

Page 3 of 6

**IT IS HEREBY ORDERED:**

1. This curtailment order shall be effective on September 11, 2021.

2. Diversion of water in the Shasta River watershed pursuant to the water right(s) listed in Attachment A shall cease on September 11, 2021, or upon delivery of this Order, whichever is later.  Diversions under this right may be permitted to continue only if authorized under an exception to curtailment as described by sections 875.1, 875.2, and 875.3 of the Regulation.

3. In accordance with section 875, subdivision (d)(1) of the Regulation, the water rights holder or agent of record who receives this Order is responsible for immediately providing notice of this Order to all diverters exercising the water right(s) associated with this Order.

4. STEPHEN DAVID GRISET or their agent or successor is required, by September 20, 2021, to submit under penalty of perjury an online Scott-Shasta Water Right Curtailment Certification form (Curtailment Certification) in accordance with section 875.6 subdivision (a) for each water right listed in Attachment A. Attachment A lists the Water Rights ID/Login(s) and Password(s)/Water Right Identifier(s) to be used for reporting requirements. The Curtailment Certification shall be accessed and completed via the following website link: **https://public.waterboards.ca.gov/WRInfo**.  Where the diversion or place of use for the water right(s) listed in Attachment A is in an area subject to a wildfire evacuation order, or where such an evacuation order inhibits the ability of STEPHEN DAVID GRISET or their agent or successor to access the necessary information to complete the Curtailment Certification or to log on to complete the form, the deadline is automatically extended until ten (10) days after the lifting of the evacuation order.

5. If an exception(s) to curtailment is needed to continue diverting for non-consumptive uses, minimum human health and safety needs, or minimum diversions for livestock needs, as authorized by Regulation sections 875.1, 875.2, and 875.3, respectively, STEPHEN DAVID GRISET or their agent or successor shall complete and submit either a self-certification or a petition using the forms available at: **https://public.waterboards.ca.gov/WRInfo** in addition to completing the Curtailment Certification.

6. All subsequent modifications to this Order, including curtailment suspensions, reinstatements, rescissions, or other modifications, shall be noticed through electronic means, including through the State Water Board's "Scott-Shasta Drought" email distribution list or as posted to the **State Water Board's Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/).  STEPHEN DAVID GRISET is responsible for **signing up** for the "Scott-Shasta Drought" e-mail subscription list and/or for checking the State Water Board's Scott River and Shasta River Watersheds Drought Response webpage to receive such notice.

STEPHEN DAVID GRISET

Page 4 of 6

7. Violation of this Order shall be subject to enforcement and any applicable penalties pursuant to Water Code sections 1052, 1058.5, 1831, 1845, and 1846. To the extent of any conflict between the requirements of this curtailment order and any other applicable orders or conditions of approval, the diverter must comply with the requirements that are most stringent.

8. Nothing in this Order is intended to or shall be construed to limit or preclude the State Water Board from exercising its authority under any statute, regulation, ordinance, or other law, including but not limited to, the authority to bring enforcement against diverters for unauthorized diversion or use in violation of Water Code section 1052.

9. Nothing in this Order shall excuse individual water right holders from meeting any more stringent requirements that may be imposed by applicable legally binding legislation, regulations, or a water right permit requirement. This Order does not authorize any act which results in the taking of a threatened, endangered, or candidate species or any act which is now prohibited, or becomes prohibited in the future, under either the California Endangered Species Act (Fish and Game Code sections 2050 to 2097) or the federal Endangered Species Act (16 U.S.C.A sections 1531 to 1544).

STATE WATER RESOURCES CONTROL BOARD

Erik Ekdahl, Deputy Director
Division of Water Rights

Dated: September 10, 2021

STEPHEN DAVID GRISET

Page 5 of 6

# Attachment A

The Login(s) and Password(s) are provided below.  Please use this information to complete the appropriate forms, which are available online at: https://public.waterboards.ca.gov/WRInfo

**Groundwater Well(s)**

| Well Number | Date Work Ended | APN | DWR Completion Report Number |
|---|---|---|---|
| 1 | | 019-661-420-000 | |
| 2 | | 019-021-100-000 | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

| Well Number | Login (Water Right ID) | Password (Reporting Identifier) |
|---|---|---|
| 1 | SG005923 | D6F5JC |
| 2 | SG005924 | DAN0A6 |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

STEPHEN DAVID GRISET

Page 6 of 6

This page is intentionally blank.

EXHIBIT B





GAVIN NEWSOM
GOVERNOR

JARED BLUMENFELD
SECRETARY FOR
ENVIRONMENTAL PROTECTION

## State Water Resources Control Board

September 10, 2021

MICKE WILLIAM A & LORI A TRUST
C/O Bill Micke
4100 E State Highway 3
Montague, CA 96064

**ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING
REQUIREMENTS IN THE SHASTA RIVER WATERSHED (ORDER WR 2021-0082-
DWR)**

This letter and the enclosed Order contain important information regarding the
curtailment of the water right(s) listed in Attachment A (at the end of the Order), that are
owned by MICKE WILLIAM A & LORI A TRUST or their successor in interest.
Depending on the water right(s) you hold, Attachment A may include permits and
licenses issued after the date of the Shasta Adjudication,[1] water right(s) specified in the
Shasta Adjudication, and/or groundwater rights associated with a specific groundwater
well or assessor's parcel number (APN).  This letter also describes a certification that is
required to be submitted by **September 20, 2021**.  The Login(s)/Water Right
Identification Number(s) and Password(s)/Reporting Identifier(s) in Attachment A[2] will
be needed to complete the required forms.

Due to the drought and extremely dry conditions, water supply in many parts of
California, including the Shasta River watershed, is insufficient to meet a significant
portion of water demands, and many people throughout the region have taken steps to

---

[1] Judgement and Decree entered on December 29, 1932 in Siskiyou County Superior
Court Case No. 7035, In the Matter of the Determination of the Relative Rights, Based
Upon Prior Appropriation, of the Various Claimants to the Waters of Shasta River and
its Tributaries in Siskiyou County, California.
[2] If you already report to the State Water Board yourself, Attachment A contains the
identification number(s) you normally use to enter information into the State Water
Board's electronic Water Rights Information Management System (eWRIMS).  If the
Scott River and Shasta River Watermaster District normally reports to the State Water
Board on your behalf, or if you are a groundwater diverter, Attachment A has a newly
assigned identification number that starts with the letters "SG."

---

E. JOAQUIN ESQUIVEL, CHAIR | EILEEN SOBECK, EXECUTIVE DIRECTOR

reduce water use. The enclosed Order curtails certain surface water and groundwater diversions, describes exceptions to curtailments (including for firefighting needs), and imposes reporting requirements. This Order is issued under an emergency regulation adopted by the State Water Resources Control Board (State Water Board or Board) that became effective on August 30, 2021. The enclosed Order describes the steps that you, or your agent of record, must follow to curtail water diversions and to comply with reporting requirements. You or your agent of record are responsible for immediately notifying all parties that divert water under the water right(s) identified in Attachment A of the enclosed Order and its requirements.

You may already be curtailing water use and/or be unable to divert water due to dry conditions. **Even if you are currently not diverting water, you must respond to this Order.**

This Order does not address water diversions under adjudicated rights for the Willow, Jullian, and Yreka tributaries to the Shasta River. Water is likely not currently available for diversion in these tributaries now and diversions are likely not occurring. These water rights are not under the Scott Valley and Shasta Valley Watermaster District's service and the State Water Board's records for these rights are incomplete. The State Water Board intends to issue a separate information and curtailment order for these tributaries shortly.

In addition to the curtailment orders in the Shasta River watershed, the State Water Board is also issuing orders to surface water rights, adjudicated groundwater diversions, and for unreported water rights in the Scott River watershed. You may have to report additional information if you have multiple water rights or groundwater wells in the Scott River watershed.

It is highly recommended all water users in the watershed sign up to receive notifications on the State Water Board's "Scott-Shasta Drought" email distribution list. You may also visit the State Water Board's **Scott River and Shasta River Watersheds Drought Response webpage**[3] frequently for updates. All future updates on curtailments will be provided through electronic communications.

## Emergency Regulation

On August 17, 2021, the State Water Board adopted an emergency regulation establishing drought emergency minimum flows in the Scott River and Shasta River watersheds. (Cal. Code Regs., tit. 23, §§ 875-875.9.) The regulation was reviewed and approved by the Office of Administrative Law and went into effect upon filing with the Secretary of State August 30, 2021. The regulation will remain in effect for one year, but could be repealed earlier if water supply conditions improve. The State Water

---

[3] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/

Board may readopt the regulation if drought conditions continue into next year.  The **regulation** is available online.[4]

### Curtailment of Water Rights in Shasta River Watershed

The State Water Board is requiring certain water right holders in the Shasta River watershed to stop diverting under their water rights until water supply conditions improve in the watershed and there is no longer a risk to minimum flow requirements, to water supplies for minimum human health and safety needs (including firefighting), to minimum livestock needs, or for injury to senior diverters.

The regulation follows the water right priorities in the Shasta River adjudication, and adds in rights that are not addressed under those adjudications (e.g., post-adjudication rights, some groundwater rights).  The regulation does not change the adjudications, or affect the authority of the Scott Valley and Shasta Valley Watermaster District to implement the adjudications, or of the Siskiyou County Superior Court to administer or otherwise retain and exercise jurisdiction over the adjudications. Section 875.5 of the regulation describes the order of priority for curtailments.

Hard copy notices will not be sent out when curtailments are suspended, reinstated, or rescinded.  As flows improve or worsen over the year, changes to curtailment orders will be posted on the State Water Board website (see footnote 3 of this letter) and sent out to individuals that have signed up for the **"Scott-Shasta Drought" Email Subscription List under "Water Rights".**[5]  **Signing up for this email list is the best way to stay informed about implementation of the regulation, including changes to curtailments.**

### Groundwater Wells

Because the surface water and groundwater are interconnected in the Shasta River watershed, the regulation includes water rights for diversions of surface water as well as appropriative and overlying groundwater diversions, in the order of priority.  Section 875.5 specifies the order in which curtailments shall be issued, taking into account water right priority in groupings from lowest to highest water right priority.

For groundwater diversions, case law recognizes overlying and appropriative rights to groundwater, analogous to riparian and appropriative rights to surface water.  An overlying groundwater right is generally senior and attaches to land overlying a groundwater basin.  An appropriative groundwater right is the type of water right you have if you divert water but:  (1) do not own (or rent or lease) land overlying the basin that you use the water on; (2) own overlying land but use the water on non-overlying

---

[4] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/docs/klamath_reg_searchable.pdf

[5] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

land; or (3) sell or distribute[6] the water to someone else.  Groundwater appropriators have a priority date from when the groundwater well was constructed, and water first used for non-overlying use.

In the Shasta River watershed, appropriative groundwater pumpers are likely more junior to many surface water diversions, including those described in the adjudication. This curtailment order does not extend to overlying groundwater users in the Shasta River watershed.  Groundwater diversion curtailment extends only to appropriative groundwater diversions established after November 1912.[7]  **Selling groundwater to be hauled and used at a different location is an appropriative use and must cease immediately (subject to exceptions described below), if the use started after November 1912.**

## Exceptions to Curtailment *(allowances to continue limited diversions)*
The regulation has exceptions for certain types of diversions that may continue even after you receive a curtailment order, if the appropriate form(s) is submitted to the State Water Board (see more on this below).  These are:

- *Non-consumptive Diversions*.  This exception applies if your diversion is not consumptive, meaning that it does not use up water or change the time the water is available to others (i.e., diversions do not decrease stream flows).
- *Minimum Human Health and Safety Diversions*.  This exception applies if your diversion is your only water source for human health and safety purposes, like drinking, cooking, washing, or meeting the state's critical infrastructure needs. **Please note that diversions for firefighting may continue under this exception.**
- *Minimum Livestock Watering Diversions*.  This exception applies if your diversion is your only source for minimum livestock watering needs.

