1   **SPINELLI, DONALD & NOTT**
    A Professional Corporation
2   DOMENIC D. SPINELLI (SBN: 131192)
    J. SCOTT DONALD (SBN: 158338)
3   601 University Avenue, Suite 225
    Sacramento, CA 95825
4   Telephone: (916) 448-7888
    Facsimile:  (916) 448-6888
5
    Attorneys for Defendants County of
6   Siskiyou; Jeremiah LaRue and Jesus
    Fernandez, in their official capacities
7   as members of the Siskiyou County
    Sheriff's Department and in their individual
8   capacities; Brandon Criss, Ed Valenzuela,
    Michael N. Kobseff, Nancy Ogren, and
9   Ray A. Haupt, in their official capacities
    as members of the Siskiyou County Board
10  of Supervisors and in their individual
    capacities; Edward Kiernan, in his official
11  capacity as County Counsel for Siskiyou
    County and in his individual capacity;
12  and DOES 1-100

13                  UNITED STATES DISTRICT COURT

14             FOR THE EASTERN DISTRICT OF CALIFORNIA

15                      SACRAMENTO DIVISION

16  Dilevon Lo, Jerry Vang, Nathan Thao, Mao      Case No. 2:21-cv-00999-KJM-DMC
    Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia
17  Thai Vang, Zeng Lee, Der Lee and Khue Cha,    **AFFIDAVIT OF RICK DEAN IN**
                                                  **SUPPORT OF DEFENDANTS' MOTION**
18                                                **FOR DISSOLUTION OF THE COURT'S**
                                                  **ORDER GRANTING A PARTIAL**
19              Plaintiffs,                        **PRELIMINARY INJUNCTION**

20      vs.

21  County of Siskiyou; Jeremiah LaRue and        Complaint Filed:  June 4, 2021
    Jesus Fernandez, in their official capacities as  First Amended Complaint Filed: July 15, 2021
22  members of the Siskiyou County Sheriff's
    Department and in their individual capacities;  **Date:   March 25, 2022**
23  and Brandon Criss, Ed Valenzuela, Michael N.  **Time:  10:00 AM**
    Kobseff, Nancy Ogren, and Ray A. Haupt, in    **Courtroom: 3, 15th Floor**
24  their official capacities as members of the
    Siskiyou County Board of Supervisors and in   Judge: Hon. Kimberly J. Mueller
25  their individual capacities; Edward Kiernan, in
    his official capacity as County Counsel for
26  Siskiyou County and in his individual
    capacity; and DOES 1-100,                     **[FEES EXEMPT PURSUANT TO**
27                                                **GOVERNMENT CODE SECTION 6103]**
                Defendants.
28

                                      1
        AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
             COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

1        I, Rick Dean, do hereby declare:

2        1.      I previously provided a declaration dated June 10, 2021 in Opposition to Plaintiffs'

3    Application for a Temporary Restraining Order and Preliminary Injunction.

4        2.      Both of the permits at issue, the Application for Groundwater Extraction for Use

5    Off-Site and the Special Use Form-Water Tender Permit were required under urgency ordinances.

6    In such circumstances, permits are frequently subject to revision. Due to changes to the ordinances

7    giving rise to those permits, there have been further revisions to both permits.

8        3.      It is a typical process for the County when creating permits in furtherance of newly

9    adopted County ordinances that the permitting process and the permits themselves require some

10   revision. Following the enactment of Ordinances 21-07 and 21-08, permits and a permitting process

11   were developed to be utilized by County employees. The permits were already being modified at

12   the time Plaintiffs' in this case initiated litigation. Some revisions to the permits predated the

13   Court's Order. Consistent with resolutions passed by the Board of Supervisors further modifying

14   the underlying ordinances, the permits have been further revised.

15       4.      The current Application for Groundwater Extraction for Use Off-Site is attached

16   hereto as **Exhibit A**. This application has been reduced from a four-page form to 1½ pages.

17       5.      Due to the fact that many of the properties in Mount Shasta Vista and other rural

18   areas in the county do not have street addresses, when filling out a permit application for

19   groundwater extraction, an applicant has the option of identifying the properties for extraction and

20   delivery by APN or address. While applicants were never required to provide both an APN and an

21   address, the application form has been clarified in order to make it clear that only one of the options

22   is required. Furthermore, and contrary to the Szendrey affidavit, a person receiving water is not

23   required to be the owner of the property, but only that the applicant's occupation of the property

24   and use of the water is legal. Furthermore, the applicant is not required to identify the zoning

25   designation of the properties for extraction and delivery.

26       6.      Due to the fact that under the applicable County ordinances groundwater may not be

27   used for illegal marijuana cultivation, an applicant must certify that the water will not be used for

28   that illegal purpose. However, an applicant may declare the use as agricultural, residential or some

2
AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

other legal purpose. Furthermore, applicants are no longer required to estimate the number of deliveries or volume of water to be delivered. Additionally, potable water has been exempted from the permitting process.

