SPINELLI, DONALD & NOTT
A Professional Corporation
DOMENIC D. SPINELLI (SBN: 131192)
J. SCOTT DONALD (SBN: 158338)
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha,<br><br>Plaintiffs,<br><br>vs.<br><br>County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100,<br><br>Defendants. | Case No. 2:21-cv-00999-KJM-DMC<br><br>**AFFIDAVIT OF SHERIFF JEREMIAH LARUE IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION**<br><br>Complaint Filed: June 4, 2021<br>First Amended Complaint Filed: July 15, 2021<br><br>Date:  **March 25, 2022**<br>Time:  **10:00 AM**<br>Courtroom:  **3, 15th Floor**<br><br>Judge: Hon. Kimberly J. Mueller<br><br>**[FEES EXEMPT PURSUANT TO GOVERNMENT CODE SECTION 6103]** |

I, Jeremiah LaRue, do hereby declare:

1. I previously provided a declaration dated July 28, 2021 in Opposition to Plaintiffs' Application for a Temporary Restraining Order and Preliminary Injunction.

2. Following the enactment of Ordinance 10-14.030 at the end of 2015, the Sheriff's Office has been embroiled in a virtual war with illegal cannabis growers in rural areas of Siskiyou County.

3. Since 2016, the illegal cultivators have primarily set up their grow sites in greenhouses and "hoop houses" in rural and often undeveloped regions of the county including Mt. Shasta Vista ("MSV"), Mt. Shasta Forrest, Iron Gate Lake Estates (Hornbrook), Klamath River County Estates, and Pleasant Valley Highlands and since 2016, the number of illegal grow sites has exploded in some of these areas and, in particular, in MSV.

4. At present, MSV is virtually one continuing line of greenhouses and hoop houses. Where once was rugged, unspoiled countryside, MSV is now covered with unpermitted, temporary structures devoted to the illegal cannabis cultivation industry.

5. In addition to an unscaled and unpermitted structure, there are numerous open sewers, piles of garbage and various chemicals and other pollutants related to the cultivation of cannabis that are allowed to seep into the earth.

6. The County's limited law enforcement is monopolized by the criminal activity both directly and indirectly associated with illegal cannabis cultivation. In addition to the trafficking of the cannabis and cannabis products, there are numerous instances of violent criminal activity, including murder, that have occurred in those areas located in the County devoted to marijuana cultivation including MSV.

7. Typical raids by law enforcement associated with grow houses in these areas are extremely dangerous for the law enforcement officers. Generally we locate firearms on site while executing search warrants. For example, last year we took possession of 54 guns, including full-auto, semi-auto, rifles, handguns, etc. In 2020, we took possession of 25 firearms. A few months ago, our deputies came upon people shooting at each other at a grow site during a robbery.

8. Groundwater, at a volume necessary to cultivate hundreds of thousands of marijuana

plants contained in thousands of greenhouses within MSV, requires landowners outside MSV to pump the water and then transport it to the cultivation sites in water trucks with a typical capacity of 2,500-4,000 gallons.

9. In a typical day before the County began to enforce the ordinances at issue, it was normal to see approximately 100 trucks making multiple deliveries each, on the roads around MSV alone.

10. As a result of the enormous scale of water use, those engaged in the activity of supplying the water trucks at even $0.01 per gallon could make significant money for doing nothing else other than allowing the trucks ingress and egress onto their property to fill up.

11. Stephen Griset has been one of the primary suppliers of groundwater to cannabis cultivators in MSV.

12. To date, no application for an exemption has been made by Mr. Griset on the basis that water is being pumped from his property to be distributed consistent with the exemption related to human health and safety diversion. I have confirmed that other farmers, including Darrell Sousa and Ellison who like Griset have supplied groundwater to cannabis cultivators, have not applied for an exemption.

13. Following the enactment of the ordinance prohibiting the use of water trucks to transport agricultural water to the cannabis cultivators, the Sheriff's Department was able to significantly impact the ability of the cultivators by stopping trucks in the process of violating the ordinance. In virtually every instance, the violators apprehended by my office, were drivers of trucks carrying thousands of gallons at a time from property owners within the County.

14. When our department had to rely on raids into MSV to seize and destroy grow sites, the growers were in a position to quickly reconstruct and replant a cannabis grow following the raid. However, by cutting off the water supply, growers were unable to renew their criminal enterprise because cannabis does not grow without water and areas such as Mt. Shasta Vista do not have sufficient water resources to support such large cultivation sites. It is also far more dangerous for law enforcement officers to conduct a raid as opposed to a traffic stop, which was the form of intervention utilized when the ordinances were in effect.

15. Since my department has had to stop enforcing the ordinance prohibiting large amounts of ag water being transported over county roads, the water truck deliveries I observed prior to the ordinances being enforced has resumed. We now see the same water trucks as before mostly operating at night. Within the last week from the date of my signature, we have been seeing a substantial increase in the trucks during the daytime and my office has received frequent reports from the public of massive amounts of groundwater being pumped from agricultural properties. During the day they are lined up in the vicinity, if not on the actual property, of ranchers who are known to provide groundwater for illegal cannabis cultivation. While the well owners have been and are subject to fines, the fines are no deterrent given the level of profit to the provider of water.

16. I have reviewed the statements attributed to me that are being relied upon by this Court to present an argument that the acts of my office including enforcement of the ordinances in question are influenced in any way by a racial bias. In all instances that I have been quoted, I was answering specific questions with respect to criminal activity. In all instances I was referring to criminals in general and not a specific element of a population such as a race, a religion, or a culture. Unfortunately, in this County, a significant amount of crime has occurred in the portions of Siskiyou County where illegal cannabis cultivation is occurring. For instance, in MSV, there does not appear to be any other activity going on within its boundaries other than the cultivating and processing of illegal cannabis.

17. I received a message from Attorney Allison Margolin where she inquired when my department would be done for the day with search warrant operations. She indicated that the legal definition of nighttime is somewhat vague and for the protection of everyone she was hoping my department could come to an agreement to make things more "copacetic" for her clients.

I declare under penalty of perjury in the State of California that the foregoing is true and correct. Executed this 18th day of February, 2022 at Yreka, California

_//Jeremiah LaRue_
Jeremiah LaRue

SPINELLI, DONALD & NOTT

4
AFFIDAVIT OF SHERIFF JEREMIAH LARUE IN SUPPORT OF DEFENDANTS' MOTION FOR DISSOLUTION OF THE COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION