**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI (SBN: 131192)
J. SCOTT DONALD (SBN: 158338)
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha,<br><br>Plaintiffs,<br><br>vs.<br><br>County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100,<br><br>Defendants. | Case No. 2:21-cv-00999-KJM-DMC<br><br>**AFFIDAVIT OF SHERIFF JEREMIAH LARUE IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR DISSOLUTION OF THE COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION**<br><br>Complaint Filed: June 4, 2021<br>First Amended Complaint Filed: July 15, 2021<br><br>**Date:   April 15, 2022**<br>**Time:  10:00 AM**<br>**Courtroom: 3, 15th Floor**<br><br>Judge: Hon. Kimberly J. Mueller<br><br>**[FEES EXEMPT PURSUANT TO GOVERNMENT CODE SECTION 6103]** |

1
AFFIDAVIT OF SHERIFF JEREMIAH LARUE IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR DISSOLUTION OF THE COURT'S ORDER GRANTING A PARTIAL PRELIMINARY INJUNCTION

SPINELLI, DONALD & NOTT

I, Jeremiah LaRue, do hereby declare:

1. I previously provided an affidavit dated February 18, 2022 in Support of Defendants' Motion for Dissolution of the Court's Order Granting a Partial Preliminary Injunction.

2. Since the Court's Order Granting a Partial Preliminary Injunction, the original ordinances have not been enforced.

3. Since the Court's Order Granting a Partial Preliminary Injunction, I have responded to requests for the production of documents and Public Records Act requests including the October 11, 2021 PRA which is attached hereto as **Exhibit A**.

4. CAD documents provided in response to item 11 of the October 11, 2021 PRA show every time a law enforcement agency made contact with the driver of a vehicle in Siskiyou County. While these calls may be designated as a "vehicle stop" the assumption that these are "traffic stops" is misplaced. For instance, a request for roadside assistance by a citizen and a driver of a vehicle who is stopped for running a red light may both be designated as a "vehicle stop."

5. Since the Sheriff's Office dispatches for numerous law enforcement agencies in the county, our dispatchers are responsible for entering all activity information into our CAD system for all respective agencies. A closer review of the records indicates instances where agencies, other than the Sheriff's Office, are signified as the "primary unit" of a "vehicle stop" category, which was not data requested in the PRA. Due to input errors, this information was likely not flagged to not be included in the request. There are instances where the "primary unit" is left blank and the specific agency or officer/deputy on the CAD record is not mentioned; therefore, in these instances, it is unknown which agency is responsible for the "vehicle stop" record.

6. There are numerous CAD records that show multiple people inside a vehicle when it was supposedly stopped by a deputy. Some records do not clearly indicate who the driver was; however the compiler, David Ely, has designated a name in the box that may or may not be the driver. I have noticed several instances where the name Mr. Ely has attributed to the driver is in fact not the driver based on the information in the actual CAD record.

7. In reviewing the list of names associated as API, there were 50 names attributed to

SPINELLI, DONALD & NOTT

"vehicle stop" when they were actually individuals being escorted in and out of the Lava Fire evacuation zone during the fire in June/July of 2021.

8. Many of the "vehicle stops" are related to enforcement of the ordinances in question and therefore cannot be qualified as "non-cannabis related."

I declare under penalty of perjury in the State of California that the foregoing is true and correct. Executed this 4th day of April, 2022 at Yreka, California

*//Jeremiah LaRue*
Jeremiah LaRue

EXHIBIT A

# COVINGTON

BEIJING BRUSSELS DUBAI FRANKFURT JOHANNESBURG
LONDON LOS ANGELES NEW YORK PALO ALTO
SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

Covington & Burling LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, CA 94306-2112
T +1 650 632 4700

October 11, 2021

**VIA ELECTRONIC MAIL AND U.S. MAIL**
Sheriff Jeremiah LaRue
Siskiyou County Sheriff's Office
Sheriff Main Office
305 Butte Street
Yreka, CA 96097
Jeremiah.LaRue@siskiyousheriff.org

**RE:** ***Public Records Act Request Pursuant to Cal. Gov't Code Section 6250 et seq.***

**To Records Administrator:**

Pursuant to the California Public Records Act, California Government Code sections 6250 *et seq.*, Covington & Burlington LLP writes on behalf of the American Civil Liberties Union Foundation of Northern California ("ACLU") and Asian Americans Advancing Justice - Asian Law Caucus (collectively "requesting organizations") to request records[1] of law enforcement actions relating to the enforcement of local ordinances regarding cannabis cultivation and water use.

**Each numbered paragraph should be treated as a separate request.** We request records as follows:

1. All records of enforcement of County Ordinance No. 21-08.[2]

2. All records of enforcement of County Ordinance No. 21-14.

3. All records of enforcement of County Ordinance No. 21-07.

4. All records of enforcement of County Ordinance 21-13.

5. All records of enforcement of County Ordinance No. 20-13.

6. All records related to individuals stopped or detained under County Ordinance No. 21-08.

---

[1] The term "records" as used in this request is defined as "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." Cal. Govt. Code § 6252 (e). "Writing" is defined as "any handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored." Cal. Govt. Code § 6252 (g).
[2] References to any and all "County Ordinances" includes their codification at County Code Section 3-4.1501-1505 and Section 3.5-13.101-601.

