UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dilevon Lo, et al., | No. 2:21-cv-00999-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| County of Siskiyou, et al., | |
| Defendants. | |

The Ninth Circuit has held that when a party moves to dissolve a preliminary injunction, a district court must decide, first, "whether the party seeking dissolution of the injunction has established 'a significant change in facts or law,'" and if so, second, "whether this change 'warrants . . . dissolution of the injunction.'" *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (per curiam) (alteration in original) (quoting *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000)). The second inquiry—whether the change warrants dissolution—"should be guided by the same criteria that govern the issuance of a preliminary injunction." *Id.* Those criteria are the four listed in *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008), as the Ninth Circuit has applied them, *see, e.g.*, *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011) (holding the "serious questions" test remains available after *Winter*).

/////

District courts within the Ninth Circuit have interpreted this instruction in at least two ways:

(1) The moving party must prove it is entitled to relief from the preliminary injunction under all four of the relevant criteria.  *See CW Baice Ltd. v. Wisdomobile Grp. Ltd.*, No. 20-03526, 2021 WL 3053147, at *4 (N.D. Cal. July 20, 2021).  In other words, the test is conjunctive: the party moving to dissolve a preliminary injunction must show none of the criteria is satisfied.

(2) The moving party must show the plaintiffs cannot now satisfy all four parts of the test.  *See Index Newspapers LLC v. City of Portland*, No. 20-1035, 2022 WL 72124, at *9 (D. Or. Jan. 7, 2022).  By this reading, the test is disjunctive: the party moving to dissolve the injunction can prevail by showing any one criterion is unsatisfied.

The parties have not addressed these conflicting interpretations.  The court has located no relevant binding authority.

At oral argument on April 15, 2022, **the parties shall be prepared to discuss** the correct interpretation of *Karnoski*—whether that is one of the two above or another interpretation—and whether the choice affects the outcome of the pending motion to dissolve the preliminary injunction.

The unopposed motion to participate further as amici curiae (ECF No. 60) is **granted**.  The proposed amicus brief is **deemed filed**.

IT IS SO ORDERED.

DATED: April 5, 2022.

CHIEF UNITED STATES DISTRICT JUDGE