**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI (SBN: 131192)
J. SCOTT DONALD (SBN: 158338)
JEFFREY C. CHIAO (SBN: 236781)
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha,<br><br>    Plaintiffs,<br><br>  vs.<br><br>County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100,<br><br>    Defendants. | Case No. 2:21-cv-00999-KJM-DMC<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING INDIVIDUAL DEFENDANTS AND FOR RULE 11 SANCTIONS**<br><br>Complaint Filed:  June 4, 2021<br>First Amended Complaint Filed: July 15, 2021<br><br>**Date:   July 29, 2022<br>Time:  10:00 AM<br>Courtroom:  3, 15th Floor**<br><br>Judge: Hon. Kimberly J. Mueller<br><br>**[FEES EXEMPT PURSUANT TO GOVERNMENT CODE SECTION 6103]** |

## I.  INTRODUCTION

Plaintiffs Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha ("Plaintiffs") sue the COUNTY OF SISKIYOU and several current County employees, Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities, and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities, and Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity, alleging civil rights violations related to the County's enforcement of its water conservation ordinances. For the reasons stated below, the operating complaint the County individual defendants should be dismissed. Additionally, Defendants respectfully requests that this Court grant Rule 11 Sanctions.

## II.  RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their Complaint against Defendants on June 4, 2021 (ECF No.1 ). Plaintiffs filed their First Amended Complaint ("FAC") on July 15, 2021 (ECF No. 29). Defendants' Answer to the FAC was filed on September 13, 2021. (ECF No. 48) On or about October 28, 2021, a scheduling conference was held before Chief District Judge Kimberly J. Mueller, whereupon the Court entered an Order for the action's pre-trial case schedule (ECF No. 43). Pursuant to this Order, fact discovery was to be completed by February 29, 2023, all expert discovery was to be completed by June 15, 2023, and all dispositive motions were to be heard by October 27, 2023. The Court did not set a trial date.

## III.  FACTUAL ALLEGATIONS AGAINST THE INDIVIDUAL DEFENDANTS

Plaintiff's First Amended Complaint ("FAC") alleged that individual Defendants Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt were duly elected board members within the County of Siskiyou and was "involved in promulgating Ordinance No. 21-07, Ordinance No. 21-08, and Ordinance No. 20-13." (FAC, ¶7-11, ¶31)

The FAC alleged that individual Defendant Edward Kiernan is the County Counsel for Defendant County of Siskiyou who supports activities, contracts and litigations as needed. The FAC further alleged that Plaintiffs are informed and believe and thereupon allege that Defendant Edward Kiernan supported Defendant County of Siskiyou in its promulgation of Ordinance No. 21-07 and Ordinance 21-08 by and

through its Board of Supervisors, including, but not limited to, its promulgation and execution including the method of enforcement through a County of Siskiyou Resolution which Plaintiffs are informed and believe and thereupon allege was put into practice by members of the Siskiyou County Sheriff's Department.  (FAC ¶12)

The FAC alleged that Defendant Jeremiah LaRue is the head Sheriff of the Siskiyou County Sheriff's Department, who has ultimate responsibility for promulgation, implementation, and enforcement of the policies, procedures, and practices of the Siskiyou County Sheriff's Department.  (FAC ¶13)  The FAC alleged that Defendant Jesus Fernandez is a member of the Siskiyou County Sheriff's Department who has enforced Ordinance No. 21-07 and 21-08 against Plaintiffs and members of the Hmong community in Siskiyou County, California, by detaining them and impounding their vehicles.  (FAC ¶14)  Lastly, the FAC alleged that remarks by officials with Defendant Siskiyou County, including by Defendant Jeremiah LaRue and former Siskiyou County Sheriff Jon Lopey reflect an animus toward the Hmong people of Siskiyou Cunty (FAC ¶85).

