**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI (SBN: 131192)
J. SCOTT DONALD (SBN: 158338)
JEFFREY C. CHIAO (SBN: 236781)
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha,<br><br>    Plaintiffs,<br><br>  vs.<br><br>County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100,<br><br>    Defendants. | Case No. 2:21-cv-00999-KJM-DMC<br><br>**DECLARATION OF JEFFREY CHIAO IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING INDIVIDUAL DEFENDANTS AND FOR RULE 11 SANCTIONS**<br><br>Complaint Filed:  June 4, 2021<br>First Amended Complaint Filed: July 15, 2021<br><br>**Date:   July 29, 2022**<br>**Time:  10:00 AM**<br>**Courtroom:  3, 15th Floor**<br><br>Judge: Hon. Kimberly J. Mueller<br><br>**[FEES EXEMPT PURSUANT TO GOVERNMENT CODE SECTION 6103]** |

I, Jeffrey Chiao, do hereby declare:

1. I am an attorney duly licensed to practice law before all of the Courts for the State of California and am an associate in the law firm Spinelli Donald & Nott, attorneys of record for Defendants. I have direct and personal knowledge of the facts set forth herein and, if called and sworn as a witness, I could and would testify to the same.

2. Defendants have complied with the Court's requirements to meet and confer prior to the filing of this motion.

3. I initiated the meet and confer process with Plaintiffs' counsel on October 29, 2021, with a detailed written correspondence regarding Defendant's position regarding the deficiencies in the First Amended Complaint with respect to the individual Defendants. Attached hereto as **Exhibit** 1 is a true and correct copy of Defendants' initial meet and confer letter.

4. On or about February 17, 2022, Plaintiffs' counsel J. Raza Lawrence, Allison Margolin and defense counsel J. Scott Donald and I met and conferred by conference call regarding the deficiencies in Plaintiffs' First Amended Complaint. Plaintiffs' counsel agreed to enter into a Stipulation to dismiss the Board of Supervisor defendants and County Counsel from the case. As such, I prepared a Stipulation for the dismissal of these individual Defendants. Attached as **Exhibit 2** is a true and correct copy of Defendants' letter confirming the agreement and enclosing the Stipulation for dismissal.

5. On or about March 24, 2022, I sent a second detailed meet and confer letter to Plaintiffs' counsel providing points and authorities for the dismissal of the individual Defendants, including for the dismissal of members of Siskiyou County's Sheriff's Office. The meet and confer letter also stated that if a motion to dismiss the individual Defendants became necessary, Defendants would be requesting Rule 11 Sanctions. Attached as **Exhibit 3** is a true and correct copy of Defendant's meet and confer letter.

6. On or about April 4, 2022, I met and conferred by conference call with Plaintiffs' counsel Allison Margolin, but we were unable to reach a resolution with respect to the legal insufficiencies of Plaintiffs' First Amended Complaint against the individual Defendants.

///

1  I declare under penalty of perjury in the State of California that the foregoing is true and correct.
2  Executed this 6th day of June, 2022 at Sacramento, California.

                                            */s/ Jeffrey C. Chiao*
                                            ─────────────────────────────
                                                    Jeffrey Chiao

# EXHIBIT 1

Domenic D. Spinelli
J. Scott Donald
Ross R. Nott*
Lynn A. Garcia
Ryan I. Ichinaga
Fay K. Saechao
Natasha N. Langenfeld
Kathleen M.H. Bray
Jeffrey C. Chiao
Thomas R. Boswell

*Also Admitted in Nevada

# Spinelli | Donald | Nott

A PROFESSIONAL CORPORATION

601 University Avenue, Suite 225
Sacramento, California 95825
T: (916) 448-7888
F: (916) 448-6888

October 29, 2021

J. Raza Lawrence
MARGOLIN & LAWRENCE
8484 Wilshire Blvd., Suite 440
Beverly Hills, CA 90211
Via Email: raza@margolinlawrence.com

Re:   Lo, et al. v. County of Siskiyou, et al.
      Case: 2:21-cv-00999-KJM-DMC

Dear Mr. Lawrence,

As you know, this office represents the County of Siskiyou as well as the individual defendants that have been sued in in their official and individual capacities, in the above-referenced matter. The purpose of this letter is to meet and confer prior to the anticipated filing of your First Amended Complaint.

