JOHN THOMAS H. DO (SBN 285075)
jdo@aclunc.org
EMI YOUNG (SBN 311238)
eyoung@aclunc.org
GRAYCE ZELPHIN (SBN 279112)
gzelphin@aclunc.org
BRANDON GREENE (SBN 293783)
bgreene@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

GLENN KATON (SBN 281841)
glennk@advancingjustice-alc.org
ASIAN AMERICANS ADVANCING
   JUSTICE - ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
Telephone: (415) 896-1701
Facsimile: (415) 896-1702

STANLEY YOUNG (SBN 121180)
syoung@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real 5 Palo Alto Square,
10th Floor Palo Alto, CA 94306-2112
Telephone: (650) 632-4704
Facsimile: (650) 632-4800
MELISSA DECKER (SBN 330062)
mdecker@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: (415) 591-7085
SILVIA WU (pro hac vice application
forthcoming)
swu@cov.com
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662 5391

*Counsel for* GER CHONG ZE CHANG, MAI NOU VANG, RUSSELL MATHIS, YING SUSANNA VA, and all others similarly situated

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LO ET AL.**, <br><br> Plaintiffs, <br><br> v. <br><br> **COUNTY OF SISKIYOU ET AL.**, <br><br> Defendants. | Case No. 21-cv-00999-KJM-AC <br><br> **NOTICE OF RELATED CASE** |

  Pursuant to Local Rule 123, undersigned counsel hereby give notice that *Chang et al. v. Siskiyou County et al.* (Case No. 22-at-00807) has been filed and may be related to the above-captioned case currently before the Hon. Kimberly J. Mueller and the Hon. Allison Claire.

NOTICE OF RELATED CASE
1

Relating the cases "is likely to effect a savings of judicial effort and other economies." Local Rule 123(b).

I.    RELATIONSHIP TO LO ET AL.

Local Rule 123 requires that parties notify the court whenever two or more civil cases filed in this district are related. According to Local Rule 123(a), cases are related when "(1) both actions involve the same parties and are based on the same or a similar claim; (2) both actions involve the same property, transaction, or event; (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges."

*First*, *Chang et al.*, involves the same Defendants and is based on the same or similar claims. Both Defendants—County of Siskiyou and Jeremiah LaRue, in his official capacity as Sheriff—are also named in *Lo et al.* Plaintiffs in *Chang et al.*, like those in *Lo et al.,* are Asian Americans who reside or travel in Siskiyou and seek redress from anti-Asian racism from Defendants. Specifically, Plaintiffs in *Chang et al.*, seek relief under the same or similar claims as those in *Lo et al.*, citing violations of their right to due process and equal protection under the Fourteenth Amendment and right against unreasonable search and seizures under the Fourth Amendment.

*Second*, both actions involve claims arising from the passage and enforcement of the same three water ordinances. The ordinances are a water nuisance ordinance (Urgency Ordinance 20-13 and later Ordinance 20-15, codified at Siskiyou Cnty. Code § 3-13-702), a water extraction ordinance (Urgency Ordinance 21-07 and later Ordinance 21-13, codified at Siskiyou Cnty. Code § 3.5-13.101 et seq.), and a water truck ordinance (Urgency Ordinance 21-08 and later Ordinance 21-14, codified at Siskiyou Cnty. Code § 3-4.1501) (collectively, "water ordinances"). Additionally, both cases involve allegations of a practice of unreasonable vehicle stops or seizures by the Sheriff's Department in violation of the Fourth Amendment. The two cases therefore arise from the same or similar events.

*Third, Chang et al.*, brought as a class action, calls for the determination of the same or substantially related questions of law and fact related to the passage and enforcement of the abovementioned ordinances. The actions involve similar questions of fact regarding racial animus expressed by County policymakers and the Sheriff, systemic discrimination in the County's law enforcement practices, and the impact of the water ordinances on basic water access. These factual findings, along with the discovery necessary to establish them, will substantially overlap in both cases, which militates in favor of relating the cases to preserve judicial resources. The questions of law will also be substantially similar. For example, both cases will rely on the same case law to establish whether race was an unlawful motivation for the water ordinances.

## II.   CONCLUSION

For the forestated reasons, *Chang et al.* should be considered as a possible related case to *Lo et al* under Local Rule 123.

DATED: August 3, 2022

*/s/ John Do*
John Thomas H. Do
Emi Young
Grayce Zelphin
Brandon Greene
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

*/s/ Glenn Katon*
Glenn Katon
ASIAN AMERICANS ADVANCING JUSTICE -
ASIAN LAW CAUCUS

*/s/ Stanley Young*
Stanley Young
Silvia Wu
Melissa Decker
COVINGTON & BURLING LLP

*Counsel for* GER CHONG ZE CHANG, MAI NOU VANG, RUSSELL MATHIS, YING SUSANNA VA, and all others similarly situated