**If you want to use one of these exceptions to continue diverting, you must submit additional information to the State Water Board using the applicable forms available at:  https://public.waterboards.ca.gov/WRInfo.**

## Required Response – Curtailment Certification Form
Within 10 calendar days of issuance of this curtailment order, all water right holders or their agents receiving this Order are required to submit, under penalty of perjury, a Scott-Shasta Water Right Curtailment Certification Form.  In light of the active fire season, please note that this timeframe is extended until ten (10) days after lifting of any evacuation order affecting the place of use of water for the rights in Attachment A or

---

[6] Sharing a well with your neighbors does not necessarily count as "distributing."  If you have questions about whether your use is "distributing" please call the State Water Board's Scott River and Shasta River Drought phone message line at: (916) 327-3113 or e-mail us at **ScottShastaDrought@waterboards.ca.gov**.
[7] The priority date for groundwater appropriations is the date of well construction and when appropriate use was initiated. Therefore, appropriative groundwater use established prior to November 1912 is not subject to this curtailment.

4

affecting your access to necessary information or the ability to log on for reporting. The Deputy Director may further extend the deadline for good cause, and the State Water Board recognizes that protection of life and property in these active fire areas may prevent a response within the timelines described in the State Water Board's curtailment orders. If you need further extension of the timeframe for curtailment response in light of wildfires, please contact us at the information below once it is safe for you to do so.

The Scott-Shasta Online Curtailment Certification Form confirms cessation of diversion under your water right and whether you are pursuing an exception to continue limited diversions under the curtailment order. Timely and accurate completion of the form can help you avoid unnecessary enforcement proceedings. Your Login(s)/Water Rights ID and Password(s)/Water Right Identifier(s) are provided in Attachment A of the Order. You can access and complete the form at: **https://public.waterboards.ca.gov/WRInfo**.

Staff are available to answer questions or otherwise assist with completing the form by email to: **ScottShastaDrought@waterboards.ca.gov** and via our phone message line at: (916) 327-3113.

## Local Cooperative Solutions
Water users may also petition to implement local cooperative solutions that would achieve the purposes of the curtailment order. Local cooperative solutions are described in section 875, subdivisions (f)(1) through (f)(4) of the emergency regulation. Proposed local cooperative solutions may be submitted to the Deputy Director at any time, but they may not be implemented instead of complying with a curtailment order unless it has been approved by the Deputy Director. Additional information regarding local cooperative solutions will be provided on the State Water Board website (see footnote 3 of this letter).

Local cooperative solutions should be submitted to the Deputy Director by email to: **ScottShastaDrought@waterboards.ca.gov**. The Deputy Director will review timely submitted proposals as soon as practicable and inform the affected water right holder or claimant of the determination or decision.

## Potential Enforcement
The enclosed Order includes enforceable requirements regarding a water right or claim of right that require your immediate attention. Diverting water in violation of the enclosed Order or the regulation risks administrative fines, a cease and desist order, or prosecution in court. The State Water Board has enforcement discretion and decisions related to enforcement and associated penalties are based on the specific circumstances of the violation. Fines may be up to $1,000 per day of violation. (Wat. Code, §§ 1052, 1055, 1846.)

Please note that the State Water Board's Division of Water Rights (Division) evaluates the location of each diverter relative to ongoing fires before proceeding with any enforcement or investigation, and carefully considers what type of follow-up is appropriate. The Division will exercise discretion when considering enforcement, and

generally will not pursue enforcement where violations are the result of emergency circumstances such as evacuation orders and loss of property due to wildfires. If you are severely impacted by wildfire and receive an enforcement-related notice or order, please contact us when conditions are safe and you are able to do so. Please also note that intentional misstatements, or intentionally claiming fire risk or impacts when none are present, is subject to legal actions and fines.

**Request for Reconsideration**

You may submit a petition within 30 days to request that the State Water Board reconsider the enclosed Order. The process and grounds for reconsideration are provided by California Code of Regulations, title 23, sections 768 through 771. Any petition requesting reconsideration must be filed with the State Water Board no later than **October 11, 2021**. To ensure timely consideration, any petition for reconsideration should be emailed to: **ScottShastaDrought@waterboards.ca.gov**.

**Questions, Resources, and How to Stay Informed**

Please review resources on the **Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/) if you have questions. You may also contact staff by email at: **ScottShastaDrought@waterboards.ca.gov** or leaving a message at our dedicated Scott River and Shasta River Drought phone line at: (916) 327-3113. Please be aware that calls and emails will be responded to as soon as possible in the order received. Staff will try to return calls within 24 hours, but responses may take a longer depending on call volume.

**We highly encourage you to sign up for the "Scott-Shasta Drought" Email Subscription List under "Water Rights".[8] This is the best way to stay informed about changes to the curtailments and other important information related to the regulation.**

Sincerely,

Erik Ekdahl, Deputy Director
State Water Resources Control Board

Enclosure:    Order Imposing Water Right Curtailment and Reporting Requirements in the Shasta River Watershed for Water Right(s) Listed in Attachment A, including Attachment A thereto

---

[8] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

STATE OF CALIFORNIA
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY
STATE WATER RESOURCES CONTROL BOARD

**DIVISION OF WATER RIGHTS**

**ORDER WR 2021-0082-DWR**

---

**IN THE MATTER OF WATER RIGHT(S) LISTED IN ATTACHMENT A OF MICKE WILLIAM A & LORI A TRUST**

**ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING REQUIREMENTS IN THE SHASTA RIVER WATERSHED**

**ISSUED SEPTEMBER 10, 2021**

---

**FINDINGS:**

1. On August 17, 2021, the State Water Resources Control Board (State Water Board or Board) adopted an emergency regulation, titled Establishment of Minimum Instream Flow Requirements, Curtailment Authority, and Information Order Authority in the Klamath River Watershed (hereinafter "Regulation"). The Regulation provides curtailment authority throughout the Klamath River Watershed, and establishes minimum instream flow requirements and information order authority in the Scott River and Shasta River watersheds. State Water Board **Resolution No. 2021-0029** adopted the Regulation, and describes the need for the Regulation and its intent. State Water Board Resolution No. 2021-0029 is incorporated by reference into this Order. The Regulation went into effect on August 30, 2021, when it was approved by the Office of Administrative Law and filed with the Secretary of State. The Regulation establishes minimum instream flows, as measured in cubic feet per second (cfs) at United States Geological Survey gage no. 11517500 located near Yreka, as:

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sept | Oct | Nov | Dec |
|-----|-----|-----|-----|-----|-----|-----|-----|------|-----|-----|-----|
| 135 | 135 | 135 | 70  | 50  | 50  | 50  | 50  | 50   | 125 | 150 | 150 |

2. The Regulation includes California Code of Regulations, title 23,[1] sections 875, 875.1, 875.2, 875.3, 875.5, 875.6, and 875.9, which establish the circumstances under which the State Water Board may issue curtailments in the Shasta River watershed to maintain minimum flows for fish, as well as exceptions to curtailments and curtailment reporting requirements.

---

[1] All subsequent section references in this order are to California Code of Regulations, title 23 unless otherwise noted.

MICKE WILLIAM A & LORI A TRUST

Page 2 of 6

3. The average flow for five recent days in early September (September 2 through September 6) in the Shasta River at the United States Geological Survey (USGS) gage near Yreka (USGS gage number 11517500), was approximately 20 cubic feet per second (cfs), which is 30 cfs below the 50 cfs drought emergency minimum flow for September, as established under section 875, subdivision (c)(2)(A) of the emergency regulation.  For the last two weeks of August and the first week of September, measured flows have ranged between approximately 13 and 31 cfs, not reaching even half of the 50 cfs level.  As described on pages 27-29 of the **Finding of Emergency and Informative Digest** issued on August 12, 2021, and incorporated by reference into this Order, absent curtailments, flows in the Shasta River are not forecasted to meet and stay above the Regulation's drought emergency minimum fishery flows until mid-December.  Additional information regarding the anticipated effect of curtailment under dry conditions is available in the Memorandum to the Deputy Director for the Division of Water Rights from the Senior Environmental Scientist of the Instream Flow Unit in the Division of Water Rights, dated September 9, 2021, and incorporated by reference.

4. Based on the current flow conditions, and the information discussed above, the Deputy Director for the Division of Water Rights has determined that without curtailment as described in the Regulation of diversions junior to approximately November 1912, flows are likely to remain reduced below the minimum flows specified in section 875, subdivision(c)(2)(A).  To ensure that the Regulation's drought emergency minimum flows are met, it is necessary to curtail all of the most junior water right holders in the Shasta River, described in Section 875.5, subdivision (b)(1)(A) [appropriative surface and groundwater rights post-Adjudication], as well as a portion of those water right holders in the priority group described in Section 875.5, subdivision (b)(1)(B) [Shasta Adjudication] with priority dates later than November 1912.

5. Once the base flows are established through precipitation or contributions from the curtailments, ongoing assessment of water supply and demand projections will be more pertinent to the management of curtailments in the order of priority.  If the river responds more quickly to curtailment than anticipated, the Deputy Director will lift curtailments in the order of priority.

6. The wildfire season in Northern California is highly active, and communities across the state, including Siskiyou County and some reaches of the Scott Valley, have been periodically at risk.  Preparation of homes and properties to best survive imminent wildfire require the upmost attention of residents, and evacuations can present immense logistical challenges.  Protection of life and property in these active fire areas may prevent a response within the timelines required in the State Water Board's curtailment order.  In order not to interfere with critical preparations or burden evacuees, this Order provides an automatic extension of the reporting requirements under the Order where the affected diversions, properties, or reporters are affected by evacuation orders.

MICKE WILLIAM A & LORI A TRUST

Page 3 of 6

**IT IS HEREBY ORDERED:**

1. This curtailment order shall be effective on September 11, 2021.

2. Diversion of water in the Shasta River watershed pursuant to the water right(s) listed in Attachment A shall cease on September 11, 2021, or upon delivery of this Order, whichever is later.  Diversions under this right may be permitted to continue only if authorized under an exception to curtailment as described by sections 875.1, 875.2, and 875.3 of the Regulation.

3. In accordance with section 875, subdivision (d)(1) of the Regulation, the water rights holder or agent of record who receives this Order is responsible for immediately providing notice of this Order to all diverters exercising the water right(s) associated with this Order.

4. MICKE WILLIAM A & LORI A TRUST or their agent or successor is required, by September 20, 2021, to submit under penalty of perjury an online Scott-Shasta Water Right Curtailment Certification form (Curtailment Certification) in accordance with section 875.6 subdivision (a) for each water right listed in Attachment A. Attachment A lists the Water Rights ID/Login(s) and Password(s)/Water Right Identifier(s) to be used for reporting requirements. The Curtailment Certification shall be accessed and completed via the following website link: **https://public.waterboards.ca.gov/WRInfo**.  Where the diversion or place of use for the water right(s) listed in Attachment A is in an area subject to a wildfire evacuation order, or where such an evacuation order inhibits the ability of MICKE WILLIAM A & LORI A TRUST or their agent or successor to access the necessary information to complete the Curtailment Certification or to log on to complete the form, the deadline is automatically extended until ten (10) days after the lifting of the evacuation order.