7.    Neither the groundwater extraction permit nor the water tender permit require detailed routes of travel by the water trucks as the ordinances are now to be applied county wide.

8.    If an applicant obtains an off-parcel permit, a corresponding trucking permit(s) is required as the former satisfies the requirements for the latter. The current application for a Special Use Form – Water Tender Permit is attached hereto as **Exhibit B**.

9.    The classification of a given water basin is determined by the California Department of Water Resources (CDWR) and not the County. Similarly, it is the CDWR and not the County that has created the water well standards. Local jurisdictions such as the County in this case, issues permits for the drilling of wells consistent with the state requirements and also applicable zoning restrictions as determined by the County Planning Division.

10.    In addition to its own ordinances, the County is required to follow State guidelines concerning water conservation. Many of those guidelines come from the California Department of Water Resources (CDWR). According to the latest information provided by the CDWR, California remains in a condition of extreme drought. Under normal circumstances groundwater is an important source of water to the State's inhabitants. During an average year, California's 515 alluvial groundwater basins and sub-basins contribute approximately 38% toward the State's total water supply. During dry years, groundwater contributes up to 46% (or more) of the statewide annual supply, and serves as a critical buffer against the impacts of drought and climate change. According to the CDWR, municipal, agricultural, and disadvantaged communities rely on groundwater for up to 100% of their water supply needs. However, as the CDWR cautions, when groundwater is extracted in excess of what nature or man-made recharge efforts can replenish, groundwater elevations drop.

11.    In Siskiyou County there are four basins that fall under the requirements of the Sustainable Groundwater Management Act (SGMA) which have been determined by the CDWR to be medium-priority basins. These include the Shasta Valley groundwater basin, the Scott Valley

AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

1   groundwater basin, the Butte Valley groundwater basin and the Tulelake groundwater basin. Under

2   the SGMA, the CDWR requires each of the designated basins to have its own Groundwater

3   Sustainability Agency (GSA). In turn, each GSA is charged with creating a Groundwater

4   Sustainability Plan (GSP) in order to assess the current and projected future conditions of the basins

5   and establish management and monitoring activities as well as long-term goals.

6         12.    The GSAs for the four medium-priority basins in Siskiyou County all have GSPs in

7   process. As part of their sustainability plans, the GSPs including the GSA for the Shasta Valley

8   groundwater basin, include projects and Management Actions either already in place or being

9   developed which are designed to ensure conservation and sustainability goals.

10        13.    With respect to the Shasta Valley GSP that is in process, the GSA for that basin

11  specifically references restrictions for using groundwater for cannabis cultivation per Article 7,

12  Chapter 13 of Title 3 of the County of Siskiyou Code of Ordinances. Which, according to the

13  Shasta Valley GSA, "benefits sustainability indicators including declining groundwater levels,

14  groundwater storage and depletion of inter-connected surface waters." Also included as part of the

15  GSP in progress is the permit requirement for extraction of groundwater underlying the basin for

16  use outside the basin.

17        14.    The Griset property and its well are located on the Shasta Valley groundwater basin.

18  Griset's testimony in his affidavit dated June 11, 2021 (*ECF No. 9-11*) was timely objected to for

19  among other reasons that it lacks foundation as there is no indication Mr. Griset has any idea

20  regarding limitations on well drilling in MSV. Furthermore, his assertion is false.

21        15.    No Plaintiff in this lawsuit has been denied a drilling permit and at least one of the

22  Plaintiffs has a working well on their property. There is no moratorium nor has there been during

23  the times relevant to this litigation to wells being drilled in Mount Shasta Vista.

24        16.    In 2020, Siskiyou County was classified as being in a state of drought, with some

25  areas of the County being classified as being in "extreme drought". By early 2021, 62.65% of

26  Siskiyou County alone was classified by the U.S. Drought Monitor published by the National

27  Integrated Drought Information System as being in extreme drought.

28        17.    On March 5, 2021, the United States Department of Agriculture notified Governor

SPINELLI, DONALD
& NOTT

4
AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

1   Newsom that it had designated Siskiyou County, among other California counties, as a primary

2   natural disaster area due to the 2020 drought.

3       18.     On March 22, 2021, the California Water Resources Control Board ("SWRCB")

4   issued a warning letter to prepare for statewide impacts of drought, explaining that "[a]fter two

5   years of low precipitation, the U.S. Drought Monitor now reports that 95 percent of California is

6   experiencing Moderate to Exceptional Drought" and that "[r]eservoir and groundwater levels are

7   significantly below average".   The SWRCB letter advised that "[c]ontinued dry conditions can

8   threaten water supplies, impair critical habitat, reduce recreational opportunities, and create

9   uncertainty for all water users."