7. All records related to individuals stopped or detained under County Ordinance No. 21-14.

8. All records related to individuals stopped or detained under County Ordinance No. 21-07.

9. All records related to individuals stopped or detained under County Ordinance No. 21-13.

10. All records related to individuals stopped or detained under County Ordinance No. 20-13.

11. Records of all vehicle stops conducted by the Siskiyou County Sheriff's Office from January 1, 2021, to the present, including but not limited to Computer Automated Dispatch ("CAD") logs, reports or investigative narratives, and Mobile Data Computer ("MDC") communications.

12. All records related to individuals arrested under County Ordinance No. 21-08.

13. All records related to individuals arrested under County Ordinance No. 21-14.

14. All records related to individuals arrested under County Ordinance No. 21-07.

15. All records related to individuals arrested under County Ordinance No. 21-13.

16. All records related to individuals arrested under County Ordinance No. 20-13.

17. All records of vehicles seized county-wide from January 1, 2021, to the present, including but not limited to vehicles seized under County Ordinances Nos. 20-13; 21-07; 21-08; 21-13 and 21-14.

18. For all vehicles seizures identified in response to request No. 17, produce all related CADs, reports or search warrants and affidavits which set forth the basis for the seizure.

19. All internal Sheriff's Office communications with and between Office employees regarding any of the following: County Ordinance No. 20-13; County Ordinance No. 21-07; County Ordinance No. 21-08; County Ordinance No. 21-13; County Ordinance No. 21-14; "Hmong"; "Chinese"; "Asian"; "Shasta Vista"; the environmental impacts of cannabis, "cartel"; "grower"; "grows"; "greenhouse"; "water truck;" "cannabis"; and/or "marijuana." "Communications" include but are not limited to office policies, manuals, trainings, electronic mail; text messages and messages sent or postings made via social media platforms. This request applies for the time period of January 1, 2019, to the present.

20. All records of Sheriff operations enforcing County Ordinances Nos. 21-07, 21-08, 21-13, or 21-14 including, but not limited to: records of patrol or SWAT deployments, operational bulletins, CADs, or other guidance on deployment of Sheriff resources.

21. All records of communications to or from the Siskiyou County Sheriff's Office regarding any of the following: County Ordinances Nos. 20-13, 21-07, 21-08, 21-13 or 21-14; "Hmong"; "Chinese"; "Asian"; "Shasta Vista"; the environmental impacts of cannabis; "cartel"; "grower"; "grows;" "greenhouse"; "water trucks"; "cannabis"; and/or "marijuana."

"Communication" includes but is not limited to: press releases; electronic mail; written letters; text messages; and messages sent or postings made via social media platforms. This request applies for the time period of January 1, 2019, to the present, and incudes but is not limited to communications with the following entities: media outlets, Siskiyou County Supervisors, California Attorney General's Office, and the Siskiyou County District Attorney's Office.

22. All records of communications between the Siskiyou County Sheriff's Office and the Siskiyou County Patriots (or the "Patriots of Siskiyou," "Siskiyou Patriots," "South Siskiyou Patriots," "Patriots"), Steve Radford, and Louise Gliatto. "Communication" includes but is not limited to: press releases; electronic mail; written letters; text messages; and messages sent or postings made via social media platforms. This request applies for the time period of January 1, 2019, to the present.

23. All records of communications between the Siskiyou County Sheriff's Office and the "Sons of Jefferson" (or "Jefferson"). "Communication" includes but is not limited to: press releases; electronic mail; written letters; text messages; and messages sent or postings made via social media platforms. This request applies for the time period of January 1, 2019, to the present.

24. All records of communications between the Siskiyou County Sheriff's Office and any member of the office of Congressmember Doug LaMalfa. "Communication" includes but is not limited to: press releases; electronic mail; written letters; text messages; and messages sent or postings made via social media platforms. This request applies for the time period of January 1, 2019, to the present.

25. All records relating to the civic demonstration(s) that occurred on May 6, 2021, outside of Yreka City Hall.

26. All records related to the Siskiyou County Sheriff's posse, for the time period of January 1, 2017, to the present.[3]

27. All records related to the Siskiyou County Sheriff's involvement with Siskiyou County neighborhood watch programs. This request includes training materials and communications, and applies to the period of January 1, 2019, to the present.

28. All records related to the Siskiyou County Sheriff's solicitation of assistance from the public regarding code violations, water ordinances and/or cannabis cultivation for the period January 1, 2020, to present.

29. All records of policies and procedures ("P&P") not included within the Siskiyou County Sheriff's Office Manual.

30.     All abatement notices and code violations issued in Siskiyou County for the period of January 1, 2020, to present.