The FAC alleged that individual Defendants Jeremiah LaRue, Jesus Fernandez, Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, Ray A. Haupt, and Edward Kiernan are being sued in their individual capacities for damages associated with clearly established federal rights and in their official capacities for injunctive and declaratory relief.  (FAC ¶16)

### IV. LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings may be made at any time so long as it does not delay the trial.  Fed. R.Civ.P. 12(c).  Judgment on the pleadings under Rule 12(c) is appropriate when, accepting all factual allegations in the complaint as true, the moving party establishes on the face of the pleadings that there are no issues of material fact and that it is entitled to judgment as a matter of law.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  Although Rule 12(c) does not expressly provide for partial judgment on the pleadings, courts may issue a Rule 12(c) judgment on the pleadings as to individual causes of action.  *Moran v. Peralta Cmty. Coll. Dist*., 825 F. Supp. 891, 893 (N.D. Cal. 1993).

In analyzing a motion for judgment on the pleadings, a court uses the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6).  *Chavez*,

683 F.3d at 1108; *Strigliabotti v. Franklin Res., Inc.*, 398 F.Supp. 2d 1094, 1097 (N.D. Cal. 2005). Under both Rule 12(b)(6) and Rule 12(c), "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez*, 683 F.3d at 1108. On a Rule 12(b)(6) motion to dismiss, a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).

"A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557.) Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [it] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

V. **LEGAL ARGUMENT**

    A. **The Individual Defendants Sued In Their Official Capacities As Government Officials Should Be Dismissed**

An official capacity action is not against the public employee personal, "for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). "An official capacity suit against a municipal officer is equivalent to a suit against the entity." *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff*, 533 F.3d 780, 799 (9th Cir. 2008). Local government officials sued in their official capacities are "persons" under section 1983 in cases where a local government would be suable in its own name. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D.Cal. 1996). "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002).

"[I]t is no longer necessary or proper to name as a defendant a particular local government

officer acting in official capacity." *Luke*, 954 F.Supp. at 204. As the district court in *Luke*, 954 F.Supp. at 204 explained:

> A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

*See Vance*, 928 F. Supp. At 996 ("if individuals are being sued in their official capacity as municipal officers and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed").

Plaintiffs' naming of all of the County subparts and official capacity individuals is merely another way to name- repeatedly – Siskiyou County as a Defendant, affording Plaintiffs no additional causes of action or remedies. As Siskiyou County is already a named Defendant, the County subparts (Board of Supervisors, County Counsel, Sheriff's Office) and official capacity Defendants should be dismissed as duplicative and unnecessary.

**B.     The Individual Defendants Sued In Their Individual Capacities Should Be Dismissed**

Likewise, the individual Defendants are not proper parties in their individual capacities. Plaintiffs have not alleged any facts that would support a claim of personal liability against them. Additionally, absolute and qualitied immunity bar Plaintiffs' claims against the individual Defendants.

**1.     The FAC Fails to Allege Facts Sufficient To State A Claim Against Siskiyou County's Board of Supervisors**

The U.S. Supreme Court has long held that "legislators are absolutely immune from liability for their legislative activities." See *Bogan v. Scott-Harris*, 523 U.S. 44, 48, 118 S.Ct. 996 (1998). The Court also has held that local legislators are "likewise absolutely immune from suit under §1983 for their legislative activities." *Id*. at 49. In *Bogan,* the Supreme Court granted legislative immunity to city council members and the mayor, concluding with "little trouble" that their acts of introducing, voting for, and signing the ordinance were "quintessentially legislative". Id. At 55. The Supreme Court stated that "it simply is 'not consonant with our scheme of government for a court to inquire into the motives

4

of legislators,'" Id. at 55.

Here, Plaintiffs allege that individual Defendants Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt were duly elected board members within the County of Siskiyou and was "involved in promulgating Ordinance No. 21-07, Ordinance No. 21-08, and Ordinance No. 20-13." (FAC, ¶7-11, ¶31) These allegations fall squarely within legislative immunity. Plaintiffs have not included any allegations in their FAC alleging any facts that the individual defendants' act of promulgating the ordinances was not legislative. There is also no set of circumstances under which Plaintiffs can establish that the act of enacting or promulgating an ordinance is not a legislative act. As such, Plaintiffs' §1983 claim against individual Defendants Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt must be dismissed.