As we discussed during the preparation of the Joint Status Report, it is Defendants' position that there are several deficiencies in the Complaint that needs to be addressed. As an initial matter, pursuant to the Court's Order dated September 3, 2021, we ask that Plaintiffs amend their Complaint to remove any and all reference to the constitutional doctrine of overbreadth, as well as any allegations based on a First Amendment claim. (See Court's Order ECF No. 47, 18:17-18, ¶82-83). Next, we ask that that Plaintiffs dismiss the individual Defendants from the case based upon the following legal authorities.

**Complaint against Government Officials in their Official Capacities**

An official capacity action is not against the public employee personal, "for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). "An official capacity suit against a municipal officer is equivalent to a suit against the entity." *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff*, 533 F.3d 780, 799 (9th Cir. 2008). Local government officials sued in their official capacities are

Case 2:21-cv-00999-KJM-AC   Document 83-2   Filed 06/06/22   Page 6 of 20

J. Raza Lawrence
RE: Lo, et al. v. County of Siskiyou, et al.
October 29, 2021
Page 2

"persons" under section 1983 in cases where a local government would be suable in its own name. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D.Cal. 1996). "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002).

"[I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity." *Luke*, 954 F.Supp. at 204. As the district court in *Luke*, 954 F.Supp. at 204 explained:

> A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

*See Vance*, 928 F. Supp. At 996 ("if individuals are being sued in their official capacity as municipal officers and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed").

Based on the foregoing authorities, naming the individual defendants in their official capacities is unnecessary given that the County of Siskiyou is a Defendant and these defendants should be dismissed as sued in their official capacity.

**Complaint against Government Officials in their Individual Capacities**

The individual Defendants are not proper parties in their individual capacities and Plaintiffs have not stated a claim against them. When a named defendant holds a supervisory position, the causal link between it and the constitutional violation must be specifically alleged. *Faye v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1972.) Vicarious liability is inapplicable to §1983 actions and thus "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal* 557 U.S. 662, 676 (2009).

Here, Plaintiffs have insufficiently pled any individual liability as to Jeremiah LaRue, Jesus Fernandez as members of Siskiyou County's Sheriff's Department, Edward Kiernan as County Counsel for Siskiyou County, or Siskiyou County's Board of Supervisors. Moreover, local legislators are "absolutely immune from suit under §1983 for their legislative activities." *Bogan v. Scott-Harris,* 523 U.S. 44, 49 (1998). "[O]fficials outside the legislative branch are entitled to legislative immunity when they perform

J. Raza Lawrence
RE: <u>Lo, et al. v. County of Siskiyou, et al.</u>
October 29, 2021
Page 3

legislative functions." *Id.* at 55.  Here, the Complaint alleges that Siskiyou County's Board of Supervisors promulgated Ordinance No. 21-07 and 21-08, which is a legislative act for which there is absolute immunity.  (Complaint, ¶30)

In sum, each of the named individual Defendants should be dismissed in their official and individual capacities.  We look forward to hearing back from you regarding the above proposed amendments.

Respectfully Submitted,

**SPINELLI│DONALD│NOTT**


By  /s/ *Jeffrey Chiao*
    Jeffrey Chiao

JCC/la
cc:  Allison B. Margolin (allison@margolinlawrence.com)

# EXHIBIT 2

Domenic D. Spinelli
J. Scott Donald
Ross R. Nott*
Lynn A. Garcia
Ryan I. Ichinaga
Fay K. Saechao
Natasha N. Langenfeld
Kathleen M.H. Bray
Jeffrey C. Chiao
Thomas R. Boswell

*Also Admitted in Nevada

# Spinelli | Donald | Nott

A PROFESSIONAL CORPORATION

601 University Avenue, Suite 225
Sacramento, California 95825
T: (916) 448-7888
F: (916) 448-6888

February 18, 2022

*SENT VIA ELECTRONIC MAIL:*
allison@margolinlawrence.com
raza@margolinlawrence.com