5. If an exception(s) to curtailment is needed to continue diverting for non-consumptive uses, minimum human health and safety needs, or minimum diversions for livestock needs, as authorized by Regulation sections 875.1, 875.2, and 875.3, respectively, MICKE WILLIAM A & LORI A TRUST or their agent or successor shall complete and submit either a self-certification or a petition using the forms available at: **https://public.waterboards.ca.gov/WRInfo** in addition to completing the Curtailment Certification.

6. All subsequent modifications to this Order, including curtailment suspensions, reinstatements, rescissions, or other modifications, shall be noticed through electronic means, including through the State Water Board's "Scott-Shasta Drought" email distribution list or as posted to the **State Water Board's Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/).  MICKE WILLIAM A & LORI A TRUST is responsible for **signing up** for the "Scott-Shasta Drought" e-mail

MICKE WILLIAM A & LORI A TRUST

Page 4 of 6

subscription list and/or for checking the State Water Board's Scott River and Shasta River Watersheds Drought Response webpage to receive such notice.

7. Violation of this Order shall be subject to enforcement and any applicable penalties pursuant to Water Code sections 1052, 1058.5, 1831, 1845, and 1846. To the extent of any conflict between the requirements of this curtailment order and any other applicable orders or conditions of approval, the diverter must comply with the requirements that are most stringent.

8. Nothing in this Order is intended to or shall be construed to limit or preclude the State Water Board from exercising its authority under any statute, regulation, ordinance, or other law, including but not limited to, the authority to bring enforcement against diverters for unauthorized diversion or use in violation of Water Code section 1052.

9. Nothing in this Order shall excuse individual water right holders from meeting any more stringent requirements that may be imposed by applicable legally binding legislation, regulations, or a water right permit requirement. This Order does not authorize any act which results in the taking of a threatened, endangered, or candidate species or any act which is now prohibited, or becomes prohibited in the future, under either the California Endangered Species Act (Fish and Game Code sections 2050 to 2097) or the federal Endangered Species Act (16 U.S.C.A sections 1531 to 1544).

STATE WATER RESOURCES CONTROL BOARD

Erik Ekdahl, Deputy Director
Division of Water Rights

Dated: September 10, 2021

MICKE WILLIAM A & LORI A TRUST

Page 5 of 6

# Attachment A

The Login(s) and Password(s) are provided below.  Please use this information to complete the appropriate forms, which are available online at: **https://public.waterboards.ca.gov/WRInfo**

**Groundwater Well(s)**

| Well Number | Date Work Ended | APN | DWR Completion Report Number |
|---|---|---|---|
| 1 | | 013-400-040-000 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

| Well Number | Login (Water Right ID) | Password (Reporting Identifier) |
|---|---|---|
| 1 | SG005926 | Z9IA3L |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

MICKE WILLIAM A & LORI A TRUST

Page 6 of 6

This page is intentionally blank.

EXHIBIT C





GAVIN NEWSOM
GOVERNOR

JARED BLUMENFELD
SECRETARY FOR
ENVIRONMENTAL PROTECTION

## State Water Resources Control Board

September 10, 2021

GEORGE S GRISET

P.O. Box 367
Gustine, CA 95322

**ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING REQUIREMENTS IN THE SHASTA RIVER WATERSHED (ORDER WR 2021-0082-DWR)**

This letter and the enclosed Order contain important information regarding the curtailment of the water right(s) listed in Attachment A (at the end of the Order), that are owned by GEORGE S GRISET or their successor in interest. Depending on the water right(s) you hold, Attachment A may include permits and licenses issued after the date of the Shasta Adjudication,[1] water right(s) specified in the Shasta Adjudication, and/or groundwater rights associated with a specific groundwater well or assessor's parcel number (APN).  This letter also describes a certification that is required to be submitted by **September 20, 2021**.  The Login(s)/Water Right Identification Number(s) and Password(s)/Reporting Identifier(s) in Attachment A[2] will be needed to complete the required forms.

Due to the drought and extremely dry conditions, water supply in many parts of California, including the Shasta River watershed, is insufficient to meet a significant portion of water demands, and many people throughout the region have taken steps to

---

[1] Judgement and Decree entered on December 29, 1932 in Siskiyou County Superior Court Case No. 7035, In the Matter of the Determination of the Relative Rights, Based Upon Prior Appropriation, of the Various Claimants to the Waters of Shasta River and its Tributaries in Siskiyou County, California.
[2] If you already report to the State Water Board yourself, Attachment A contains the identification number(s) you normally use to enter information into the State Water Board's electronic Water Rights Information Management System (eWRIMS).  If the Scott River and Shasta River Watermaster District normally reports to the State Water Board on your behalf, or if you are a groundwater diverter, Attachment A has a newly assigned identification number that starts with the letters "SG."

---

reduce water use. The enclosed Order curtails certain surface water and groundwater diversions, describes exceptions to curtailments (including for firefighting needs), and imposes reporting requirements. This Order is issued under an emergency regulation adopted by the State Water Resources Control Board (State Water Board or Board) that became effective on August 30, 2021. The enclosed Order describes the steps that you, or your agent of record, must follow to curtail water diversions and to comply with reporting requirements. You or your agent of record are responsible for immediately notifying all parties that divert water under the water right(s) identified in Attachment A of the enclosed Order and its requirements.

You may already be curtailing water use and/or be unable to divert water due to dry conditions. **Even if you are currently not diverting water, you must respond to this Order.**

This Order does not address water diversions under adjudicated rights for the Willow, Jullian, and Yreka tributaries to the Shasta River. Water is likely not currently available for diversion in these tributaries now and diversions are likely not occurring. These water rights are not under the Scott Valley and Shasta Valley Watermaster District's service and the State Water Board's records for these rights are incomplete. The State Water Board intends to issue a separate information and curtailment order for these tributaries shortly.

In addition to the curtailment orders in the Shasta River watershed, the State Water Board is also issuing orders to surface water rights, adjudicated groundwater diversions, and for unreported water rights in the Scott River watershed. You may have to report additional information if you have multiple water rights or groundwater wells in the Scott River watershed.

It is highly recommended all water users in the watershed sign up to receive notifications on the State Water Board's "Scott-Shasta Drought" email distribution list. You may also visit the State Water Board's **Scott River and Shasta River Watersheds Drought Response webpage**[3] frequently for updates. All future updates on curtailments will be provided through electronic communications.

**Emergency Regulation**
On August 17, 2021, the State Water Board adopted an emergency regulation establishing drought emergency minimum flows in the Scott River and Shasta River watersheds. (Cal. Code Regs., tit. 23, §§ 875-875.9.) The regulation was reviewed and approved by the Office of Administrative Law and went into effect upon filing with the Secretary of State August 30, 2021. The regulation will remain in effect for one year, but could be repealed earlier if water supply conditions improve. The State Water

---

[3] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/

Board may readopt the regulation if drought conditions continue into next year.  The **regulation** is available online.[4]

## Curtailment of Water Rights in Shasta River Watershed

The State Water Board is requiring certain water right holders in the Shasta River watershed to stop diverting under their water rights until water supply conditions improve in the watershed and there is no longer a risk to minimum flow requirements, to water supplies for minimum human health and safety needs (including firefighting), to minimum livestock needs, or for injury to senior diverters.

The regulation follows the water right priorities in the Shasta River adjudication, and adds in rights that are not addressed under those adjudications (e.g., post-adjudication rights, some groundwater rights).  The regulation does not change the adjudications, or affect the authority of the Scott Valley and Shasta Valley Watermaster District to implement the adjudications, or of the Siskiyou County Superior Court to administer or otherwise retain and exercise jurisdiction over the adjudications. Section 875.5 of the regulation describes the order of priority for curtailments.

Hard copy notices will not be sent out when curtailments are suspended, reinstated, or rescinded.  As flows improve or worsen over the year, changes to curtailment orders will be posted on the State Water Board website (see footnote 3 of this letter) and sent out to individuals that have signed up for the **"Scott-Shasta Drought" Email Subscription List under "Water Rights".**[5] **Signing up for this email list is the best way to stay informed about implementation of the regulation, including changes to curtailments.**

## Groundwater Wells

Because the surface water and groundwater are interconnected in the Shasta River watershed, the regulation includes water rights for diversions of surface water as well as appropriative and overlying groundwater diversions, in the order of priority.  Section 875.5 specifies the order in which curtailments shall be issued, taking into account water right priority in groupings from lowest to highest water right priority.

For groundwater diversions, case law recognizes overlying and appropriative rights to groundwater, analogous to riparian and appropriative rights to surface water.  An overlying groundwater right is generally senior and attaches to land overlying a groundwater basin.  An appropriative groundwater right is the type of water right you have if you divert water but:  (1) do not own (or rent or lease) land overlying the basin that you use the water on; (2) own overlying land but use the water on non-overlying

---

[4] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/docs/klamath_reg_searchable.pdf

[5] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

Case 2:21-cv-00999-KJM-AC   Document 57-2   Filed 02/18/22   Page 35 of 70

land; or (3) sell or distribute[6] the water to someone else.  Groundwater appropriators have a priority date from when the groundwater well was constructed, and water first used for non-overlying use.

In the Shasta River watershed, appropriative groundwater pumpers are likely more junior to many surface water diversions, including those described in the adjudication. This curtailment order does not extend to overlying groundwater users in the Shasta River watershed.  Groundwater diversion curtailment extends only to appropriative groundwater diversions established after November 1912.[7]  **Selling groundwater to be hauled and used at a different location is an appropriative use and must cease immediately (subject to exceptions described below), if the use started after November 1912.**

## Exceptions to Curtailment *(allowances to continue limited diversions)*
The regulation has exceptions for certain types of diversions that may continue even after you receive a curtailment order, if the appropriate form(s) is submitted to the State Water Board (see more on this below).  These are:

- *Non-consumptive Diversions*.  This exception applies if your diversion is not consumptive, meaning that it does not use up water or change the time the water is available to others (i.e., diversions do not decrease stream flows).
- *Minimum Human Health and Safety Diversions*.  This exception applies if your diversion is your only water source for human health and safety purposes, like drinking, cooking, washing, or meeting the state's critical infrastructure needs. **Please note that diversions for firefighting may continue under this exception.**
- *Minimum Livestock Watering Diversions*.  This exception applies if your diversion is your only source for minimum livestock watering needs.

**If you want to use one of these exceptions to continue diverting, you must submit additional information to the State Water Board using the applicable forms available at:  https://public.waterboards.ca.gov/WRInfo.**

## Required Response – Curtailment Certification Form
Within 10 calendar days of issuance of this curtailment order, all water right holders or their agents receiving this Order are required to submit, under penalty of perjury, a Scott-Shasta Water Right Curtailment Certification Form.  In light of the active fire season, please note that this timeframe is extended until ten (10) days after lifting of any evacuation order affecting the place of use of water for the rights in Attachment A or

---

[6] Sharing a well with your neighbors does not necessarily count as "distributing."  If you have questions about whether your use is "distributing" please call the State Water Board's Scott River and Shasta River Drought phone message line at: (916) 327-3113 or e-mail us at **ScottShastaDrought@waterboards.ca.gov**.
[7] The priority date for groundwater appropriations is the date of well construction and when appropriate use was initiated. Therefore, appropriative groundwater use established prior to November 1912 is not subject to this curtailment.

affecting your access to necessary information or the ability to log on for reporting. The Deputy Director may further extend the deadline for good cause, and the State Water Board recognizes that protection of life and property in these active fire areas may prevent a response within the timelines described in the State Water Board's curtailment orders. If you need further extension of the timeframe for curtailment response in light of wildfires, please contact us at the information below once it is safe for you to do so.

The Scott-Shasta Online Curtailment Certification Form confirms cessation of diversion under your water right and whether you are pursuing an exception to continue limited diversions under the curtailment order. Timely and accurate completion of the form can help you avoid unnecessary enforcement proceedings. Your Login(s)/Water Rights ID and Password(s)/Water Right Identifier(s) are provided in Attachment A of the Order. You can access and complete the form at: **https://public.waterboards.ca.gov/WRInfo**.