10      19.     On April 6, 2021, the Siskiyou County Board of Supervisors declared the existence

11  of a local emergency throughout Siskiyou County due to drought.

12      20.     On May 10, 2021, Governor Newsom expanded his April 2021 state of emergency

13  proclamation due to drought to include, among others, the Klamath River Watershed and Siskiyou

14  County (the "Expanded Emergency Proclamation").   The Expanded Emergency Proclamation

15  directed the SWRCB to consider emergency regulations to curtail water diversions when water is

16  not available at a water right holders' priority of right or to protect stored water releases.   The

17  Proclamation also directed the SWRCB and Department of Fish and Wildlife to evaluate minimum

18  instream flows and other actions needed to protect salmon and steelhead in critical streams systems,

19  and to consider emergency regulations to establish minimum instream flows where voluntary

20  actions were not sufficient.

21      21.     During the summer of 2021, the SWRCB implemented the Governor's directives,

22  and on August 30, 2021, emergency regulations regarding minimum flows and water right

23  curtailments for the Shasta River and Scott River watersheds went into effect.

24      22.     In September 2021, the Water Board mailed curtailment orders to water rights

25  holders and landowners in the Scott River and Shasta River watersheds. The following language

26  was included in the Orders: "Selling groundwater to be hauled and used at a different location is an

27  appropriate use and must cease immediately (subject to exceptions described below), if the use

28  started after November 1912." Attached hereto as **Exhibit C** is a true and correct copy of a Water

SPINELLI, DONALD
& NOTT

AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE
COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

1  Curtailment Order from the SWRCB that was issued to Griset. The curtailment orders required

2  recipients to cease surface water and groundwater diversions with limited exceptions for minimum

3  human health and safety needs, minimum livestock watering needs, and instream uses. Those who

4  received curtailment orders were also required to complete online forms to certify they have ceased

5  diversion or are making use of one of the limited exceptions to continue diversions.

6    23. As of November 18, 2021, the U.S. Drought Monitor published by the National

7  Integrated Drought Information System classified 100% of Siskiyou County as experiencing

8  moderate drought, 94.73% of Siskiyou County as experiencing severe drought, and 71.98% of

9  Siskiyou County as experiencing extreme drought. It further indicated the driest year in 127 years

10  occurred in 2021.

11    24. State law prohibits counties from issuing building permits for new construction of

12  residential development where hauled water is the intended water supply as codified under Water

13  Code section 106.4(b). In turn, Article II of the County Code defines a water supply as "a sustained

14  source of potable water shall be available to each parcel by an onsite drilled well, connection to a

15  public water system, or other source approved by the health department." The transportation of

16  groundwater from off-site wells is not consistent with either the state law's requirement or the

17  County's definition of a sustained source of potable water.

18    I declare under penalty of perjury in the State of California that the foregoing is true and

19  correct. Executed this 18th day of February, 2022 at Yreka, California.

20

21

22           // Rick Dean
          Rick Dean

23

24

25

26

27

28

SPINELLI, DONALD & NOTT

AFFIDAVIT OF RICK DEAN IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

EXHIBIT A



# COUNTY OF SISKIYOU

**COMMUNITY DEVELOPMENT DEPARTMENT**
Building ✦ Environmental Health ✦ Planning
806 South Main Street· Yreka, California 96097
Phone: (530) 841-2100 · Fax: (530) 841-4076
https://www.co.siskiyou.ca.us/community-development

RICHARD J. DEAN
DIRECTOR

AARON STUTZ, MD
PUBLIC HEALTH OFFICER

## Application for Groundwater Extraction for Use Off-Site

Property Owner, extracting groundwater (print):_____

Property Address or APN:_____ City:_____

Phone Number:_____   Email Address:_____

Water Delivery Truck Description (color/make):_____   License Plate No.:_____

Delivered Water Use (check): Agriculture ☐ Residential ☐ Other (provide description): _____
**Provide the location (address or APN) of all properties receiving groundwater on Page 2.**

Property Owner, extracting groundwater (print):_____

I hereby certify that I: (i) am the owner of record of the property(ies) on this application; (ii) have been authorized to sign and submit

this application on behalf of owner of record, as evidenced by the documents attached hereto; or (iii) have been authorized to sign

and submit this application on behalf of the partnership, corporation, LLC or trust which is the owner of record, as evidenced by the

documents attached hereto. If the property is owned by more than one individual, I certify that all parties have agreed to the

submission of this application. I certify (or declare) under penalty of perjury under the laws of the State of California that the

purpose for which this permit is sought is incidental to a lawful activity and is not to allow for or aid in the cultivation of cannabis in

violation of the Siskiyou County Code.