---

[3] The term "posse" refers to Sheriff volunteer organization(s) as used by Sheriff Office officials in the following article: Lopey: Sheriff's Posse is not disbanded; will be reorganized - News - Siskiyou Daily News, Yreka, CA - Yreka, CA

31. Pursuant to California Senate Bill 1421, all records relating to the report, investigation, and/or an incident involving the discharge of a firearm by a peace officer; an incident where use of force resulted in death or great bodily injury of any person; any record related to any sustained finding of sexual assault against a member of the public or of dishonesty. This request is limited to include ONLY the following peace officers: Deputy Sheridan, Deputy M. Yates, Deputy Woods, Deputy Stock, Lieutenant Tharsing, Detective R. Ortiz, and Undersheriff J. Randall.

32. All documents showing the deployment of Siskiyou County Sheriff's Office patrol from January 1, 2020, to the present.

33. Any records or map showing the areas where the Siskiyou County Sheriff's Office currently patrols.

34. All records of communications with the California Department of Forestry and Fire Prevention regarding the 2021 Lava Fire. "Communication" includes but is not limited to: press releases; electronic mail; written letters; text messages; and messages sent or postings made via social media platforms.

35. All records of incident reports and arrest logs relating to the arrest of individuals for violating evacuation orders during the 2021 Lava Fire.

36. All records of communications from January 1, 2020, to the present, regarding potential criminal or civil liability for businesses or individuals that sell goods or provide services to any of the following: cannabis growers, cultivators, "cartels", Hmong, Chinese, or Asian people, or Mount Shasta Vista subdivision. Communication includes but is not limited to: press releases; electronic mail; written letters; text messages; and messages sent or postings made via social media platforms.

37. All records relating to the sale or auction of property seized by the Sheriff's Department. "Property" as used in this request includes, but is not limited to, vehicles, generators, construction equipment, and agricultural equipment. This request applies to the time period of January 1, 2019, to the present.

38. All records of complaints regarding suspected or alleged marijuana code violations for the period of January 1, 2020, to present.

39. All records identifying the location of any cannabis and/or marijuana cultivation within Siskiyou County for the period January 1, 2018, to present.

40. All records identifying the location of any unpermitted structures, wells, and septic tanks in Siskiyou County for the period of January 1, 2018, to the present.

41. All records identifying the location of any water wells on land zoned for agriculture or commercial business for the period of January 1, 2018, to the present.

42. All records in the possession of the Siskiyou County Sheriff's Office reflecting the relative environmental impacts of cannabis and field crops like alfalfa.

43. All records reflecting the racial and ethnic demographics of Shasta Vista, including the composition, number, and distribution of racial and ethnic groups, for the period of January 1, 2019, to the present.

44. All records reflecting the racial and ethnic demographics of Siskiyou County, including the composition, number, and distribution of racial and ethnic groups, for the period of January 1, 2019, to the present.

45. All records of the current organizational chart for the Siskiyou County Sheriff's Office.

Please respond to this request in ten (10) calendar days, either by providing the requested information or providing a written response setting forth the specific legal authority on which you rely in failing to disclose each requested record, or by specifying a date in the near future to respond to the request. *See* Cal. Gov. Code § 6255. CPRA exemptions are narrowly construed (*American Civil Liberties Union Foundation v. Superior Court* (2017) 3 Cal.5th 1032, 1042 (*ACLU Foundation*)), and the agency opposing disclosure bears the burden of proving an exemption applies. (*Long Beach Police Officers Assn. v. City of Long Beach* (2014) 59 Cal.4th 59, 70; *County of Los Angeles v. Superior Court* (2012) 211 Cal.App.4th 57, 63). Pursuant to Cal. Gov. Code § 6253, please disclose all reasonably segregable non-exempt information from any portions of records you claim are exempt from disclosure, including by redacting information that you claim is exempt. If this request is found to be insufficiently focused or effective, Government Code § 6253.1(a) requires (1) assistance in identifying the records and information that are responsive to this request or to the purpose of this request; (2) description of the information technology and physical location in which the records exist; and (3) that suggestions be provided for overcoming any practical basis for denying access to the records or information sought.

Because this request is on topics that are matters of public concern, and the requesting organizations are public interest organizations that intend to freely distribute this information, we request that you waive any fees. *See North Cty. Parents Ass'n v. Dep't of Ed.*, 23 Cal. App. 4th 144 (1994). If, however, such a waiver is denied, we will reimburse you for the direct costs of copying these records plus postage. Please inform us in advance if the cost will be greater than $50.00. To assist with the prompt release of responsive material, we ask that you make records available to us as you locate them, rather than waiting until all responsive records have been collected and copied.

We also request that documents be provided in electronic format if possible, as provided in Cal. Gov. Code § 6253.9. Doing so would eliminate the need to copy the materials and provides another basis for our requested fee waiver.

Sincerely,

*s/Stanley Young*

Stanley Young

*Siskiyou County Sheriff's Office*
**COVINGTON**

*Page **6** of **6***

                                                        Covington & Burling LLP
                                                        3000 El Camino Real
                                                        5 Palo Alto Square, 10th Floor
                                                        Palo Alto, CA 94306-2112
                                                        SYoung@cov.com

CC: County Counsel Edward Kiernan; ekiernan@co.siskiyou.ca.us