### 2. The FAC Fails to Allege Facts Sufficient To State A Claim Against County Counsel Edward Kiernan

The FAC fails to allege facts sufficient to state a claim against County Counsel Edward Kiernan. The FAC alleged that individual Defendant Edward Kiernan is the County Counsel for Defendant County of Siskiyou who supports activities, contracts and litigations as needed. The alleged conduct is fully consistent with Defendant Kiernan's responsibilities as County Counsel. Defendant Kiernan is not alleged to have acted with any discriminatory animus. The FAC does not allege any facts that support a claim of individual liability.

County Counsel Ed Kiernan is also entitled to absolute immunity for his actions. The courts have long recognized that attorneys representing state agencies have absolute immunity for their actions in representing the agencies in judicial and administrative proceedings. *Butz v. Economou*, 438 U.S. 478, 517 (1978), see also *Custom Craft Carpets v. Miller*, 137 Cal.App.3d 120, 125 (1982) (noting "the wisdom of the immunity provided to attorneys exercising their discretion in the course of their employment in representing governmental entities.")

In *Walden v. Wishengrad* (1984) 745 F.2d 149, 152, the court held that an attorney working for a county agency is entitled to absolute immunity for actions arising out of the performance of his or her duties. The court emphasized that a government attorney "must be allowed to perform [his or her] duties free from fear of potential lawsuits by individuals allegedly harmed by her actions." *Id*. Whether

the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is "necessary to assure that…advocates…can perform their respective functions without harassment or intimidation." *Butz*, 438 U.S. at 512.

Moreover, Counsel Kiernan is entitled to legislative immunity. Plaintiffs allege that "Defendant Ed Kiernan supported Defendant County of Siskiyou in its promulgation of Ordinance No. 21-07 and Ordinance 21-08 by and through its Board of Supervisors." (FAC, ¶12) "[O]fficials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Bogan v. Scott-Harris,* 523 U.S. 44, 55 (1998). As such, Counsel Kiernan is entitled to the same legislative immunity as the Board of Supervisors and Plaintiffs' §1983 claims against Counsel Kiernan must be dismissed.

### 3. The FAC Fails to Allege Facts Sufficient to State A Claim Against Sheriff Jeremiah LaRue and Officer Jesus Fernandez

The FAC fails to allege facts sufficient to state a claim against Sheriff Jeremiah LaRue and Officer Jesus Fernandez. The FAC alleged that Defendant LaRue and Fernandez implemented and enforced County Ordinance No. 21-07 and 21-08. The alleged conduct is fully consistent with the Defendants responsibilities as officers of the Sheriff's Office. The FAC fails to allege any supporting facts that these individual Defendants acted with any discriminatory animus.

A court is not required to "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Here, Plaintiffs allege that remarks by Defendant Jeremiah LaRue and former Siskiyou County Sheriff Jon Lopey ["This is war"] reflect an animus toward the Hmong people. (FAC ¶85).These allegations are mere conclusions without additional supporting facts.

In *Pirghaibi v. Moss*, 175 Fed.Appx. 120, 2006 WL 897644 (9th Cir. 2006), in an unpublished 9th Cir. Opinion, the court stated "We reject the Pirghaibis' contention that the single bigoted statement by Appellee Donna Moss in 1998 , which was not even directed to the Pirghaibis themselves, infused the actions of all Appellees for years to come with a racially discriminatory motive. Therefore, it "appears beyond doubt that [the Pirghaibis] can prove no set of facts in support of [their] claim which

1 would entitle [them] to relief." Here, Plaintiffs misconstrues Siskiyou County Sheriff's remarks against illegal, commercial cannabis growers as reflecting racial animus. These remarks were not racially motivated nor directed at the Hmong community.