Allison Margolin
MARGOLIN & LAWRENCE
8484 Wilshire Blvd., Suite 440
Beverly Hills, CA 90211

J. Raza Lawrence
MARGOLIN & LAWRENCE
8484 Wilshire Blvd., Suite 440
Beverly Hills, CA 90211

Re: Lo, et al. v. County of Siskiyou, et al.
Case: 2:21-cv-00999-KJM-DMC

Dear Ms. Margolin and Mr. Lawrence,

Thank you for meeting and conferring with Scott Donald and I yesterday regarding Defendants' motion to dissolve the preliminary injunction and motion for judgment on the pleadings with respect to the individual Defendants in this case

I appreciate your willingness to dismiss Siskiyou County's County Counsel and Board of Supervisor individual Defendants. Pursuant to this understanding, please see the attached Stipulation for Dismissal Without Prejudice of Defendant Ed Kiernan, Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt. Please feel free to contact me today if you have any questions or concerns with respect to the draft Stipulation.

Allison Margolin
J. Raza Lawrence
RE: Lo, et al. v. County of Siskiyou, et al.
February 18, 2022
Page 2



Very truly yours,

**SPINELLI│DONALD│NOTT**


By ___*/s/ Jeffrey Chiao*___
     Jeffery Chiao

JCC/la
Attachment: as noted above.

**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI (SBN: 131192)
J. SCOTT DONALD (SBN: 158338)
JEFFREY C. CHIAO (SBN: 236781)
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:   (916) 448-6888

Attorneys for Defendants County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha,<br><br>Plaintiffs,<br><br>vs.<br><br>County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100,<br><br>Defendants. | Case No. 2:21-cv-00999-KJM-AC<br><br>**STIPULATION FOR DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS ED KIERNAN, BRANDON CRISS, ED VALENZUELA, MICHAEL N. KOBSEFF, NANCY OGREN, AND RAY A. HAUPT**<br><br>Complaint Filed:  June 4, 2021<br>First Amended Complaint Filed: July 15, 2021 |

SPINELLI, DONALD & NOTT

1
STIPULATION FOR DISMISSAL WITHOUT PREJUDICE OF DEFENDANT ED KIERNAN, BRANDON CRISS, ED VALENZUELA, MICHAEL N. KOBSEFF, NANCY OGREN, AND RAY A. HAUPT

1  Plaintiffs, by and through their attorneys at Margolin & Lawrence, and Defendants, by and
2 through their attorneys at Spinelli, Donald & Nott, hereby stipulate to a dismissal of Ed Kiernan,
3 Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, without
4 prejudice from the above-referenced action, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of
5 Civil Procedure.

6  IT IS SO STIPULATED.

Dated: February 18, 2022  **SPINELLI, DONALD & NOTT**

By ___/s/ *J. Scott Donald*___
J. SCOTT DONALD
Attorneys for Defendants
COUNTY OF SISKIYOU, et al.

**MARGOLIN & LAWRENCE**

By ___/s/___
J. RAZA LAWRENCE
Attorneys for Plaintiffs
DILEVON LO, et al.

SPINELLI, DONALD & NOTT

2
STIPULATION FOR DISMISSAL WITHOUT PREJUDICE OF DEFENDANT ED KIERNAN, BRANDON CRISS, ED VALENZUELA, MICHAEL N. KOBSEFF, NANCY OGREN, AND RAY A. HAUPT

# EXHIBIT 3

Domenic D. Spinelli
J. Scott Donald
Ross R. Nott*
Lynn A. Garcia
Ryan I. Ichinaga
Fay K. Saechao
Natasha N. Langenfeld
Kathleen M.H. Bray
Jeffrey C. Chiao
Thomas R. Boswell
Matthew J. Becker

*Also Admitted in Nevada

# Spinelli | Donald | Nott

A PROFESSIONAL CORPORATION

601 University Avenue, Suite 225
Sacramento, California 95825
T: (916) 448-7888
F: (916) 448-6888

March 24, 2022

Allison Margolin
MARGOLIN & LAWRENCE
8484 Wilshire Blvd., Suite 440
Beverly Hills, CA 90211
Via Email: allison@margolinlawrence.com
raza@margolinlawrence.com

***Re: Lo, et al. v. County of Siskiyou, et al.***
Case: 2:21-cv-00999-KJM-DMC

Dear Ms. Margolin,

This is now our third attempt at working with you to informally resolve the below described issues without resort to filing a motion.