Staff are available to answer questions or otherwise assist with completing the form by email to: **ScottShastaDrought@waterboards.ca.gov** and via our phone message line at: (916) 327-3113.

## Local Cooperative Solutions

Water users may also petition to implement local cooperative solutions that would achieve the purposes of the curtailment order. Local cooperative solutions are described in section 875, subdivisions (f)(1) through (f)(4) of the emergency regulation. Proposed local cooperative solutions may be submitted to the Deputy Director at any time, but they may not be implemented instead of complying with a curtailment order unless it has been approved by the Deputy Director. Additional information regarding local cooperative solutions will be provided on the State Water Board website (see footnote 3 of this letter).

Local cooperative solutions should be submitted to the Deputy Director by email to: **ScottShastaDrought@waterboards.ca.gov**. The Deputy Director will review timely submitted proposals as soon as practicable and inform the affected water right holder or claimant of the determination or decision.

## Potential Enforcement

The enclosed Order includes enforceable requirements regarding a water right or claim of right that require your immediate attention. Diverting water in violation of the enclosed Order or the regulation risks administrative fines, a cease and desist order, or prosecution in court. The State Water Board has enforcement discretion and decisions related to enforcement and associated penalties are based on the specific circumstances of the violation. Fines may be up to $1,000 per day of violation. (Wat. Code, §§ 1052, 1055, 1846.)

Please note that the State Water Board's Division of Water Rights (Division) evaluates the location of each diverter relative to ongoing fires before proceeding with any enforcement or investigation, and carefully considers what type of follow-up is appropriate. The Division will exercise discretion when considering enforcement, and

generally will not pursue enforcement where violations are the result of emergency circumstances such as evacuation orders and loss of property due to wildfires.  If you are severely impacted by wildfire and receive an enforcement-related notice or order, please contact us when conditions are safe and you are able to do so.   Please also note that intentional misstatements, or intentionally claiming fire risk or impacts when none are present, is subject to legal actions and fines.

## Request for Reconsideration

You may submit a petition within 30 days to request that the State Water Board reconsider the enclosed Order.  The process and grounds for reconsideration are provided by California Code of Regulations, title 23, sections 768 through 771.  Any petition requesting reconsideration must be filed with the State Water Board no later than **October 11, 2021**.  To ensure timely consideration, any petition for reconsideration should be emailed to: **ScottShastaDrought@waterboards.ca.gov**.

## Questions, Resources, and How to Stay Informed

Please review resources on the **Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/) if you have questions.  You may also contact staff by email at: **ScottShastaDrought@waterboards.ca.gov** or leaving a message at our dedicated Scott River and Shasta River Drought phone line at:   (916) 327-3113.  Please be aware that calls and emails will be responded to as soon as possible in the order received.  Staff will try to return calls within 24 hours, but responses may take a longer depending on call volume.

**We highly encourage you to sign up for the "Scott-Shasta Drought" Email Subscription List under "Water Rights".[8] This is the best way to stay informed about changes to the curtailments and other important information related to the regulation.**

Sincerely,

Erik Ekdahl, Deputy Director
State Water Resources Control Board


Enclosure:     Order Imposing Water Right Curtailment and Reporting Requirements in
               the Shasta River Watershed for Water Right(s) Listed in Attachment A,
               including Attachment A thereto

---

[8] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html
6

STATE OF CALIFORNIA
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY
STATE WATER RESOURCES CONTROL BOARD

## DIVISION OF WATER RIGHTS

## ORDER WR 2021-0082-DWR

## IN THE MATTER OF WATER RIGHT(S) LISTED IN ATTACHMENT A OF GEORGE S GRISET

## ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING REQUIREMENTS IN THE SHASTA RIVER WATERSHED

## ISSUED SEPTEMBER 10, 2021

**FINDINGS:**

1. On August 17, 2021, the State Water Resources Control Board (State Water Board or Board) adopted an emergency regulation, titled Establishment of Minimum Instream Flow Requirements, Curtailment Authority, and Information Order Authority in the Klamath River Watershed (hereinafter "Regulation"). The Regulation provides curtailment authority throughout the Klamath River Watershed, and establishes minimum instream flow requirements and information order authority in the Scott River and Shasta River watersheds.  State Water Board **Resolution No. 2021-0029** adopted the Regulation, and describes the need for the Regulation and its intent. State Water Board Resolution No. 2021-0029 is incorporated by reference into this Order.  The Regulation went into effect on August 30, 2021, when it was approved by the Office of Administrative Law and filed with the Secretary of State.  The Regulation establishes minimum instream flows, as measured in cubic feet per second (cfs) at United States Geological Survey gage no. 11517500 located near Yreka, as:

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sept | Oct | Nov | Dec |
|-----|-----|-----|-----|-----|-----|-----|-----|------|-----|-----|-----|
| 135 | 135 | 135 | 70  | 50  | 50  | 50  | 50  | 50   | 125 | 150 | 150 |

2. The Regulation includes California Code of Regulations, title 23,[1] sections 875, 875.1, 875.2, 875.3, 875.5, 875.6, and 875.9, which establish the circumstances under which the State Water Board may issue curtailments in the Shasta River watershed to maintain minimum flows for fish, as well as exceptions to curtailments and curtailment reporting requirements.

---

[1] All subsequent section references in this order are to California Code of Regulations, title 23 unless otherwise noted.

GEORGE S GRISET

Page 2 of 6

3.  The average flow for five recent days in early September (September 2 through September 6) in the Shasta River at the United States Geological Survey (USGS) gage near Yreka (USGS gage number 11517500), was approximately 20 cubic feet per second (cfs), which is 30 cfs below the 50 cfs drought emergency minimum flow for September, as established under section 875, subdivision (c)(2)(A) of the emergency regulation.  For the last two weeks of August and the first week of September, measured flows have ranged between approximately 13 and 31 cfs, not reaching even half of the 50 cfs level.  As described on pages 27-29 of the **Finding of Emergency and Informative Digest** issued on August 12, 2021, and incorporated by reference into this Order, absent curtailments, flows in the Shasta River are not forecasted to meet and stay above the Regulation's drought emergency minimum fishery flows until mid-December.  Additional information regarding the anticipated effect of curtailment under dry conditions is available in the Memorandum to the Deputy Director for the Division of Water Rights from the Senior Environmental Scientist of the Instream Flow Unit in the Division of Water Rights, dated September 9, 2021, and incorporated by reference.

4.  Based on the current flow conditions, and the information discussed above, the Deputy Director for the Division of Water Rights has determined that without curtailment as described in the Regulation of diversions junior to approximately November 1912, flows are likely to remain reduced below the minimum flows specified in section 875, subdivision(c)(2)(A).  To ensure that the Regulation's drought emergency minimum flows are met, it is necessary to curtail all of the most junior water right holders in the Shasta River, described in Section 875.5, subdivision (b)(1)(A) [appropriative surface and groundwater rights post-Adjudication], as well as a portion of those water right holders in the priority group described in Section 875.5, subdivision (b)(1)(B) [Shasta Adjudication] with priority dates later than November 1912.

5.  Once the base flows are established through precipitation or contributions from the curtailments, ongoing assessment of water supply and demand projections will be more pertinent to the management of curtailments in the order of priority.  If the river responds more quickly to curtailment than anticipated, the Deputy Director will lift curtailments in the order of priority.

6.  The wildfire season in Northern California is highly active, and communities across the state, including Siskiyou County and some reaches of the Scott Valley, have been periodically at risk.  Preparation of homes and properties to best survive imminent wildfire require the upmost attention of residents, and evacuations can present immense logistical challenges.  Protection of life and property in these active fire areas may prevent a response within the timelines required in the State Water Board's curtailment order.  In order not to interfere with critical preparations or burden evacuees, this Order provides an automatic extension of the reporting requirements under the Order where the affected diversions, properties, or reporters are affected by evacuation orders.

GEORGE S GRISET

Page 3 of 6

**IT IS HEREBY ORDERED:**

1. This curtailment order shall be effective on September 11, 2021.

2. Diversion of water in the Shasta River watershed pursuant to the water right(s) listed in Attachment A shall cease on September 11, 2021, or upon delivery of this Order, whichever is later.  Diversions under this right may be permitted to continue only if authorized under an exception to curtailment as described by sections 875.1, 875.2, and 875.3 of the Regulation.

3. In accordance with section 875, subdivision (d)(1) of the Regulation, the water rights holder or agent of record who receives this Order is responsible for immediately providing notice of this Order to all diverters exercising the water right(s) associated with this Order.

4. GEORGE S GRISET or their agent or successor is required, by September 20, 2021, to submit under penalty of perjury an online Scott-Shasta Water Right Curtailment Certification form (Curtailment Certification) in accordance with section 875.6 subdivision (a) for each water right listed in Attachment A. Attachment A lists the Water Rights ID/Login(s) and Password(s)/Water Right Identifier(s) to be used for reporting requirements. The Curtailment Certification shall be accessed and completed via the following website link: **https://public.waterboards.ca.gov/WRInfo**.  Where the diversion or place of use for the water right(s) listed in Attachment A is in an area subject to a wildfire evacuation order, or where such an evacuation order inhibits the ability of GEORGE S GRISET or their agent or successor to access the necessary information to complete the Curtailment Certification or to log on to complete the form, the deadline is automatically extended until ten (10) days after the lifting of the evacuation order.

5. If an exception(s) to curtailment is needed to continue diverting for non-consumptive uses, minimum human health and safety needs, or minimum diversions for livestock needs, as authorized by Regulation sections 875.1, 875.2, and 875.3, respectively, GEORGE S GRISET or their agent or successor shall complete and submit either a self-certification or a petition using the forms available at: **https://public.waterboards.ca.gov/WRInfo** in addition to completing the Curtailment Certification.

6. All subsequent modifications to this Order, including curtailment suspensions, reinstatements, rescissions, or other modifications, shall be noticed through electronic means, including through the State Water Board's "Scott-Shasta Drought" email distribution list or as posted to the **State Water Board's Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/).  GEORGE S GRISET is responsible for **signing up** for the "Scott-Shasta Drought" e-mail subscription list and/or for checking the State Water Board's Scott River and Shasta River Watersheds Drought Response webpage to receive such notice.

GEORGE S GRISET

Page 4 of 6

7.  Violation of this Order shall be subject to enforcement and any applicable penalties pursuant to Water Code sections 1052, 1058.5, 1831, 1845, and 1846.  To the extent of any conflict between the requirements of this curtailment order and any other applicable orders or conditions of approval, the diverter must comply with the requirements that are most stringent.

8.  Nothing in this Order is intended to or shall be construed to limit or preclude the State Water Board from exercising its authority under any statute, regulation, ordinance, or other law, including but not limited to, the authority to bring enforcement against diverters for unauthorized diversion or use in violation of Water Code section 1052.

9.  Nothing in this Order shall excuse individual water right holders from meeting any more stringent requirements that may be imposed by applicable legally binding legislation, regulations, or a water right permit requirement.  This Order does not authorize any act which results in the taking of a threatened, endangered, or candidate species or any act which is now prohibited, or becomes prohibited in the future, under either the California Endangered Species Act (Fish and Game Code sections 2050 to 2097) or the federal Endangered Species Act (16 U.S.C.A sections 1531 to 1544).