Property Owner (extracting groundwater) Signature:_____

---

### For Department Use Only

Well Permit on record (property extracting groundwater): _____Yes _____No;   **Permit No.:**_____

Any properties listed include a Notice to Appear, Civil Action, Notice to Comply, Administrative Citation, and/or a Notice and Order to Abate:_____Yes _____No

Approval of Groundwater Extraction for Use Off-Site Permit:_____Yes _____No; **Date:** _____

Calendar Year Permit is Valid: _____

---

**BUILDING**
Glenn Schockency, Deputy Director

**ENVIRONMENTAL HEALTH**
Dan Wessell, Deputy Director

**PLANNING**
Vacant, Deputy Director

Page 2 of 2

| Properties Receiving Groundwater | | | |
|---|---|---|---|
| **Property Address** | **APN** | **Property Address** | **APN** |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

The Groundwater Extraction for Use Off-Site Permit does not apply to and is not required for the extraction of water for the purposes of supplying irrigation districts, emergency services, well replenishment for permitted wells, a "public water system," a "community water system," a "noncommunity water system," or "small community water system" as defined by the Health and Safety Code, serving residents of the County of Siskiyou.

Pursuant to Siskiyou County Code Section 3-4.1504, issuance of this Groundwater Extraction for Use Off-Site Permit authorizes "Water Trucks", as defined by County Code Section 3-4.1501, to transport water on County roads.

EXHIBIT B



# COUNTY OF SISKIYOU - DEPARTMENT OF PUBLIC WORKS
## SPECIAL USE FORM - WATER TENDER PERMIT

Applicant Name(s): _____

Name of Business (if applicable): _____

Address:_____

City: _____ State: _____ Zip Code: _____

Phone #: _____

Reason for Permit: _____

Is this water to be used to cultivate Cannabis: Yes☐   No☐

Vehicle(s) Plate #: _____

Driver's Name and License No.: _____

Tank Size/Amount of water for delivery: _____

Destination of water (Address or APN): _____

Additional Information, if needed:

**I affirm under penalty of perjury under the laws of the state of California the aforementioned information is correct.**

Signature of Applicant: _____

County Representative: _____ Date: _____

☐   Permit Approved   Permit #: _____   Date Issued: _____

☐   Permit Denied   Reason(s) for Denial:

EXHIBIT C





GAVIN NEWSOM
GOVERNOR

JARED BLUMENFELD
SECRETARY FOR
ENVIRONMENTAL PROTECTION

## State Water Resources Control Board

September 10, 2021

STEPHEN DAVID GRISET

11401 County Highway A12
Montague, CA 96064

**ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING REQUIREMENTS IN THE SHASTA RIVER WATERSHED (ORDER WR 2021-0082-DWR)**

This letter and the enclosed Order contain important information regarding the curtailment of the water right(s) listed in Attachment A (at the end of the Order), that are owned by STEPHEN DAVID GRISET or their successor in interest. Depending on the water right(s) you hold, Attachment A may include permits and licenses issued after the date of the Shasta Adjudication,[1] water right(s) specified in the Shasta Adjudication, and/or groundwater rights associated with a specific groundwater well or assessor's parcel number (APN).  This letter also describes a certification that is required to be submitted by **September 20, 2021**.  The Login(s)/Water Right Identification Number(s) and Password(s)/Reporting Identifier(s) in Attachment A[2] will be needed to complete the required forms.

Due to the drought and extremely dry conditions, water supply in many parts of California, including the Shasta River watershed, is insufficient to meet a significant portion of water demands, and many people throughout the region have taken steps to

---

[1] Judgement and Decree entered on December 29, 1932 in Siskiyou County Superior Court Case No. 7035, In the Matter of the Determination of the Relative Rights, Based Upon Prior Appropriation, of the Various Claimants to the Waters of Shasta River and its Tributaries in Siskiyou County, California.
[2] If you already report to the State Water Board yourself, Attachment A contains the identification number(s) you normally use to enter information into the State Water Board's electronic Water Rights Information Management System (eWRIMS).  If the Scott River and Shasta River Watermaster District normally reports to the State Water Board on your behalf, or if you are a groundwater diverter, Attachment A has a newly assigned identification number that starts with the letters "SG."

reduce water use. The enclosed Order curtails certain surface water and groundwater diversions, describes exceptions to curtailments (including for firefighting needs), and imposes reporting requirements. This Order is issued under an emergency regulation adopted by the State Water Resources Control Board (State Water Board or Board) that became effective on August 30, 2021. The enclosed Order describes the steps that you, or your agent of record, must follow to curtail water diversions and to comply with reporting requirements. You or your agent of record are responsible for immediately notifying all parties that divert water under the water right(s) identified in Attachment A of the enclosed Order and its requirements.

You may already be curtailing water use and/or be unable to divert water due to dry conditions. **Even if you are currently not diverting water, you must respond to this Order.**

This Order does not address water diversions under adjudicated rights for the Willow, Jullian, and Yreka tributaries to the Shasta River. Water is likely not currently available for diversion in these tributaries now and diversions are likely not occurring. These water rights are not under the Scott Valley and Shasta Valley Watermaster District's service and the State Water Board's records for these rights are incomplete. The State Water Board intends to issue a separate information and curtailment order for these tributaries shortly.