Even assuming *arguendo*, that Plaintiffs have pled that Sheriff Larue and Officer Jesus Fernandez acted with some degree of bad motive, Plaintiffs constitutional claims against them still fail. To begin with, enforcement actions that would have been taken anyway do not amount to a constitutional tort. *Hartman v. Moore*, 547 U.S. 250, 259-60 (2006) (Plaintiff must show a causal connection between a defendant's retaliatory animus and subsequent injury in any sort of retaliation action.) It may be dishonorable to act with an unconstitutional motive and perhaps in some instances be unlawful, but action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway. *Wilkie v. Robbins*, 551 U.S 537, 560 n. 10 (2007) (rejecting argument that an ill motive alone supports a retaliation claim; "proof that the action was independently justified on grounds other than the improper one defeats the claim.")

Moreover, Defendants LaRue and Fernandez are immune from liability. The Ninth Circuit in *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994), held that an officer who relies on a statute that a reasonable officer could believe was constitutional is immune from liability, even if the statute is later held to be unconstitutional. *Id*. at 1209. The court found that when a city council has enacted an ordinance, police officers on the street are ordinary entitled to rely on the assumption that the council members have considered the views of legal counsel and concluded that the ordinance is a valid and constitutional exercise of authority.

In *Grossman*, the plaintiff participated in a small protest at a park. *Id*. at 1201. The group did not have a permit for the protest. *Id*. One of the defendants, the arresting police officer, arrested the plaintiff for violating the ordinance that prohibited organized demonstration or public gathering in a park without a written permit. *Id*. The plaintiff filed a §1983 claim against the city and the police officer. *Id*. at 1203. The Ninth Circuit held that the defendant officer was protected by qualified immunity because the plaintiff's conduct did in fact violate the ordinance and it was objectively reasonable for the officer to rely on the city council's determination that the ordinance was constitutional. *Id*. at 1209.

The instant case is factually analogous to *Grossman*. Like the plaintiff in *Grossman*, Plaintiffs

here engaged in conduct that required a written permit. And like in *Grossman*, Officer Jesus Fernandez was aware of the ordinance that Plaintiffs were violating and accordingly, cited Plaintiffs for the violation. The *Grossman* holding compels the conclusion that Defendant Fernandez is entitled to qualified immunity because it was objectively reasonable for him to rely on the Siskiyou County Board of Supervisor's determination that its ordinances were constitutional. Moreover, the circumstances that would preclude qualified immunity are not alleged in the FAC. For instance, there is no allegation that Defendant Fernandez enforced the statute in a particularly egregious manner or in a manner which a reasonable officer would recognize exceeds the bounds of the ordinance. As such, Officer Fernandez is entitled to immunity and Plaintiffs' §1983 claims against him must be dismissed.

Similarly, Plaintiffs' §1983 claims against Sheriff LaRue are also improper and subject to dismissal. When a named defendant holds a supervisory position (such as Sheriff LaRue), the causal link between it and the constitutional violation must be specifically alleged. *Faye v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1972). Vicarious liability is inapplicable to §1983 actions and thus "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal* 557 U.S. 662, 676 (2009). The Ninth Circuit has held that there is no *respondeat superior* liability under §1983. *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006). There must be a showing that the defendant personally participated in the alleged rights deprivation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); see also *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Here, Plaintiffs have insufficiently pled any individual liability as to Jeremiah LaRue. Plaintiffs have not alleged any specific facts demonstrating that Sheriff LaRue personally participated in the enforcement of the ordinances at issue. Thus, Plaintiffs' claims against Sheriff LaRue appear to impermissibly rely solely on a theory of *respondent superior*. Additionally, the holding in *Grossman* is equally applicable to Sheriff LaRue. To the extent Sheriff LaRue and Officer Fernandez took any actions to enforce the ordinances in controversy, they were doing so in reliance on a duly enacted Ordinance, promulgated by Siskiyou County's Board of Supervisors. As such, Sheriff LaRue and Officer Fernandez are ordinarily entitled to qualified immunity and should be shielded from personal liability. The FAC has not alleged any facts that would suggest otherwise. Based on the foregoing,