On October 29, 2021, we sent you a meet and confer letter requesting that Plaintiffs dismiss the individual Defendants in this case. We did not receive any response from your office for several months. On February 17, 2022, counsels Raza Lawrence, Scott Donald, you and I, met and conferred by conference call regarding the dismissal of the individual Defendants. During the call, you and counsel Lawrence agreed to dismiss County Counsel Kiernan and the Board of Supervisors from the case. To that effect, we sent you a Stipulation for Dismissal of the above-named individual Defendants on February 18, 2022. As of today, we have still not received a signed Stipulation for Dismissal.

As such, we are reiterating our request that Plaintiffs dismiss County Counsel Kiernan and the Board of Supervisors from this case as we previously agreed upon. Additionally, based on the authorities cited below, we request that you dismiss Sheriffs LaRue and Fernandez from the case also. Please contact me to further meet and confer if you are retracting your agreement to dismiss the County Counsel and the Board of Supervisors individually named, or if you wish to discuss the viability of Plaintiffs' claims against Sheriff LaRue and Officer Fernandez. Alternatively, please dismiss the individual Defendants within the next fourteen (14) days.

Allison Margolin
Re: *Lo, et al. v. County of Siskiyou, et al.*
March 24, 2022
Page 2

## Complaint against Government Officials in their Official Capacities

An official capacity action is not against the public employee personal, "for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985). "An official capacity suit against a municipal officer is equivalent to a suit against the entity." *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff*, 533 F.3d 780, 799 (9th Cir. 2008). Local government officials sued in their official capacities are "persons" under section 1983 in cases where a local government would be suable in its own name. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D.Cal. 1996). "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 (9th Cir. 2002).

"[I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity." *Luke*, 954 F.Supp. at 204. As the district court in *Luke*, 954 F.Supp. at 204 explained:

> A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

*See Vance*, 928 F. Supp. At 996 ("if individuals are being sued in their official capacity as municipal officers and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed").

Based on the foregoing authorities, naming the individual defendants in their official capacities is redundant and unnecessary given that the County of Siskiyou is a Defendant and these defendants should be dismissed as sued in their official capacity.

## Complaint against Government Officials in their Individual Capacities

Likewise, the individual Defendants are not proper parties in their individual capacities. Plaintiffs have not alleged any facts that would support a claim of personal liability against them. Additionally, the following immunities bar Plaintiffs' claims against the individual Defendants.

///

**The Board of Supervisors Are Absolutely Immune From Suit**

The U.S. Supreme Court has long held that "legislators are absolutely immune from liability for their legislative activities."  See *Bogan v. Scott-Harris*, 523 U.S. 44, 48, 118 S.Ct. 996 (1998).  The Court also has found that local legislators are "likewise absolutely immune from suit under §1983 for their legislative activities."  *Id.* at 49.

Here, Plaintiffs allege that individual Defendants Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt were duly elected board members within the County of Siskiyou and was "involved in promulgating Ordinance No. 21-07, Ordinance No. 21-08, and Ordinance No. 20-13."  (FAC, ¶7-11, ¶31)

These allegations fall squarely within legislative immunity.  Plaintiffs have not included any allegations in their FAC alleging any facts that the individual defendants' act of promulgating the ordinances was not legislative.  There is also no set of circumstances under which Plaintiffs can establish that the act of enacting or promulgating an ordinance is not a legislative act.  As such, Plaintiffs' §1983 claim against individual Defendants Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt must be dismissed.