STATE WATER RESOURCES CONTROL BOARD

*Erik Ekdahl*

Erik Ekdahl, Deputy Director
Division of Water Rights

Dated: September 10, 2021

GEORGE S GRISET

Page 5 of 6

# Attachment A

The Login(s) and Password(s) are provided below.  Please use this information to complete the appropriate forms, which are available online at: https://public.waterboards.ca.gov/WRInfo

**Groundwater Well(s)**

| Well Number | Date Work Ended | APN | DWR Completion Report Number |
|:---:|:---:|:---:|:---:|
| 1 | | 019-021-070-000 | |
| 2 | | 019-021-430-000 | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

| Well Number | Login (Water Right ID) | Password (Reporting Identifier) |
|:---:|:---:|:---:|
| 1 | SG005922 | T5FN8S |
| 2 | SG005925 | KU01CQ |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

GEORGE S GRISET

Page 6 of 6

This page is intentionally blank.

EXHIBIT D





GAVIN NEWSOM
GOVERNOR

JARED BLUMENFELD
SECRETARY FOR
ENVIRONMENTAL PROTECTION

# State Water Resources Control Board

September 10, 2021

Darrell Sousa

8331 Big Springs Rd.
Montague, CA 96064

**ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING REQUIREMENTS IN THE SHASTA RIVER WATERSHED (ORDER WR 2021-0082-DWR)**

This letter and the enclosed Order contain important information regarding the curtailment of the water right(s) listed in Attachment A (at the end of the Order), that are owned by Darrell Sousa or their successor in interest. Depending on the water right(s) you hold, Attachment A may include permits and licenses issued after the date of the Shasta Adjudication,[1] water right(s) specified in the Shasta Adjudication, and/or groundwater rights associated with a specific groundwater well or assessor's parcel number (APN).  This letter also describes a certification that is required to be submitted by **September 20, 2021**.  The Login(s)/Water Right Identification Number(s) and Password(s)/Reporting Identifier(s) in Attachment A[2] will be needed to complete the required forms.

Due to the drought and extremely dry conditions, water supply in many parts of California, including the Shasta River watershed, is insufficient to meet a significant portion of water demands, and many people throughout the region have taken steps to

---

[1] Judgement and Decree entered on December 29, 1932 in Siskiyou County Superior Court Case No. 7035, In the Matter of the Determination of the Relative Rights, Based Upon Prior Appropriation, of the Various Claimants to the Waters of Shasta River and its Tributaries in Siskiyou County, California.
[2] If you already report to the State Water Board yourself, Attachment A contains the identification number(s) you normally use to enter information into the State Water Board's electronic Water Rights Information Management System (eWRIMS).  If the Scott River and Shasta River Watermaster District normally reports to the State Water Board on your behalf, or if you are a groundwater diverter, Attachment A has a newly assigned identification number that starts with the letters "SG."

---

E. JOAQUIN ESQUIVEL, CHAIR | EILEEN SOBECK, EXECUTIVE DIRECTOR

1001 I Street, Sacramento, CA 95814 | Mailing Address: P.O. Box 100, Sacramento, CA 95812-0100 | www.waterboards.ca.gov

reduce water use.  The enclosed Order curtails certain surface water and groundwater diversions, describes exceptions to curtailments (including for firefighting needs), and imposes reporting requirements.  This Order is issued under an emergency regulation adopted by the State Water Resources Control Board (State Water Board or Board) that became effective on August 30, 2021.  The enclosed Order describes the steps that you, or your agent of record, must follow to curtail water diversions and to comply with reporting requirements.  You or your agent of record are responsible for immediately notifying all parties that divert water under the water right(s) identified in Attachment A of the enclosed Order and its requirements.

You may already be curtailing water use and/or be unable to divert water due to dry conditions. **Even if you are currently not diverting water, you must respond to this Order.**

This Order does not address water diversions under adjudicated rights for the Willow, Jullian, and Yreka tributaries to the Shasta River.  Water is likely not currently available for diversion in these tributaries now and diversions are likely not occurring.  These water rights are not under the Scott Valley and Shasta Valley Watermaster District's service and the State Water Board's records for these rights are incomplete. The State Water Board intends to issue a separate information and curtailment order for these tributaries shortly.

In addition to the curtailment orders in the Shasta River watershed, the State Water Board is also issuing orders to surface water rights, adjudicated groundwater diversions, and for unreported water rights in the Scott River watershed.  You may have to report additional information if you have multiple water rights or groundwater wells in the Scott River watershed.

It is highly recommended all water users in the watershed sign up to receive notifications on the State Water Board's "Scott-Shasta Drought" email distribution list. You may also visit the State Water Board's **Scott River and Shasta River Watersheds Drought Response webpage**[3] frequently for updates. All future updates on curtailments will be provided through electronic communications.

**Emergency Regulation**
On August 17, 2021, the State Water Board adopted an emergency regulation establishing drought emergency minimum flows in the Scott River and Shasta River watersheds.  (Cal. Code Regs., tit. 23, §§ 875-875.9.)  The regulation was reviewed and approved by the Office of Administrative Law and went into effect upon filing with the Secretary of State August 30, 2021.  The regulation will remain in effect for one year, but could be repealed earlier if water supply conditions improve.  The State Water

---

[3] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/

Board may readopt the regulation if drought conditions continue into next year.  The **regulation** is available online.[4]

## Curtailment of Water Rights in Shasta River Watershed

The State Water Board is requiring certain water right holders in the Shasta River watershed to stop diverting under their water rights until water supply conditions improve in the watershed and there is no longer a risk to minimum flow requirements, to water supplies for minimum human health and safety needs (including firefighting), to minimum livestock needs, or for injury to senior diverters.

The regulation follows the water right priorities in the Shasta River adjudication, and adds in rights that are not addressed under those adjudications (e.g., post-adjudication rights, some groundwater rights).  The regulation does not change the adjudications, or affect the authority of the Scott Valley and Shasta Valley Watermaster District to implement the adjudications, or of the Siskiyou County Superior Court to administer or otherwise retain and exercise jurisdiction over the adjudications. Section 875.5 of the regulation describes the order of priority for curtailments.

Hard copy notices will not be sent out when curtailments are suspended, reinstated, or rescinded.  As flows improve or worsen over the year, changes to curtailment orders will be posted on the State Water Board website (see footnote 3 of this letter) and sent out to individuals that have signed up for the **"Scott-Shasta Drought" Email Subscription List under "Water Rights"**.[5]  **Signing up for this email list is the best way to stay informed about implementation of the regulation, including changes to curtailments.**

## Groundwater Wells

Because the surface water and groundwater are interconnected in the Shasta River watershed, the regulation includes water rights for diversions of surface water as well as appropriative and overlying groundwater diversions, in the order of priority.  Section 875.5 specifies the order in which curtailments shall be issued, taking into account water right priority in groupings from lowest to highest water right priority.

For groundwater diversions, case law recognizes overlying and appropriative rights to groundwater, analogous to riparian and appropriative rights to surface water.  An overlying groundwater right is generally senior and attaches to land overlying a groundwater basin.  An appropriative groundwater right is the type of water right you have if you divert water but:  (1) do not own (or rent or lease) land overlying the basin that you use the water on; (2) own overlying land but use the water on non-overlying

---

[4] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/docs/klamath_reg_ searchable.pdf

[5] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

land; or (3) sell or distribute[6] the water to someone else.  Groundwater appropriators have a priority date from when the groundwater well was constructed, and water first used for non-overlying use.

In the Shasta River watershed, appropriative groundwater pumpers are likely more junior to many surface water diversions, including those described in the adjudication.  This curtailment order does not extend to overlying groundwater users in the Shasta River watershed.  Groundwater diversion curtailment extends only to appropriative groundwater diversions established after November 1912.[7]  **Selling groundwater to be hauled and used at a different location is an appropriative use and must cease immediately (subject to exceptions described below), if the use started after November 1912.**

## Exceptions to Curtailment *(allowances to continue limited diversions)*
The regulation has exceptions for certain types of diversions that may continue even after you receive a curtailment order, if the appropriate form(s) is submitted to the State Water Board (see more on this below).  These are:

- *Non-consumptive Diversions*.  This exception applies if your diversion is not consumptive, meaning that it does not use up water or change the time the water is available to others (i.e., diversions do not decrease stream flows).
- *Minimum Human Health and Safety Diversions*.  This exception applies if your diversion is your only water source for human health and safety purposes, like drinking, cooking, washing, or meeting the state's critical infrastructure needs.  **Please note that diversions for firefighting may continue under this exception.**
- *Minimum Livestock Watering Diversions*.  This exception applies if your diversion is your only source for minimum livestock watering needs.

**If you want to use one of these exceptions to continue diverting, you must submit additional information to the State Water Board using the applicable forms available at:  https://public.waterboards.ca.gov/WRInfo.**

## Required Response – Curtailment Certification Form
Within 10 calendar days of issuance of this curtailment order, all water right holders or their agents receiving this Order are required to submit, under penalty of perjury, a Scott-Shasta Water Right Curtailment Certification Form.  In light of the active fire season, please note that this timeframe is extended until ten (10) days after lifting of any evacuation order affecting the place of use of water for the rights in Attachment A or

---

[6] Sharing a well with your neighbors does not necessarily count as "distributing."  If you have questions about whether your use is "distributing" please call the State Water Board's Scott River and Shasta River Drought phone message line at: (916) 327-3113 or e-mail us at **ScottShastaDrought@waterboards.ca.gov.**
[7] The priority date for groundwater appropriations is the date of well construction and when appropriate use was initiated. Therefore, appropriative groundwater use established prior to November 1912 is not subject to this curtailment.

affecting your access to necessary information or the ability to log on for reporting. The Deputy Director may further extend the deadline for good cause, and the State Water Board recognizes that protection of life and property in these active fire areas may prevent a response within the timelines described in the State Water Board's curtailment orders. If you need further extension of the timeframe for curtailment response in light of wildfires, please contact us at the information below once it is safe for you to do so.

The Scott-Shasta Online Curtailment Certification Form confirms cessation of diversion under your water right and whether you are pursuing an exception to continue limited diversions under the curtailment order. Timely and accurate completion of the form can help you avoid unnecessary enforcement proceedings. Your Login(s)/Water Rights ID and Password(s)/Water Right Identifier(s) are provided in Attachment A of the Order. You can access and complete the form at: **https://public.waterboards.ca.gov/WRInfo**.

Staff are available to answer questions or otherwise assist with completing the form by email to: **ScottShastaDrought@waterboards.ca.gov** and via our phone message line at: (916) 327-3113.

## Local Cooperative Solutions

Water users may also petition to implement local cooperative solutions that would achieve the purposes of the curtailment order. Local cooperative solutions are described in section 875, subdivisions (f)(1) through (f)(4) of the emergency regulation. Proposed local cooperative solutions may be submitted to the Deputy Director at any time, but they may not be implemented instead of complying with a curtailment order unless it has been approved by the Deputy Director. Additional information regarding local cooperative solutions will be provided on the State Water Board website (see footnote 3 of this letter).

Local cooperative solutions should be submitted to the Deputy Director by email to: **ScottShastaDrought@waterboards.ca.gov**. The Deputy Director will review timely submitted proposals as soon as practicable and inform the affected water right holder or claimant of the determination or decision.

## Potential Enforcement

The enclosed Order includes enforceable requirements regarding a water right or claim of right that require your immediate attention. Diverting water in violation of the enclosed Order or the regulation risks administrative fines, a cease and desist order, or prosecution in court. The State Water Board has enforcement discretion and decisions related to enforcement and associated penalties are based on the specific circumstances of the violation. Fines may be up to $1,000 per day of violation. (Wat. Code, §§ 1052, 1055, 1846.)