In addition to the curtailment orders in the Shasta River watershed, the State Water Board is also issuing orders to surface water rights, adjudicated groundwater diversions, and for unreported water rights in the Scott River watershed. You may have to report additional information if you have multiple water rights or groundwater wells in the Scott River watershed.

It is highly recommended all water users in the watershed sign up to receive notifications on the State Water Board's "Scott-Shasta Drought" email distribution list. You may also visit the State Water Board's **Scott River and Shasta River Watersheds Drought Response webpage**[3] frequently for updates. All future updates on curtailments will be provided through electronic communications.

## Emergency Regulation

On August 17, 2021, the State Water Board adopted an emergency regulation establishing drought emergency minimum flows in the Scott River and Shasta River watersheds. (Cal. Code Regs., tit. 23, §§ 875-875.9.) The regulation was reviewed and approved by the Office of Administrative Law and went into effect upon filing with the Secretary of State August 30, 2021. The regulation will remain in effect for one year, but could be repealed earlier if water supply conditions improve. The State Water

---

[3] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/

Board may readopt the regulation if drought conditions continue into next year.  The regulation is available online.[4]

### Curtailment of Water Rights in Shasta River Watershed

The State Water Board is requiring certain water right holders in the Shasta River watershed to stop diverting under their water rights until water supply conditions improve in the watershed and there is no longer a risk to minimum flow requirements, to water supplies for minimum human health and safety needs (including firefighting), to minimum livestock needs, or for injury to senior diverters.

The regulation follows the water right priorities in the Shasta River adjudication, and adds in rights that are not addressed under those adjudications (e.g., post-adjudication rights, some groundwater rights).  The regulation does not change the adjudications, or affect the authority of the Scott Valley and Shasta Valley Watermaster District to implement the adjudications, or of the Siskiyou County Superior Court to administer or otherwise retain and exercise jurisdiction over the adjudications. Section 875.5 of the regulation describes the order of priority for curtailments.

Hard copy notices will not be sent out when curtailments are suspended, reinstated, or rescinded.  As flows improve or worsen over the year, changes to curtailment orders will be posted on the State Water Board website (see footnote 3 of this letter) and sent out to individuals that have signed up for the **"Scott-Shasta Drought" Email Subscription List under "Water Rights"**.[5]  **Signing up for this email list is the best way to stay informed about implementation of the regulation, including changes to curtailments.**

### Groundwater Wells

Because the surface water and groundwater are interconnected in the Shasta River watershed, the regulation includes water rights for diversions of surface water as well as appropriative and overlying groundwater diversions, in the order of priority.  Section 875.5 specifies the order in which curtailments shall be issued, taking into account water right priority in groupings from lowest to highest water right priority.

For groundwater diversions, case law recognizes overlying and appropriative rights to groundwater, analogous to riparian and appropriative rights to surface water.  An overlying groundwater right is generally senior and attaches to land overlying a groundwater basin.  An appropriative groundwater right is the type of water right you have if you divert water but:  (1) do not own (or rent or lease) land overlying the basin that you use the water on; (2) own overlying land but use the water on non-overlying

---

[4] https://www.waterboards.ca.gov/drought/scott_shasta_rivers/docs/klamath_reg_searchable.pdf

[5] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

land; or (3) sell or distribute[6] the water to someone else.  Groundwater appropriators have a priority date from when the groundwater well was constructed, and water first used for non-overlying use.

In the Shasta River watershed, appropriative groundwater pumpers are likely more junior to many surface water diversions, including those described in the adjudication. This curtailment order does not extend to overlying groundwater users in the Shasta River watershed.  Groundwater diversion curtailment extends only to appropriative groundwater diversions established after November 1912.[7]  **Selling groundwater to be hauled and used at a different location is an appropriative use and must cease immediately (subject to exceptions described below), if the use started after November 1912.**

## Exceptions to Curtailment *(allowances to continue limited diversions)*
The regulation has exceptions for certain types of diversions that may continue even after you receive a curtailment order, if the appropriate form(s) is submitted to the State Water Board (see more on this below).  These are:

- *Non-consumptive Diversions*.  This exception applies if your diversion is not consumptive, meaning that it does not use up water or change the time the water is available to others (i.e., diversions do not decrease stream flows).
- *Minimum Human Health and Safety Diversions*.  This exception applies if your diversion is your only water source for human health and safety purposes, like drinking, cooking, washing, or meeting the state's critical infrastructure needs. **Please note that diversions for firefighting may continue under this exception.**
- *Minimum Livestock Watering Diversions*.  This exception applies if your diversion is your only source for minimum livestock watering needs.