1 Plaintiffs' claims against these two individual Defendants must also be dismissed.

### C. Plaintiffs' Claims Against the Individual Defendants Are Frivolous, Baseless, Meritless, and Brought For Improper Purposes In Violation of Rule 11

Rule 11 of the Federal Rules of Civil Procedure requires the presenter of a pleading to assert only claims "warranted by existing law or by a nonfrivolous argument" and allegations and factual contentions with "evidentiary support." Fed.R.Civ.P.11(b). Further, Rule 11 prohibits parties and their counsel from presenting pleadings for an "improper purpose." Id. The Ninth Circuit imposes Rule 11 sanctions for making arguments, contentions, or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. *Truesdell v. So. Cal. Permanente Med. Group*, 293 F.3d 1146, 1153 (9th Cir. 2002); *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Notably, Rule 11 imposes "an affirmative duty of investigation both as to law and as to fact before [papers] are filed." *Golden Eagle Distrib. Corp. v. Burrogoughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986). Where a reasonable and competent inquiry would have revealed that claims, contentions or defenses could not be sustained as a matter of law, courts have deemed the offending material frivolous and imposed sanctions under Rule 11. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

In the case of *Townsend v. Holman Consulting Corporation*, the court made clear that sanctions under Rule 11 are not limited to instances in which the pleading as a whole is frivolous or filed for an improper purpose. Rule 11 sanctions may be imposed for improper or unwarranted allegations even where at least one nonfrivolous claim has been pled. Id. At 1362-65. Courts apply an objective standard when determining whether a filing is frivolous. G.*C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

Notwithstanding the clear requirements set forth in Rule 11, Plaintiffs filed the FAC against the individual Defendants, without generally making any distinctions between the Defendants or from the County itself. As demonstrated in this motion, each and every one of Plaintiffs' claims against the individual Defendants are frivolous, baseless, and meritless, and brought for improper purposes. The deficiencies of Plaintiffs' FAC and the frivolousness of Plaintiffs' claims against the Individual

Defendants were brought to Plaintiffs' counsels' attention on at least four (4) separate occasions, in writing on by telephone conference prior to the filing of this Motion. (See Decl. Chiao) In light of Plaintiffs' blatant refusal to honor the spirit of Rule 11, the Court should impose sanctions against both Plaintiffs and their counsel in an amount sufficient to deter repetition of their improper conduct. See Fed.R.Civ.P.11(c)(4). At a minimum, Defendants are entitled under Rule 11(c)(2) to recover their reasonable attorneys' fees and costs incurred in preparing and filing this Motion. The points and authorities presented in this motion have been provided to Plaintiffs' counsel in a meet and confer letter date March 24, 2022. Plaintiffs did not meaningfully respond to this letter. Plaintiffs also did not dismiss any of the individual Defendants. Instead, they have continued to maintain and litigate their frivolous and improper claims. Consequently, Defendants have been compelled to incur substantial fees and costs to bring this matter to this Honorable Court's attention, and Plaintiffs and their counsel should bear the burden of these costs and fees.

### VI. CONCLUSION

For each and all of the above reasons, the First Amended Complaint, and each of its causes of action, should be dismissed against the individual Defendants. Additionally, Rule 11 sanctions should be awarded to the individual Defendants for all reasonable expenses incurred in bringing this motion.

Dated: June 6, 2022                                                                         **SPINELLI, DONALD & NOTT**

By: ___*/s/ J. Scott Donald*___
    DOMENIC D. SPINELLI
    J. SCOTT DONALD
    JEFFREY C. CHIAO
    Attorneys for Defendants
    COUNTY OF SISKIYOU