**County Counsel Kiernan Is Absolutely Immune From Suit**

County Counsel Ed Kiernan is also entitled to absolute immunity for his actions. The courts have long recognized that attorneys representing state agencies have absolute immunity for their actions in representing the agencies in judicial and administrative proceedings.  *Butz v. Economou*, 438 U.S. 478, 517 (1978), see also *Custom Craft Carpets v. Miller*, 137 Cal.App.3d 120, 125 (1982) (noting "the wisdom of the immunity provided to attorneys exercising their discretion in the course of their employment in representing governmental entities.")

In *Walden v. Wishengrad* (1984) 745 F.2d 149, 152, the court held that an attorney working for a county agency is entitled to absolute immunity for actions arising out of the performance of his or her duties.  The court emphasized that a government attorney "must be allowed to perform [his or her] duties free from fear of potential lawsuits by individuals allegedly harmed by her actions."  *Id.*  Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is "necessary to assure that…advocates…can perform their respective functions without harassment or intimidation."  *Butz*, 438 U.S. at 512.

Moreover, Counsel Kiernan is entitled to legislative immunity.  Plaintiffs allege that "Defendant Ed Kiernan supported Defendant County of Siskiyou in its promulgation of Ordinance No. 21-07 and Ordinance 21-08 by and through its Board of Supervisors." (FAC, ¶12)  "[O]fficials outside the legislative branch are entitled to legislative immunity when they perform legislative functions."  *Bogan v. Scott-Harris,* 523 U.S. 44, 55 (1998).

As such, Counsel Kiernan is entitled to the same legislative immunity as the Board of Supervisors and Plaintiffs' §1983 claims against Counsel Kiernan must be dismissed.

**Sheriff LaRue and Officer Jesus Fernandez Are Immune From Personal Liability**

The Ninth Circuit in *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994), held that an officer who relies on a statute that a reasonable officer could believe was constitutional is immune from liability, even if the statute is later held to be unconstitutional. *Id.* at 1209. The court found that when a city council has enacted an ordinance, police officers on the street are ordinary entitled to rely on the assumption that the council members have considered the views of legal counsel and concluded that the ordinance is a valid and constitutional exercise of authority.

In *Grossman*, the plaintiff participated in a small protest at a park. *Id.* at 1201. The group did not have a permit for the protest. *Id.* One of the defendants, the arresting police officer, arrested the plaintiff for violating the ordinance that prohibited organized demonstration or public gathering in a park without a written permit. *Id.* The plaintiff filed a §1983 claim against the city and the police officer. *Id.* at 1203. The Ninth Circuit held that the defendant officer was protected by qualified immunity because the plaintiff's conduct did in fact violate the ordinance and it was objectively reasonable for the officer to rely on the city council's determination that the ordinance was constitutional. *Id.* at 1209.

The instant case is factually analogous to Grossman. Like the plaintiff in *Grossman*, Plaintiffs here engaged in conduct that required a written permit. And like in *Grossman*, Officer Jesus Fernandez was aware of the ordinance that Plaintiffs were violating and accordingly, cited Plaintiffs for the violation. The *Grossman* holding compels the conclusion that Defendant Fernandez is entitled to qualified immunity because it was objectively reasonable for him to rely on the Siskiyou County Board of Supervisor's determination that its ordinances were constitutional. Moreover, the circumstances that would preclude qualified immunity are not alleged in the FAC. For instance, there is no allegation that Defendant Fernandez enforced the statute in a particularly egregious manner or in a manner which a reasonable officer would recognize exceeds the bounds of the ordinance. As such, Officer Fernandez is entitled to immunity and Plaintiffs' §1983 claims against him must be dismissed.

Similarly, Plaintiffs' §1983 claims against Sheriff LaRue are also improper and subject to dismissal. When a named defendant holds a supervisory position (such as Sheriff LaRue), the causal link between it and the constitutional violation must be specifically alleged. *Faye v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1972). Vicarious liability is inapplicable to §1983 actions and thus "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal* 557 U.S. 662, 676 (2009). The Ninth Circuit has held that there is no *respondeat superior* liability under §1983. *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006). There must be a showing that the defendant personally participated

Allison Margolin
Re: *Lo, et al. v. County of Siskiyou, et al.*
March 24, 2022
Page 5

in the alleged rights deprivation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); see also *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