Please note that the State Water Board's Division of Water Rights (Division) evaluates the location of each diverter relative to ongoing fires before proceeding with any enforcement or investigation, and carefully considers what type of follow-up is appropriate. The Division will exercise discretion when considering enforcement, and

generally will not pursue enforcement where violations are the result of emergency circumstances such as evacuation orders and loss of property due to wildfires. If you are severely impacted by wildfire and receive an enforcement-related notice or order, please contact us when conditions are safe and you are able to do so. Please also note that intentional misstatements, or intentionally claiming fire risk or impacts when none are present, is subject to legal actions and fines.

## Request for Reconsideration

You may submit a petition within 30 days to request that the State Water Board reconsider the enclosed Order. The process and grounds for reconsideration are provided by California Code of Regulations, title 23, sections 768 through 771. Any petition requesting reconsideration must be filed with the State Water Board no later than **October 11, 2021**. To ensure timely consideration, any petition for reconsideration should be emailed to: **ScottShastaDrought@waterboards.ca.gov**.

## Questions, Resources, and How to Stay Informed

Please review resources on the **Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/) if you have questions. You may also contact staff by email at: **ScottShastaDrought@waterboards.ca.gov** or leaving a message at our dedicated Scott River and Shasta River Drought phone line at: (916) 327-3113. Please be aware that calls and emails will be responded to as soon as possible in the order received. Staff will try to return calls within 24 hours, but responses may take a longer depending on call volume.

**We highly encourage you to sign up for the "Scott-Shasta Drought" Email Subscription List under "Water Rights".[8] This is the best way to stay informed about changes to the curtailments and other important information related to the regulation.**

Sincerely,

Erik Ekdahl, Deputy Director
State Water Resources Control Board

Enclosure:    Order Imposing Water Right Curtailment and Reporting Requirements in the Shasta River Watershed for Water Right(s) Listed in Attachment A, including Attachment A thereto

---

[8] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

6

STATE OF CALIFORNIA
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY
STATE WATER RESOURCES CONTROL BOARD

**DIVISION OF WATER RIGHTS**

**ORDER WR 2021-0082-DWR**

---

**IN THE MATTER OF WATER RIGHT(S) LISTED IN ATTACHMENT A OF Darrell Sousa**

**ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING REQUIREMENTS IN THE SHASTA RIVER WATERSHED**

**ISSUED SEPTEMBER 10, 2021**

---

**FINDINGS:**

1. On August 17, 2021, the State Water Resources Control Board (State Water Board or Board) adopted an emergency regulation, titled Establishment of Minimum Instream Flow Requirements, Curtailment Authority, and Information Order Authority in the Klamath River Watershed (hereinafter "Regulation"). The Regulation provides curtailment authority throughout the Klamath River Watershed, and establishes minimum instream flow requirements and information order authority in the Scott River and Shasta River watersheds.  State Water Board **Resolution No. 2021-0029** adopted the Regulation, and describes the need for the Regulation and its intent. State Water Board Resolution No. 2021-0029 is incorporated by reference into this Order.  The Regulation went into effect on August 30, 2021, when it was approved by the Office of Administrative Law and filed with the Secretary of State.  The Regulation establishes minimum instream flows, as measured in cubic feet per second (cfs) at United States Geological Survey gage no. 11517500 located near Yreka, as:

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sept | Oct | Nov | Dec |
|-----|-----|-----|-----|-----|-----|-----|-----|------|-----|-----|-----|
| 135 | 135 | 135 | 70  | 50  | 50  | 50  | 50  | 50   | 125 | 150 | 150 |

2. The Regulation includes California Code of Regulations, title 23,[1] sections 875, 875.1, 875.2, 875.3, 875.5, 875.6, and 875.9, which establish the circumstances under which the State Water Board may issue curtailments in the Shasta River watershed to maintain minimum flows for fish, as well as exceptions to curtailments and curtailment reporting requirements.

---

[1] All subsequent section references in this order are to California Code of Regulations, title 23 unless otherwise noted.

Darrell Sousa

Page 2 of 6

3. The average flow for five recent days in early September (September 2 through September 6) in the Shasta River at the United States Geological Survey (USGS) gage near Yreka (USGS gage number 11517500), was approximately 20 cubic feet per second (cfs), which is 30 cfs below the 50 cfs drought emergency minimum flow for September, as established under section 875, subdivision (c)(2)(A) of the emergency regulation.  For the last two weeks of August and the first week of September, measured flows have ranged between approximately 13 and 31 cfs, not reaching even half of the 50 cfs level.  As described on pages 27-29 of the **Finding of Emergency and Informative Digest** issued on August 12, 2021, and incorporated by reference into this Order, absent curtailments, flows in the Shasta River are not forecasted to meet and stay above the Regulation's drought emergency minimum fishery flows until mid-December.  Additional information regarding the anticipated effect of curtailment under dry conditions is available in the Memorandum to the Deputy Director for the Division of Water Rights from the Senior Environmental Scientist of the Instream Flow Unit in the Division of Water Rights, dated September 9, 2021, and incorporated by reference.

4. Based on the current flow conditions, and the information discussed above, the Deputy Director for the Division of Water Rights has determined that without curtailment as described in the Regulation of diversions junior to approximately November 1912, flows are likely to remain reduced below the minimum flows specified in section 875, subdivision(c)(2)(A).  To ensure that the Regulation's drought emergency minimum flows are met, it is necessary to curtail all of the most junior water right holders in the Shasta River, described in Section 875.5, subdivision (b)(1)(A) [appropriative surface and groundwater rights post-Adjudication], as well as a portion of those water right holders in the priority group described in Section 875.5, subdivision (b)(1)(B) [Shasta Adjudication] with priority dates later than November 1912.

5. Once the base flows are established through precipitation or contributions from the curtailments, ongoing assessment of water supply and demand projections will be more pertinent to the management of curtailments in the order of priority.  If the river responds more quickly to curtailment than anticipated, the Deputy Director will lift curtailments in the order of priority.

6. The wildfire season in Northern California is highly active, and communities across the state, including Siskiyou County and some reaches of the Scott Valley, have been periodically at risk.  Preparation of homes and properties to best survive imminent wildfire require the upmost attention of residents, and evacuations can present immense logistical challenges.  Protection of life and property in these active fire areas may prevent a response within the timelines required in the State Water Board's curtailment order.  In order not to interfere with critical preparations or burden evacuees, this Order provides an automatic extension of the reporting requirements under the Order where the affected diversions, properties, or reporters are affected by evacuation orders.

Darrell Sousa

Page 3 of 6

**IT IS HEREBY ORDERED:**

1. This curtailment order shall be effective on September 11, 2021.

2. Diversion of water in the Shasta River watershed pursuant to the water right(s) listed in Attachment A shall cease on September 11, 2021, or upon delivery of this Order, whichever is later.  Diversions under this right may be permitted to continue only if authorized under an exception to curtailment as described by sections 875.1, 875.2, and 875.3 of the Regulation.

3. In accordance with section 875, subdivision (d)(1) of the Regulation, the water rights holder or agent of record who receives this Order is responsible for immediately providing notice of this Order to all diverters exercising the water right(s) associated with this Order.

4. Darrell Sousa or their agent or successor is required, by September 20, 2021, to submit under penalty of perjury an online Scott-Shasta Water Right Curtailment Certification form (Curtailment Certification) in accordance with section 875.6 subdivision (a) for each water right listed in Attachment A. Attachment A lists the Water Rights ID/Login(s) and Password(s)/Water Right Identifier(s) to be used for reporting requirements. The Curtailment Certification shall be accessed and completed via the following website link: **https://public.waterboards.ca.gov/WRInfo**.  Where the diversion or place of use for the water right(s) listed in Attachment A is in an area subject to a wildfire evacuation order, or where such an evacuation order inhibits the ability of Darrell Sousa or their agent or successor to access the necessary information to complete the Curtailment Certification or to log on to complete the form, the deadline is automatically extended until ten (10) days after the lifting of the evacuation order.

5. If an exception(s) to curtailment is needed to continue diverting for non-consumptive uses, minimum human health and safety needs, or minimum diversions for livestock needs, as authorized by Regulation sections 875.1, 875.2, and 875.3, respectively, Darrell Sousa or their agent or successor shall complete and submit either a self-certification or a petition using the forms available at: **https://public.waterboards.ca.gov/WRInfo** in addition to completing the Curtailment Certification.

6. All subsequent modifications to this Order, including curtailment suspensions, reinstatements, rescissions, or other modifications, shall be noticed through electronic means, including through the State Water Board's "Scott-Shasta Drought" email distribution list or as posted to the **State Water Board's Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/).  Darrell Sousa is responsible for **signing up** for the "Scott-Shasta Drought" e-mail subscription list and/or for checking the State Water Board's Scott River and Shasta River Watersheds Drought Response webpage to receive such notice.

Darrell Sousa

Page 4 of 6

7. Violation of this Order shall be subject to enforcement and any applicable penalties pursuant to Water Code sections 1052, 1058.5, 1831, 1845, and 1846.  To the extent of any conflict between the requirements of this curtailment order and any other applicable orders or conditions of approval, the diverter must comply with the requirements that are most stringent.

8. Nothing in this Order is intended to or shall be construed to limit or preclude the State Water Board from exercising its authority under any statute, regulation, ordinance, or other law, including but not limited to, the authority to bring enforcement against diverters for unauthorized diversion or use in violation of Water Code section 1052.

9. Nothing in this Order shall excuse individual water right holders from meeting any more stringent requirements that may be imposed by applicable legally binding legislation, regulations, or a water right permit requirement.  This Order does not authorize any act which results in the taking of a threatened, endangered, or candidate species or any act which is now prohibited, or becomes prohibited in the future, under either the California Endangered Species Act (Fish and Game Code sections 2050 to 2097) or the federal Endangered Species Act (16 U.S.C.A sections 1531 to 1544).

STATE WATER RESOURCES CONTROL BOARD

Erik Ekdahl, Deputy Director
Division of Water Rights

Dated: September 10, 2021

Darrell Sousa

Page 5 of 6

## Attachment A

The Login(s) and Password(s) are provided below.  Please use this information to complete the appropriate forms, which are available online at: **https://public.waterboards.ca.gov/WRInfo**

**Groundwater Well(s)**

| Well Number | Date Work Ended | APN | DWR Completion Report Number |
|---|---|---|---|
| 1 | | 039-340-240 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

| Well Number | Login (Water Right ID) | Password (Reporting Identifier) |
|---|---|---|
| 1 | SG005927 | ALV18A |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

Darrell Sousa

Page 6 of 6

This page is intentionally blank.

EXHIBIT E



**SUPERIOR COURT OF CALIFORNIA - COUNTY OF SISKIYOU**
411 Fourth Street, Yreka, CA 96097
(530) 842-0411

DATE:  July 26, 2021

HON. JoANN BICEGO, JUDGE
CLERK:  E. FISHER

---

PEOPLE OF THE STATE OF CALIFORNIA,

           Plaintiff,

vs.

STEPHEN D. GRISET; GEORGE S. GRISET as a
Trustee of the George S. Griset Revocable Trust;
GEORGE S. GRISET as an individual; GRISET
FARMS INC.; and DOES 1-100, inclusive,

           Defendants.

CASE NO: CVCV-20-810

RECEIVED BY
SISKIYOU COUNTY
OFFICE OF THE DISTRICT ATTORNEY
July 30 2021

311 4TH ST. - PO BOX 986
YREKA, CA 96097

---

NATURE OF PROCEEDINGS: RULING ON DEMURRER TO FIRST AMENDED COMPLAINT

On February 19, 2021, Plaintiff filed a First Amended Complaint for Permanent Injunction, Civil
Penalties and Other Equitable Relief. Defendants filed a general and special demurrer and
motion to strike on March 18, 2021, which was heard on May 6, 2021.[1]

A defendant may file a demurrer to a complaint on one or more of the grounds set forth in
Code of Civil Procedure §430.10.  A demurrer must distinctly specify the grounds of objection
and must set forth each ground in a separate paragraph and state whether it applies to the
entire complaint or to specific causes of action. (Code of Civ. Proc. §430.60; Cal Rules of Ct
3.1320(a).)