**If you want to use one of these exceptions to continue diverting, you must submit additional information to the State Water Board using the applicable forms available at:  https://public.waterboards.ca.gov/WRInfo.**

## Required Response – Curtailment Certification Form
Within 10 calendar days of issuance of this curtailment order, all water right holders or their agents receiving this Order are required to submit, under penalty of perjury, a Scott-Shasta Water Right Curtailment Certification Form.  In light of the active fire season, please note that this timeframe is extended until ten (10) days after lifting of any evacuation order affecting the place of use of water for the rights in Attachment A or

---

[6] Sharing a well with your neighbors does not necessarily count as "distributing."  If you have questions about whether your use is "distributing" please call the State Water Board's Scott River and Shasta River Drought phone message line at: (916) 327-3113 or e-mail us at **ScottShastaDrought@waterboards.ca.gov.**
[7] The priority date for groundwater appropriations is the date of well construction and when appropriate use was initiated. Therefore, appropriative groundwater use established prior to November 1912 is not subject to this curtailment.

4

affecting your access to necessary information or the ability to log on for reporting. The Deputy Director may further extend the deadline for good cause, and the State Water Board recognizes that protection of life and property in these active fire areas may prevent a response within the timelines described in the State Water Board's curtailment orders. If you need further extension of the timeframe for curtailment response in light of wildfires, please contact us at the information below once it is safe for you to do so.

The Scott-Shasta Online Curtailment Certification Form confirms cessation of diversion under your water right and whether you are pursuing an exception to continue limited diversions under the curtailment order. Timely and accurate completion of the form can help you avoid unnecessary enforcement proceedings. Your Login(s)/Water Rights ID and Password(s)/Water Right Identifier(s) are provided in Attachment A of the Order. You can access and complete the form at: **https://public.waterboards.ca.gov/WRInfo**.

Staff are available to answer questions or otherwise assist with completing the form by email to: **ScottShastaDrought@waterboards.ca.gov** and via our phone message line at: (916) 327-3113.

### Local Cooperative Solutions
Water users may also petition to implement local cooperative solutions that would achieve the purposes of the curtailment order. Local cooperative solutions are described in section 875, subdivisions (f)(1) through (f)(4) of the emergency regulation. Proposed local cooperative solutions may be submitted to the Deputy Director at any time, but they may not be implemented instead of complying with a curtailment order unless it has been approved by the Deputy Director. Additional information regarding local cooperative solutions will be provided on the State Water Board website (see footnote 3 of this letter).

Local cooperative solutions should be submitted to the Deputy Director by email to: **ScottShastaDrought@waterboards.ca.gov**. The Deputy Director will review timely submitted proposals as soon as practicable and inform the affected water right holder or claimant of the determination or decision.

### Potential Enforcement
The enclosed Order includes enforceable requirements regarding a water right or claim of right that require your immediate attention. Diverting water in violation of the enclosed Order or the regulation risks administrative fines, a cease and desist order, or prosecution in court. The State Water Board has enforcement discretion and decisions related to enforcement and associated penalties are based on the specific circumstances of the violation. Fines may be up to $1,000 per day of violation. (Wat. Code, §§ 1052, 1055, 1846.)

Please note that the State Water Board's Division of Water Rights (Division) evaluates the location of each diverter relative to ongoing fires before proceeding with any enforcement or investigation, and carefully considers what type of follow-up is appropriate. The Division will exercise discretion when considering enforcement, and

generally will not pursue enforcement where violations are the result of emergency circumstances such as evacuation orders and loss of property due to wildfires.  If you are severely impacted by wildfire and receive an enforcement-related notice or order, please contact us when conditions are safe and you are able to do so.  Please also note that intentional misstatements, or intentionally claiming fire risk or impacts when none are present, is subject to legal actions and fines.

**Request for Reconsideration**
You may submit a petition within 30 days to request that the State Water Board reconsider the enclosed Order.  The process and grounds for reconsideration are provided by California Code of Regulations, title 23, sections 768 through 771.  Any petition requesting reconsideration must be filed with the State Water Board no later than **October 11, 2021**.  To ensure timely consideration, any petition for reconsideration should be emailed to: **ScottShastaDrought@waterboards.ca.gov.**

**Questions, Resources, and How to Stay Informed**
Please review resources on the **Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/) if you have questions.  You may also contact staff by email at: **ScottShastaDrought@waterboards.ca.gov** or leaving a message at our dedicated Scott River and Shasta River Drought phone line at:  (916) 327-3113.  Please be aware that calls and emails will be responded to as soon as possible in the order received. Staff will try to return calls within 24 hours, but responses may take a longer depending on call volume.