      Here, Plaintiffs have insufficiently pled any individual liability as to Jeremiah LaRue. Plaintiffs have not alleged any specific facts demonstrating that Sheriff LaRue personally participated in the enforcement of the ordinances at issue. Thus, Plaintiffs' claims against Sheriff LaRue appear to impermissibly rely solely on a theory of *respondent superior*. Additionally, the holding in Grossman is equally applicable to Sheriff LaRue. To the extent Sheriff LaRue and Officer Fernandez took any actions to enforce the ordinances in controversy, they were doing so in reliance on a duly enacted Ordinance, promulgated by Siskiyou County's Board of Supervisors. As such, Sheriff LaRue and Officer Fernandez are ordinarily entitled to qualified immunity and should be shielded from personal liability. The FAC has not alleged any facts that would suggest otherwise. Based on the foregoing, Plaintiffs' claims against these two individual Defendants must also be dismissed.

      Accordingly, each of the named individual Defendants should be dismissed in their official and individual capacities, leaving the County of Siskiyou as the only remaining Defendant in this case. We ask that you dismiss the individual Defendants within the next fourteen (14) days. Defendants will promptly file a motion requesting their dismissal no later than April 7, 2022, if we do not hear back from your office. Should a motion become necessary, we will be requesting the court for Rule 11 sanctions.

Respectfully Submitted,

**SPINELLI│DONALD│NOTT**


By   /s/ *Jeffrey Chiao*
      Jeffrey Chiao

JCC/kp

Enclosure

**SPINELLI, DONALD & NOTT**
A Professional Corporation
DOMENIC D. SPINELLI (SBN: 131192)
J. SCOTT DONALD (SBN: 158338)
JEFFREY C. CHIAO (SBN: 236781)
601 University Avenue, Suite 225
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile:  (916) 448-6888

Attorneys for Defendants County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Dilevon Lo, Jerry Vang, Nathan Thao, Mao Thao, Pao Lee, Antonio Lee, Koua Lee, Nhia Thai Vang, Zeng Lee, Der Lee and Khue Cha,<br><br>Plaintiffs,<br><br>vs.<br><br>County of Siskiyou; Jeremiah LaRue and Jesus Fernandez, in their official capacities as members of the Siskiyou County Sheriff's Department and in their individual capacities; and Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, in their official capacities as members of the Siskiyou County Board of Supervisors and in their individual capacities; Edward Kiernan, in his official capacity as County Counsel for Siskiyou County and in his individual capacity; and DOES 1-100,<br><br>Defendants. | Case No. 2:21-cv-00999-KJM-AC<br><br>**STIPULATION FOR DISMISSAL WITHOUT PREJUDICE OF DEFENDANTS ED KIERNAN, BRANDON CRISS, ED VALENZUELA, MICHAEL N. KOBSEFF, NANCY OGREN, AND RAY A. HAUPT**<br><br>Complaint Filed: June 4, 2021<br>First Amended Complaint Filed: July 15, 2021 |

Plaintiffs, by and through their attorneys at Margolin & Lawrence, and Defendants, by and through their attorneys at Spinelli, Donald & Nott, hereby stipulate to a dismissal of Ed Kiernan, Brandon Criss, Ed Valenzuela, Michael N. Kobseff, Nancy Ogren, and Ray A. Haupt, without prejudice from the above-referenced action, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

IT IS SO STIPULATED.

Dated: February 18, 2022      **SPINELLI, DONALD & NOTT**

By   /s/ *J. Scott Donald*
     J. SCOTT DONALD
     Attorneys for Defendants
     COUNTY OF SISKIYOU, et al.

**MARGOLIN & LAWRENCE**

By   /s/
     J. RAZA LAWRENCE
     Attorneys for Plaintiffs
     DILEVON LO, et al.

SPINELLI, DONALD & NOTT

2
STIPULATION FOR DISMISSAL WITHOUT PREJUDICE OF DEFENDANT ED KIERNAN, BRANDON CRISS, ED VALENZUELA, MICHAEL N. KOBSEFF, NANCY OGREN, AND RAY A. HAUPT