Defendants chose not to file a separate demurrer, leaving the court to determine from their
notice of motion and points and authorities what their objections are. The caption indicates
they are seeking a general and special demurrer but neither the notice nor the points and
authorities specify the basis for a special demurrer. The body of the notice indicates they are
seeking a general demurrer, special demurrer, and motion to strike as to each cause of action,
but the points and authorities fail to include any argument as to the requested motion to strike.
Moreover, defendants failed to quote in full the portions of the complaint they seek to have

---

[1] Defendants' motion was titled ". . . Demurrer of Plaintiff's Second Amended Complaint . . ." but counsel clarified
at the hearing that the demurrer was to the First Amended Complaint and a Second Amended Complaint had not
been filed.

stricken or specify that the motion goes to an entire cause of action, as required by California Rules of Court, Rule 3.1322(a).

A liberal reading of Defendants' points and authorities indicates that their demurrer as to each cause of action is based on allegations that the first amended complaint fails to state facts sufficient to constitute a cause of action. (Code of Civ. Proc. §430.10(e).) They further contend that the first and fourth cause of action are uncertain. (Code of Civ. Proc. §430.10(f).)

In ruling on a demurrer, the court must take all material facts pleaded as true. (*Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 998.) The court must liberally construe the allegations in the pleading and uphold the pleading if the facts alleged are adequate to state a cause of action under any theory. (*Id.*) Even if the facts are not clearly stated, a pleading showing some right to relief will withstand demurrer. (*Gressley v. Williams* (1961) 193 Cal.App.2d 636, 643-44.) The court must interpret the complaint reasonably, reading it as a whole and considering all parts in context. (*Courtesy Ambulance Serv. v. Superior Court* (1992) 8 Cal.App4th 1504, 1419.)

<u>First Cause of Action – Siskiyou County Zoning Ordinance</u>

The first cause of action in the first amended complaint alleges that Defendants are operating a bulk water service station in violation of Siskiyou County's zoning ordinance. Pursuant to section 10-6.203 of the Siskiyou County Code, property shall not be used "for any purpose or in any manner other than is included among the uses listed as permitted in the district in which [the property is] located." The complaint alleges that Defendants' property is located in Prime Agricultural District (AG-1) or Non-Prime Agricultural District (AG-2). The uses permitted in those districts are set forth in sections 10-6.5002 and 10-6.4902. The use relevant to the allegations in this case is "accessory uses incidental to agriculture." (Siskiyou County Code, Sec. 10-6.5002(b) and 10-6.4902(b).)

Defendants claim that the cause of action is uncertain because it does not specify what makes the defendants' use violative of agricultural accessory uses. They further claim that the complaint fails to state a cause of action because it does not explain how operating wells is not an accessory use incidental to agriculture. They also contend that the County Planning Director or Board of Supervisors is required to conduct a hearing or otherwise determine whether Defendants' use of water extracted from their property is a use permitted by the County zoning ordinance before a cause of action can be stated against them.

Defendants' contention that section 10-6.303 requires the Planning Director to act is misplaced. That section authorizes the Planning Director to evaluate uses in certain circumstances but does not make an administrative process a requirement prior to suit being filed for a violation of the zoning ordinance.

Defendants' argument that their alleged activities constitute a non-conforming use under the zoning ordinance is also misplaced. A nonconforming use is one that was lawful prior to

2

adoption of a particular ordinance but fails to conform to current requirements of a zoning district. (Siskiyou County Code, Sec. 10-6.3602.122.) The zoning ordinances in question have been in existence in their current format since at least 1994. The complaint is based on allegations that the Defendants are operating a bulk water service station and selling the water for the purpose of irrigating cannabis fields. There is no allegation that the alleged activities pre-date the zoning ordinance.

The County code defines "agriculture" and "accessory use." (Siskiyou County Code, Secs. 10-6.3602.6 and 10-6.2602.2.) Whether or not the alleged use is a use incidental to agriculture is an ultimate issue to be determined in this case. The court finds that the first cause of action in the first amended complaint is not uncertain and that it adequately states a cause of action.

Second Cause of Action – Siskiyou County Groundwater Ordinance

The second cause of action in the first amended complaint alleges that Defendants extracted groundwater from a well on their property, piped it to a bulk water service station, discharged it into water trucks and sold it, knowing that it would be used in the illegal cultivation of cannabis.

Defendants raise multiple objections to the second cause of action, most based on disagreements with the manner in which the County of Siskiyou adopted its ordinance. They claim, among other things, that Plaintiff cannot state a cause of action unless the groundwater ordinance is included in a groundwater sustainability plan adopted by the Siskiyou County Flood Control and Water Conservation District. They further claim that a cause of action cannot be sustained unless there is first a separate in rem proceeding to weigh the facts and evidence regarding the reasonable and beneficial use of water. Alternatively, they claim that the State Water Resources Control Board has jurisdiction over water used for cannabis. None of these arguments is supported by the relevant statutory authority.

Siskiyou County has regulated personal and commercial cannabis cultivation. Commercial cannabis activity is expressly prohibited in all unincorporated areas of the county. (Siskiyou County Code, Sec. 10-15-010 et seq.) Personal cannabis cultivation is permitted in a detached residential accessory structure to a single-family dwelling unit, and is limited to twelve plants. A legal water source must exist on the property and outdoor cultivation is prohibited. (Siskiyou County Code, Sec. 10-14.010 et seq.)

In 1998, Siskiyou County adopted a groundwater management plan set forth in Title 3, Chapter 13 of the Siskiyou County Code. In 2020, Article 7 was added to Chapter 13, finding that extraction and discharge of groundwater for the use in the cultivation of cannabis in violation of County cannabis cultivation regulations is inconsistent with the California Constitution and Water Code, constitutes the waste and/or unreasonable use of groundwater, and is a public nuisance and threat to public health, safety and welfare. (Siskiyou County Code, Sec. 3-13-701.) Section 3-13.702 prohibits the wasting of groundwater and establishes that extracting and

discharging groundwater "for use in cultivating cannabis" in violation of Chapters 14 or 15 of the Siskiyou County Code is prohibited. (Siskiyou County Code, Sec. 3-13-702(a).)

Defendants argue that the ordinance only prohibits use of water and that to sustain a cause of action against them, Plaintiff must allege that they used the water in question for the cultivation of marijuana. Such an interpretation ignores the clear language of the ordinance. Section 3-13.702(c) provides that no person "shall knowingly use water extracted in violation of this section." The first amended complaint, however, alleges that Defendants violated Section 3-13.702(a) which prohibits the extraction and discharge of groundwater "for use in cultivating cannabis." The complaint further alleges that the defendants knew the water they sold was being used in the cultivation of cannabis.

Defendants contend that the regulation in question can only be accomplished through the Sustainable Groundwater Management Act (Water Code §10720 et seq.). It is undisputed that the Siskiyou County Flood Control and Water Conservation District ("District") has been designated Siskiyou County's groundwater sustainability agency with authority to develop and implement a groundwater sustainability plan. It is also undisputed that the District has not yet implemented such a plan.

The stated purpose of the Groundwater Management Act is to provide sustainable management of groundwater basins. (Water Code §10720.1.) A groundwater management plan is required to address various factors related to managing and sustaining groundwater, not designating specific uses to which groundwater is put. (Water Code §§10727.2, 10727.4.) The Groundwater Management Act also specifically states that it shall not be interpreted as superseding the land use authority of cities and counties. (Water Code §10726.8(f).)

The County ordinance in question does not seek to regulate groundwater basins or the amount of water that may be extracted. Rather, it seeks to regulate the use of water extracted specifically for use in illegal cannabis cultivation. The court does not find that this is inconsistent with the Groundwater Management Act, the California Constitution, or other state regulation or that the County is precluded as a matter of law from prohibiting the use of groundwater in the use of illegal cannabis cultivation. The court finds that Plaintiff has adequately stated a cause of action.

Third Cause of Action – Public Nuisance Per Se

The third cause of action in the first amended complaint alleges that the Defendants violated the Siskiyou County Zoning and Groundwater ordinances, as more fully described above, and that the violation constitutes a public nuisance per se under relevant state and county authority.

Defendants' demurrer with respect to this cause of action is combined with its arguments related to the first and second causes of action and seems to be based primarily on their contention that they either did not violate the ordinances in question or that the County did

4

not follow the proper procedure in adopting and/or enforcing the ordinances in question. For the reasons set forth above with regard to the first and second causes of action, and because the complaint adequately alleges a basis for a nuisance cause of action, the court finds that a cause of action for public nuisance has been adequately pled.

Fourth Cause of Action – Unfair Competition Law

The fourth cause of action in the first amended complaint alleges that Defendants engaged in unfair business practices under Business and Professions Code §17200 *et seq*. The complaint specifically alleges that Defendants engaged in unlawful business practices by violating the Siskiyou County Zoning and Groundwater ordinances, as more fully described above.

Defendants allege that they merely pumped water which cannot be an unfair or unlawful activity. They further claim that it is not alleged that they personally use the water at issue for cannabis production or operate or own the trucks used. They further allege that the allegations are vague and fail to provide them with sufficient facts to provide notice as to what is being alleged.

Business & Professions Code §17204 permits a county district attorney to pursue a claim for unlawful business practices. An unfair competition action based on "unlawful" business practices is liberally construed to extend beyond traditional anticompetitive practices. (*People v. E.W.A.P., Inc.* (1980) 106 Cal.App.3d 315, 381.) Unfair competition laws extend to "anything that can properly be called a business practice and that at the same time is forbidden by law." (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 112-13.)

The first amended complaint alleges that Defendants are ranchers operating a ranching business and that they operate a bulk water service station business on their land. Plaintiff has adequately alleged a business practice. Plaintiff has also specifically alleged the laws it claims Defendants have violated. The court finds that the fourth cause of action adequately states a valid cause of action and that it provides sufficient allegations to put Defendants on notice as to the allegations that support the cause of action.

**THE COURT ORDERS:**

**Plaintiff's request for judicial notice is granted. Defendants' motion to strike the first amended complaint is denied. Defendants' demurrer to the first amended complaint is overruled.**

Dated: July 26, 2021

_JoAnn M Bicego_
Judge JoAnn M. Bicego

5

Copies to:

Marth Aker, Assistant District Attorney, P.O. Box 986, Yreka, CA 96097

Paul Minasian, Minasian, Meith, Soares, Sexton & Cooper, LLP, P.O. Box 1679, Oroville, CA 95965

CERTIFICATION OF MAILING

I, Renee McCanna Crane, Clerk of the above-entitled Court, certify under penalty of perjury that I am legally competent and not a party to this action; and that on the date indicated below I served a copy of this document on each of the persons listed above by sealing it in an envelope addressed as shown, with prepaid postage thereon, and then placing the envelope in the area of the Clerk's office that is designated for the pickup of mail to be deposited on the same day with the U.S. Postal Service at Yreka, California. The date shown below is also the date of this certification.

Date:   **JUL 2 7 2021**

Renee McCanna Crane, Clerk

By: _E. Fisher_

Deputy Clerk

6

EXHIBIT F



SUPERIOR COURT OF CALIFORNIA - COUNTY OF SISKIYOU
411 Fourth Street, Yreka, CA 96097
(530) 842-0411

BY: _E. Fisher_
DEPUTY CLERK

DATE:  July 26, 2021

HON. JoANN BICEGO, JUDGE
CLERK:  E. FISHER

---

PEOPLE OF THE STATE OF CALIFORNIA,

                Plaintiff,

vs.