**We highly encourage you to sign up for the "Scott-Shasta Drought" Email Subscription List under "Water Rights".[8] This is the best way to stay informed about changes to the curtailments and other important information related to the regulation.**

Sincerely,

Erik Ekdahl, Deputy Director
State Water Resources Control Board


Enclosure:    Order Imposing Water Right Curtailment and Reporting Requirements in the Shasta River Watershed for Water Right(s) Listed in Attachment A, including Attachment A thereto

---

[8] https://www.waterboards.ca.gov/resources/email_subscriptions/swrcb_subscribe.html

STATE OF CALIFORNIA
CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY
STATE WATER RESOURCES CONTROL BOARD

## DIVISION OF WATER RIGHTS

## ORDER WR 2021-0082-DWR

---

## IN THE MATTER OF WATER RIGHT(S) LISTED IN ATTACHMENT A OF STEPHEN DAVID GRISET

## ORDER IMPOSING WATER RIGHT CURTAILMENT AND REPORTING REQUIREMENTS IN THE SHASTA RIVER WATERSHED

## ISSUED SEPTEMBER 10, 2021

---

**FINDINGS:**

1. On August 17, 2021, the State Water Resources Control Board (State Water Board or Board) adopted an emergency regulation, titled Establishment of Minimum Instream Flow Requirements, Curtailment Authority, and Information Order Authority in the Klamath River Watershed (hereinafter "Regulation"). The Regulation provides curtailment authority throughout the Klamath River Watershed, and establishes minimum instream flow requirements and information order authority in the Scott River and Shasta River watersheds. State Water Board **Resolution No. 2021-0029** adopted the Regulation, and describes the need for the Regulation and its intent. State Water Board Resolution No. 2021-0029 is incorporated by reference into this Order. The Regulation went into effect on August 30, 2021, when it was approved by the Office of Administrative Law and filed with the Secretary of State. The Regulation establishes minimum instream flows, as measured in cubic feet per second (cfs) at United States Geological Survey gage no. 11517500 located near Yreka, as:

| Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sept | Oct | Nov | Dec |
|-----|-----|-----|-----|-----|-----|-----|-----|------|-----|-----|-----|
| 135 | 135 | 135 | 70  | 50  | 50  | 50  | 50  | 50   | 125 | 150 | 150 |

2. The Regulation includes California Code of Regulations, title 23,[1] sections 875, 875.1, 875.2, 875.3, 875.5, 875.6, and 875.9, which establish the circumstances under which the State Water Board may issue curtailments in the Shasta River watershed to maintain minimum flows for fish, as well as exceptions to curtailments and curtailment reporting requirements.

---

[1] All subsequent section references in this order are to California Code of Regulations, title 23 unless otherwise noted.

STEPHEN DAVID GRISET

Page 2 of 6

3. The average flow for five recent days in early September (September 2 through September 6) in the Shasta River at the United States Geological Survey (USGS) gage near Yreka (USGS gage number 11517500), was approximately 20 cubic feet per second (cfs), which is 30 cfs below the 50 cfs drought emergency minimum flow for September, as established under section 875, subdivision (c)(2)(A) of the emergency regulation.  For the last two weeks of August and the first week of September, measured flows have ranged between approximately 13 and 31 cfs, not reaching even half of the 50 cfs level.  As described on pages 27-29 of the **Finding of Emergency and Informative Digest** issued on August 12, 2021, and incorporated by reference into this Order, absent curtailments, flows in the Shasta River are not forecasted to meet and stay above the Regulation's drought emergency minimum fishery flows until mid-December.  Additional information regarding the anticipated effect of curtailment under dry conditions is available in the Memorandum to the Deputy Director for the Division of Water Rights from the Senior Environmental Scientist of the Instream Flow Unit in the Division of Water Rights, dated September 9, 2021, and incorporated by reference.

4. Based on the current flow conditions, and the information discussed above, the Deputy Director for the Division of Water Rights has determined that without curtailment as described in the Regulation of diversions junior to approximately November 1912, flows are likely to remain reduced below the minimum flows specified in section 875, subdivision(c)(2)(A).  To ensure that the Regulation's drought emergency minimum flows are met, it is necessary to curtail all of the most junior water right holders in the Shasta River, described in Section 875.5, subdivision (b)(1)(A) [appropriative surface and groundwater rights post-Adjudication], as well as a portion of those water right holders in the priority group described in Section 875.5, subdivision (b)(1)(B) [Shasta Adjudication] with priority dates later than November 1912.

5. Once the base flows are established through precipitation or contributions from the curtailments, ongoing assessment of water supply and demand projections will be more pertinent to the management of curtailments in the order of priority.  If the river responds more quickly to curtailment than anticipated, the Deputy Director will lift curtailments in the order of priority.