SHANNON M. SPENCER, as an individual;
SHANNON M. SPENCER, as a Trustee of the
Ellison Family Trust; ELI J. WALTERS as an
individual; ELI J. WALTERS, as a Trustee of
the Ellison Family Trust; SHERRI K. ELLISON;
GARRET A. WALTERS; SETH S. WALTERS; and
DOES 1 – 100, Inclusive,

                Defendants.

CASE NO: CVCV-20-809

RECEIVED BY
SISKIYOU COUNTY
OFFICE OF THE DISTRICT ATTORNEY

JUL 2 0 2021

311 4TH ST. - PO BOX 986
YREKA, CA 96097

---

NATURE OF PROCEEDINGS: RULING ON DEMURRER AND MOTION TO STRIKE FIRST AMENDED COMPLAINT

On March 2, 2021, Plaintiff filed a First Amended Complaint for Permanent Injunction, Civil Penalties and Other Equitable Relief. Defendants filed a demurrer and motion to strike on April 5, 2021, which were heard on May 6, 2021. Defense counsel did not appear at the hearing and the demurrer and motion to strike were submitted on the pleadings.

<u>Motion to Strike</u>

Defendants filed a motion to strike the complaint in its entirety on the basis that it was untimely filed. Defendants allege that the amended complaint was to be filed by February 26, 2021 by order of the court but that it was not filed until March 2, 2021. They further claim that certain matters in the first amended complaint are irrelevant, false and/or improper and should be stricken.

Plaintiff claims that the court did not hear Defendants' demurrer to the original complaint due to irregularities, and neither ordered an amended complaint nor set a deadline for the filing of an amended complaint.

1

any manner other than is included among the uses listed as permitted in the district in which [the property is] located." The complaint alleges that Defendants' property is located in Prime Agricultural District (AG-1) or Non-Prime Agricultural District (AG-2). The uses permitted in those districts are set forth in sections 10-6.5002 and 10-6.4902. The use relevant to the allegations in this case is "accessory uses incidental to agriculture." (Siskiyou County Code, Sec. 10-6.5002(b) and 10-6.4902(b).)

Defendants confuse the first and second causes of action in their argument. They claim that the first cause of action fails to state a cause of action because the ordinance prohibiting use of groundwater for illegal cannabis cultivation does not provide for pre-existing non-conforming uses and due process associated with such uses. Defendants' points and authorities further confuse the first and second causes of action by arguing about the applicability of the Groundwater Sustainability Act.

The first cause of action clearly alleges a violation of the County zoning ordinance. The issue, as set forth in the first amended complaint, is whether operation of a bulk water service station is an accessory use incidental to agriculture and does not relate specifically to the groundwater ordinance.

Defendants' claim that their alleged activities constitute a non-conforming use under the zoning ordinance is also misplaced. A nonconforming use is one that was lawful prior to adoption of a particular ordinance but fails to conform to current requirements of a zoning district. (Siskiyou County Code, Sec. 10-6.3602.122.) The zoning ordinances in question have been in existence in their current format since at least 1994. The complaint is based on allegations that the Defendants are operating a bulk water service station and selling the water for the purpose of irrigating cannabis fields. There is no allegation that the alleged activities pre-date the zoning ordinance.

The County code defines "agriculture" and "accessory use." (Siskiyou County Code, Secs. 10-6.3602.6 and 10-6.2602.2.) Whether or not the alleged use is a use incidental to agriculture is an ultimate issue to be determined in this case. The court finds that the first cause of action in the first amended complaint adequately states a cause of action.

Second Cause of Action – Siskiyou County Groundwater Ordinance

The second cause of action in the first amended complaint alleges that Defendants extracted groundwater from a well on their property, piped it to a bulk water service station, discharged it into water trucks and sold it, knowing that it would be used in the illegal cultivation of cannabis.

Defendants raise multiple objections to the second cause of action, most based on disagreements with the manner in which the County of Siskiyou adopted its ordinance. They claim, among other things, that Plaintiff cannot state a cause of action unless the groundwater ordinance is included in a groundwater sustainability plan adopted by the Siskiyou County Flood

Control and Water Conservation District.  They further claim that a cause of action cannot be sustained unless there is first a separate in rem proceeding to weigh the facts and evidence regarding the reasonable and beneficial use of water. Alternatively, they claim that the State Water Resources Control Board ("SWRCB") has jurisdiction over water used for cannabis. None of these arguments is supported by the relevant statutory authority.

Siskiyou County has regulated personal and commercial cannabis cultivation. Commercial cannabis activity is expressly prohibited in all unincorporated areas of the county. (Siskiyou County Code, Sec. 10-15-010 *et seq.*) Personal cannabis cultivation is permitted in a detached residential accessory structure to a single-family dwelling unit and is limited to twelve plants. A legal water source must exist on the property and outdoor cultivation is prohibited. (Siskiyou County Code, Sec. 10-14.010 *et seq.*)

In 1998, Siskiyou County adopted a groundwater management plan set forth in Title 3, Chapter 13 of the Siskiyou County Code. In 2020, Article 7 was added to Chapter 13, finding that extraction and discharge of groundwater for the use in the cultivation of cannabis in violation of County cannabis cultivation regulations is inconsistent with the California Constitution and Water Code, constitutes the waste and/or unreasonable use of groundwater, and is a public nuisance and threat to public health, safety and welfare. (Siskiyou County Code, Sec. 3-13-701.) Section 3-13.702 prohibits the wasting of groundwater and establishes that extracting and discharging groundwater "for use in cultivating cannabis" in violation of Chapters 14 or 15 of the Siskiyou County Code is prohibited. (Siskiyou County Code, Sec. 3-13-702(a).) Contrary to the defendants' argument, the ordinance does not preclude use of groundwater for <u>all</u> cannabis cultivation but only for <u>unlawful</u> cannabis cultivation.

Defendants argue that the SWRCB has exclusive authority to regulate the use of water for cannabis cultivation under Water Code §13149. Section 13149 requires the SWRCB to adopt principles and guidelines for diversion and use of water for cannabis cultivation in areas with the potential to substantially affect instream flows. Such regulations would apply to lawful cannabis cultivation in Siskiyou County and would not conflict with the County ordinance in question which deals only with unlawful cultivation and completely prohibits the extraction and discharge of groundwater for use in unlawful cannabis cultivation. Defendants have provided no authority, and it makes little sense, to interpret the law as requiring a state agency to adopt regulations for activity that a local entity has declared unlawful.

Defendants contend that the regulation in question can only be accomplished through the Sustainable Groundwater Management Act (Water Code §10720 *et seq.*). It is undisputed that the Siskiyou County Flood Control and Water Conservation District ("District") has been designated Siskiyou County's groundwater sustainability agency with authority to develop and implement a groundwater sustainability plan. It is also undisputed that the District has not yet implemented such a plan.

The stated purpose of the Groundwater Management Act is to provide sustainable management of groundwater basins. (Water Code §10720.1.) A groundwater management plan

4

is required to address various factors related to managing and sustaining groundwater, not designating specific uses to which groundwater is put. (Water Code §§10727.2, 10727.4.) The Groundwater Management Act also specifically states that it shall not be interpreted as superseding the land use authority of cities and counties. (Water Code §10726.8(f).)

The County ordinance in question does not seek to regulate groundwater basins or the amount of water that may be extracted. Rather, it seeks to regulate the use of water extracted specifically for use in illegal cannabis cultivation. The court does not find that this is inconsistent with the Groundwater Management Act, the California Constitution, or other state regulation or that the County is precluded as a matter of law from prohibiting the use of groundwater in the use of illegal cannabis cultivation. The court finds that Plaintiff has adequately stated a cause of action.

Third Cause of Action – Public Nuisance Per Se

The third cause of action in the first amended complaint alleges that the Defendants violated the Siskiyou County Zoning and Groundwater ordinances, as more fully described above, and that the violation constitutes a public nuisance per se under relevant state and county authority.

Defendants' demurrer with respect to this cause of action is combined with its arguments related to the first and second causes of action and seems to be based primarily on their contention that they either did not violate the ordinances in question or that the County did not follow the proper procedure in adopting and/or enforcing the ordinances in question. For the reasons set forth above with regard to the first and second causes of action, and because the complaint adequately alleges a basis for a nuisance cause of action, the court finds that a cause of action for public nuisance has been adequately pled.

Fourth Cause of Action – Unfair Competition Law

The fourth cause of action in the first amended complaint alleges that Defendants engaged in unfair business practices under Business and Professions Code §17200 et seq. The complaint specifically alleges that Defendants engaged in unlawful business practices by violating the Siskiyou County Zoning and Groundwater ordinances, as more fully described above.

Defendants allege that the first amended complaint is defective because it fails to allege that they are producing or selling cannabis or competing with any other party. Such allegations are unnecessary under the circumstances of this case and the relevant law.

Business & Professions Code §17204 permits a county district attorney to pursue a claim for unlawful business practices. An unfair competition action based on "unlawful" business practices is liberally construed to extend beyond traditional anticompetitive practices. (*People v. E.W.A.P., Inc.* (1980) 106 Cal.App.3d 315, 381.) Unfair competition laws extend to "anything

that can properly be called a business practice and that at the same time is forbidden by law." (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 112-13.)

The first amended complaint alleges that Defendants are ranchers operating a ranching business or are associated with a ranching business and that they operate a bulk water service station business on their land. Plaintiff has adequately alleged a business practice. Plaintiff has also specifically alleged the laws it claims Defendants have violated. The court finds that the fourth cause of action adequately states a valid cause of action and that it provides sufficient allegations to put Defendants on notice as to the allegations that support the cause of action.

Special Demurrer

Defendants allege that each cause of action is uncertain because the amended complaint does not allege how the Board of Supervisors has subsumed authority given to the Court under Water Code §10737.2 or the authority of the Flood Control and Water Conservation District to adopt groundwater management plans. Neither allegation has merit.

Water Code §10737.2 applies to adjudication actions to determine rights to groundwater. Nowhere in the first amended complaint does Plaintiff allege the defendants do not have rights to the groundwater in question. Water Code §10737.2 has no application to the issues raised in the first amended complaint.

As discussed above, the Groundwater Management Act does not preclude the action taken by the County of Siskiyou in precluding the use of groundwater in illegal cannabis cultivation. Furthermore, the ordinance in question cannot reasonably be construed as a groundwater management plan as that term is defined in the Act.

THE COURT ORDERS:

Plaintiff's request for judicial notice is granted. Defendants' request for judicial notice is granted.

Defendants' motion to strike the first amended complaint and/or portions thereof is denied.

Defendants' general and special demurrers to the first amended complaint are overruled.

Dated: July 26, 2021

_JoAnn M Bicego_
Judge JoAnn M. Bicego

6

Copies to:

Marth Aker, Assistant District Attorney, P.O. Box 986, Yreka, CA 96097

Eric A. Berg, Law Offices of Eric A. Berg, Inc., 5000 Bechelli Lane, #201, Redding, CA 96002

<u>CERTIFICATION OF MAILING</u>

I, Renee McCanna Crane, Clerk of the above-entitled Court, certify under penalty of perjury that I am legally competent and not a party to this action; and that on the date indicated below I served a copy of this document on each of the persons listed above by sealing it in an envelope addressed as shown, with prepaid postage thereon, and then placing the envelope in the area of the Clerk's office that is designated for the pickup of mail to be deposited on the same day with the U.S. Postal Service at Yreka, California. The date shown below is also the date of this certification.

Date:   JUL 2 7 2021

Renee McCanna Crane, Clerk

By: _E. Archer_

Deputy Clerk

7