6. The wildfire season in Northern California is highly active, and communities across the state, including Siskiyou County and some reaches of the Scott Valley, have been periodically at risk.  Preparation of homes and properties to best survive imminent wildfire require the upmost attention of residents, and evacuations can present immense logistical challenges.  Protection of life and property in these active fire areas may prevent a response within the timelines required in the State Water Board's curtailment order.  In order not to interfere with critical preparations or burden evacuees, this Order provides an automatic extension of the reporting requirements under the Order where the affected diversions, properties, or reporters are affected by evacuation orders.

STEPHEN DAVID GRISET

Page 3 of 6

**IT IS HEREBY ORDERED:**

1. This curtailment order shall be effective on September 11, 2021.

2. Diversion of water in the Shasta River watershed pursuant to the water right(s) listed in Attachment A shall cease on September 11, 2021, or upon delivery of this Order, whichever is later.  Diversions under this right may be permitted to continue only if authorized under an exception to curtailment as described by sections 875.1, 875.2, and 875.3 of the Regulation.

3. In accordance with section 875, subdivision (d)(1) of the Regulation, the water rights holder or agent of record who receives this Order is responsible for immediately providing notice of this Order to all diverters exercising the water right(s) associated with this Order.

4. STEPHEN DAVID GRISET or their agent or successor is required, by September 20, 2021, to submit under penalty of perjury an online Scott-Shasta Water Right Curtailment Certification form (Curtailment Certification) in accordance with section 875.6 subdivision (a) for each water right listed in Attachment A. Attachment A lists the Water Rights ID/Login(s) and Password(s)/Water Right Identifier(s) to be used for reporting requirements. The Curtailment Certification shall be accessed and completed via the following website link: **https://public.waterboards.ca.gov/WRInfo**.  Where the diversion or place of use for the water right(s) listed in Attachment A is in an area subject to a wildfire evacuation order, or where such an evacuation order inhibits the ability of STEPHEN DAVID GRISET or their agent or successor to access the necessary information to complete the Curtailment Certification or to log on to complete the form, the deadline is automatically extended until ten (10) days after the lifting of the evacuation order.

5. If an exception(s) to curtailment is needed to continue diverting for non-consumptive uses, minimum human health and safety needs, or minimum diversions for livestock needs, as authorized by Regulation sections 875.1, 875.2, and 875.3, respectively, STEPHEN DAVID GRISET or their agent or successor shall complete and submit either a self-certification or a petition using the forms available at: **https://public.waterboards.ca.gov/WRInfo** in addition to completing the Curtailment Certification.

6. All subsequent modifications to this Order, including curtailment suspensions, reinstatements, rescissions, or other modifications, shall be noticed through electronic means, including through the State Water Board's "Scott-Shasta Drought" email distribution list or as posted to the **State Water Board's Scott River and Shasta River Watersheds Drought Response webpage** (https://www.waterboards.ca.gov/drought/scott_shasta_rivers/).  STEPHEN DAVID GRISET is responsible for **signing up** for the "Scott-Shasta Drought" e-mail subscription list and/or for checking the State Water Board's Scott River and Shasta River Watersheds Drought Response webpage to receive such notice.

Page 4 of 6

7.  Violation of this Order shall be subject to enforcement and any applicable penalties pursuant to Water Code sections 1052, 1058.5, 1831, 1845, and 1846.  To the extent of any conflict between the requirements of this curtailment order and any other applicable orders or conditions of approval, the diverter must comply with the requirements that are most stringent.

8.  Nothing in this Order is intended to or shall be construed to limit or preclude the State Water Board from exercising its authority under any statute, regulation, ordinance, or other law, including but not limited to, the authority to bring enforcement against diverters for unauthorized diversion or use in violation of Water Code section 1052.

9.  Nothing in this Order shall excuse individual water right holders from meeting any more stringent requirements that may be imposed by applicable legally binding legislation, regulations, or a water right permit requirement.  This Order does not authorize any act which results in the taking of a threatened, endangered, or candidate species or any act which is now prohibited, or becomes prohibited in the future, under either the California Endangered Species Act (Fish and Game Code sections 2050 to 2097) or the federal Endangered Species Act (16 U.S.C.A sections 1531 to 1544).

STATE WATER RESOURCES CONTROL BOARD

Erik Ekdahl, Deputy Director
Division of Water Rights

Dated: September 10, 2021

STEPHEN DAVID GRISET

Page 5 of 6

# Attachment A

The Login(s) and Password(s) are provided below.  Please use this information to complete the appropriate forms, which are available online at: https://public.waterboards.ca.gov/WRInfo

**Groundwater Well(s)**

| Well Number | Date Work Ended | APN | DWR Completion Report Number |
|---|---|---|---|
| 1 | | 019-661-420-000 | |
| 2 | | 019-021-100-000 | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

| Well Number | Login (Water Right ID) | Password (Reporting Identifier) |
|---|---|---|
| 1 | SG005923 | D6F5JC |
| 2 | SG005924 | DAN0A6 |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

STEPHEN DAVID GRISET

Page 6 of 6

This page is intentionally blank.